1  James C. Pistorino (SBN 226496)
   John F. Lynch (admitted *pro hac vice*)
2  Anthony S. Kim (SBN 225703)
   HOWREY LLP
3  1950 University Avenue, 4th Floor
   East Palo Alto, CA  94303
4  Telephone:  (650) 798-3500
   Facsimile:   (650) 798-3600
5  E-Mail:  PistorinoJ@howrey.com
   E-Mail:  LynchJ@howrey.com
6  E-Mail:  KimT@howrey.com

7  Attorneys for Defendant and Counterclaimant
   MERCK & CO., INC.

8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12  ANTICANCER, INC., a California corporation,     )  Case No. 3:07-CV-00097-JLS-RBB
                                                    )
13                 Plaintiff,                       )
                                                    )
14          vs.                                     )  **MEMORANDUM OF POINTS AND**
                                                    )  **AUTHORITIES IN SUPPORT OF**
                                                    )  **DEFENDANT MERCK & CO., INC.'S**
15  CAMBRIDGE RESEARCH &                            )  **MOTION FOR SUMMARY JUDGMENT OF**
    INSTRUMENTATION, INC., a Delaware               )  **NON-INFRINGEMENT**
16  corporation; MERCK & CO., INC., a New Jersey    )
    corporation; NOVARTIS INSTITUTES FOR            )
17  BIOMEDICAL RESEARCH INC., a Delaware            )
    corporation; and DOES 17-50,                    )  Hearing Date:        January 22, 2008
18                                                  )  Time:                10:30 a.m.
                   Defendants.                      )  Courtroom:           6, 3rd Floor
19  _____        )  Judge:        Honorable Janis L. Sammartino
                                                    )
20  AND RELATED COUNTERCLAIMS.                      )
                                                    )
21  _____        )

22

23

24

25

26

27

28

**HOWREY LLP**

MERCK'S MEMORANDUM OF POINTS & AUTHORITIES ISO ITS
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. 3:07-CV-00097-JLS-RBB

# <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

I.  BACKGROUND AND FACTS ................................................................................... 1

    A.  Procedural History ....................................................................................... 1

    B.  The Patents-In-Suit ..................................................................................... 1

    C.  CRI's Maestro Machine .............................................................................. 3

    D.  The Lack Of Facts Supporting AntiCancer's Allegations, AntiCancer's Failure To Take Discovery, And AntiCancer's Deficient Infringement Contentions ................................................................................................. 3

II.  ARGUMENT ......................................................................................................... 6

    A.  Legal Standard For Summary Judgment ..................................................... 6

    B.  There Are No Genuine Issues Of Material Fact Precluding Summary Judgment Of Non-Infringement ................................................................. 7

        1.  There Is No Evidence Of Infringement ............................................. 7

        2.  AntiCancer Is Barred From Offering Any Contention Of Infringement With Respect To Merck .............................................. 9

III.  CONCLUSION ...................................................................................................... 10

HOWREY LLP

MERCK'S MEMORANDUM OF POINTS & AUTHORITIES ISO ITS
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. 3:07-CV-00097-JLS-RBB

-i-

1

<u>**TABLE OF AUTHORITIES**</u>

2

<u>**Page(s)**</u>

3

<u>**CASES**</u>

4

*Bhan v. NME Hospital, Inc.*,
  929 F.2d 1404 (9th Cir. 1991), *cert. denied*, 502 U.S. 994 (1991) ........................................6, 7

5

*Celotex Corp. v. Catrett*,

6
  477 U.S. 317 (1986) ........................................................................................................6, 7

7

*Eisenberg v. Insurance Co. of North America*,
  815 F.2d 1285 (9th Cir. 1987) ...............................................................................................6

8

*Lucent Technologies, Inc. v. Gateway, Inc.*,

9
  2007 WL 1877982 (S.D. Cal. June 27, 2007) .....................................................................10

10

*Lujan v. National Wildlife Federation*,
  497 U.S. 871 (1990) ................................................................................................................6

11

*Markman v. Westview Instruments, Inc.*,

12
  52 F.3d 967 (Fed. Cir. 1995) ..................................................................................................7

13

*O2 Micro International Ltd. v. Monolithic Power Systems, Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006) ............................................................................................10

14

*Under Sea Industries, Inc. v. Dacor Corp.*,

15
  833 F.2d 1551 (Fed. Cir. 1987) ..............................................................................................7

16

*Venetec International, Inc. v. Medical Device Group, Inc.*,
  2007 WL 2238475 (S.D. Cal. Aug. 3, 2007) .........................................................................9

17

*Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*,

18
  520 U.S. 17 (1997) ..................................................................................................................7

19

<u>**RULES**</u>

20

Federal Rule of Civil Procedure 26(f) .....................................................................................4

21

Federal Rule of Civil Procedure 56 ......................................................................................1, 6

22

23

24

25

26

27

28

**HOWREY LLP**

MERCK'S MEMORANDUM OF POINTS & AUTHORITIES ISO ITS
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. 3:07-CV-00097-JLS-RBB

-ii-

1   Defendant and Counterclaimant Merck & Co., Inc. ("Merck") hereby files this Memorandum

2   of Points and Authorities in support of Merck's Motion for Summary Judgment of Non-Infringement

3   pursuant to Federal Rule of Civil Procedure 56.  Plaintiff AntiCancer, Inc. ("AntiCancer") has failed to

4   identify anything, either in the complaints, in response to requests by Merck, or in AntiCancer's

5   infringement contentions that Merck has ever done that AntiCancer alleges infringes any of claims of

6   the patents-in-suit.  Because there is no evidence that Merck has ever undertaken any activity that

7   infringes the claims of the patents-in-suit *and AntiCancer has not alleged any*, summary judgment is

8   appropriate.

9   **I.     BACKGROUND AND FACTS**

10      **A.     Procedural History**

11      On January 12, 2007, AntiCancer filed suit against Defendant Cambridge Research

12  Instrumentation, Inc. (CRI) asserting infringement of five United States patents assigned to

13  AntiCancer.  On February 12, 2007, AntiCancer filed an amended Complaint naming 16 additional

14  defendants, including Merck and Novartis Corp. and asserting that the newly-named defendants were

15  direct infringers of the patents-in-suit in relation to the Maestro machine made by CRI.  Merck was

16  served and filed an Answer on June 22, 2007, denying infringement and counterclaiming for

17  declarations of invalidity and non-infringement.  AntiCancer did not serve 14 of the newly-named

18  parties.  In light of that failure, the ENE/CMC previously scheduled for June 18, 2007 in this case was

19  delayed until August 22, 2007, and subsequently rescheduled by the Court for September 27, 2007, so

20  that all the parties would be on the same schedule.  On June 28, 2007, AntiCancer filed a Second

21  Amended Complaint dropping the 14 unserved parties and leaving only CRI, Merck, and a renamed

22  Novartis entity as defendants in this case.  A case management conference was held on September 27,

23  2007, and a hearing on Novartis' motion to dismiss was held on October 31, 2007.

24      **B.     The Patents-In-Suit**

25      The Second Amended Complaint alleges infringement of five United States patents.  While a

26  detailed discussion of the technology at issue is not necessary, a very high level overview may assist

27  the Court in understanding the gulf between the information revealed by AntiCancer and the actual

28  claims of the patents-in-suit.  Many of the claims mention something called "green fluorescent protein"

HOWREY LLP

MERCK'S MEMORANDUM OF POINTS & AUTHORITIES ISO ITS
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. 3:07-CV-00097-JLS-RBB                                      -1-

(GFP) which is a glowing protein found in nature.  In nature, GFP is found in certain species of jelly fish and glows when exposed to certain wavelength of light.[1]  Something similar that might be familiar to the Court is the glow of fireflies at night.  That is caused by a protein called luciferase.  The patents-in-suit and a brief description of them follow:

| U.S. Patent 6,232,523 ("the '523 patent") | Generally relates to tumor cells which make (*i.e.*, "express") GFP.  All the claims of the '523 relate to a tumor cell expressing GFP and require, *inter alia*, that GFP has been added to the cell line using a "vector"[2] derived from a specific vector called "pED-mtx." |
|---|---|
| U.S. Patent 6,235,968 ("the '968 patent") | Generally relates to methods of observing the growth of blood vessels around tumors (*i.e.*, "angiogenesis") in an animal using tumor cells expressing GFP.  The claims of the '968 patent relate to the tumor cells expressing GFP and also require, *inter alia*, that GFP has been added to the tumor cells using a vector called "pLEIN" and that a contrast dye has been injected into the animal |
| U.S. Patent 6,251,384 ("the '384 patent") | Generally relates to methods of observing the spread of tumors (*i.e.*, "metastasis") that express GFP in a live mammal.  Claims 1-3 relate to methods of evaluating the effect of potential drugs on tumor metastasis involving the use of treated and control subject mammals.  Claims 1-4 of the '384 patent require, *inter alia*, the surgical orthotopic implantation of a GFP expressing tumor into a live mammal.  Claims 1-6 also require, *inter alia*, monitoring the metastasis of the tumors in "intact subjects," *i.e.*, animals that have not been dissected, opened up, or cut into pieces.  Claims 5-6 require, *inter alia*, administering a retroviral vector in the area of an endogenous tumor which causes the tumor to express GFP. |

---

[1]  AntiCancer did not discover GFP or invent the idea of using it in tumor cells or whole, live animals.  Shimomura first discovered GFP in certain species of jellyfish in the early 1960s (Shimomura et al., *J. Cell. Comp. Physiol.* 59:223-39 (1962)).  GFP came into widespread use after Prasher et al. isolated, cloned, and sequenced the GFP gene in 1992 (Prasher et al., *Gene* 111:229-33 (1992)).  Then in 1994, GFP use expanded exponentially after Chalfie et al. demonstrated that the cloned gene could be expressed in the cells of other species.  (Chalfie et al., *Science* 263: 802-5 (1994)).  As early as 1995, the expression of GFP had been demonstrated in mammalian tumor cells (*see, e.g.*, Kain et al., *BioTechniques* 19(4): 650-55 (1995)) and in whole, live transgenic animals (*see, e.g.*, Ikawa et al., *Develop. Growth Diff.* 37: 455-59 (1995)).

[2]  A "vector" is typically a strand of bacterial or viral DNA which can be modified to insert foreign genetic material into a cell.  For example, a vector can be used to insert the genetic code for GFP into a mouse cell.  Thereafter, the mouse cell will make GFP.

HOWREY LLP

MERCK'S MEMORANDUM OF POINTS & AUTHORITIES ISO ITS
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. 3:07-CV-00097-JLS-RBB
-2-

| U.S. Patent 6,759,038 ("the '038 patent") | Generally relates to methods of observing the metastasis of GFP expressing tumors in a live mammal. Claims 1-8 require, *inter alia*, monitoring the metastasis of the tumors in "intact subjects," *i.e.*, animals that have not been dissected, opened up, or cut into pieces. Claims 1-4 relate to methods of evaluating the effect of potential drugs on tumor metastasis involving the use of treated and control subject mammals. Claims 3 and 7 require, *inter alia*, the surgical orthotopic implantation of a GFP expressing tumor into a live mammal. Claims 5-12 require, *inter alia*, monitoring the tumor metastasis as a function of time. Claims 9-12 also require, *inter alia*, administering a retroviral vector in the area of an endogenous tumor which causes the tumor to express GFP. |
|---|---|
| U.S. Patent 6,649,159 ("the '159 patent") | Generally relates to methods of evaluating the ability of a "promoter" to promote expression of an "endogenous" (*i.e.*, native) gene in an animal. If the animal being tested is a rat, then a rat gene must be the natural subject of the promoter. "Promoters" have been well known in genetics for a long time and are special DNA sequences that can enhance (*i.e.*, "promote") the expression of a gene in a cell. The '159 claims all require that a promoter of an endogenous gene that is linked to a protein "fluorophore," (*i.e.*, a fluorescent protein such as GFP). |

As set forth in the Second Amended Complaint, AntiCancer alleges that Merck is a direct infringer of each of the patents listed above. (*See* Dkt. Entry No. 28 at ¶¶ 16, 25, 34, 43, and 52.) Merck's counterclaims include claims for a declaration that Merck has not infringed any of the patents-in-suit, directly or indirectly. (*See* Dkt. Entry No. 29 at ¶¶ 72, 76, 80, 84, and 88.)

**C.     CRI's Maestro Machine**

CRI manufactures and sells the Maestro machine. The Maestro machine is a sensitive camera attached to a computer. The camera can see anything placed in front of it in various wavelengths of light (*e.g.*, visible and infrared light).

**D.     The Lack Of Facts Supporting AntiCancer's Allegations, AntiCancer's Failure To Take Discovery, And AntiCancer's Deficient Infringement Contentions**

As described above, the patents-in-suit concern either cell lines that express GFP (the '523), methods of using GFP to monitor tumors (the '384, '968, and '038), or methods of monitoring the effectiveness of promoters using fluorescent proteins such as GFP (the '159). Neither the Original, First, nor Second Amended Complaints identify anything other than the Maestro machine itself. There is no allegation or identification of any activity by Merck or any Merck associated personnel, any cell line, tumor cell line, protein, vector (whether locally administered, pED-mtx, pLEIN, or anything else),

HOWREY LLP

MERCK'S MEMORANDUM OF POINTS & AUTHORITIES ISO ITS
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. 3:07-CV-00097-JLS-RBB                                   -3-

1  fluorescent protein (whether GFP or anything else), endogenous gene, angiogenesis, metastasis, intact
2  or whole subjects, or evaluation of potential drugs.  In short, AntiCancer made no effort to explain any
3  alleged relationship between the Maestro machine or Merck and any claims of the patents-in-suit.

4       During the Rule 26(f) conference, AntiCancer refused to provide any information about its
5  allegations of infringement or otherwise explain the alleged relationship between the Maestro machine,
6  Merck, and the asserted patents.  On August 28, Merck wrote to AntiCancer requesting that
7  AntiCancer either provide such information or dismiss this suit because there did not appear to be any
8  facts supporting AntiCancer's allegation of infringement by Merck.  (Declaration of James C. Pistorino
9  In Support of Merck & Co., Inc.'s Motion for Summary Judgment of Non-Infringement "Pistorino
10  Decl." Ex. A.)  AntiCancer did not provide the requested information or dismiss its claims against
11  Merck.  (Pistorino Decl. ¶ 2.)

12       Following the Case Management Conference held on September 27, Magistrate Brooks issued
13  a Case Management Order on October 3, 2007 (Dkt. Entry No. 49) requiring AntiCancer to provide
14  Infringement Contentions by October 15, 2007.  Pursuant to the Order, the Infringement Contentions
15  were required to include:

16  • A separate disclosure of the asserted claims and infringement contentions for each
17     opposing party identifying each asserted claim allegedly infringed by each opposing
18     party.

19  • Separately, for each party and for each claim identified, an identification of each
20     accused apparatus, product, device, process, method, act, or other instrumentality
21     ("Accused Instrumentality").

22  • Separately, for each party and each claim identified, a chart identifying specifically
23     where each element of each asserted claim is found within each Accused
24     Instrumentality.

25

26

27

28

HOWREY LLP

MERCK'S MEMORANDUM OF POINTS & AUTHORITIES ISO ITS          -4-
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. 3:07-CV-00097-JLS-RBB

1   (*See* Dkt. Entry No. 49 at ¶¶ 2(a)-(f).)  Further, the Order provides that the contentions to be served on

2   October 15 were to be AntiCancer's Final Infringement Contentions and may not be amended absent a

3   showing of good cause.  (*See* Dkt. Entry No. 49 at ¶¶ 11 and 12.)[3]

4       AntiCancer neither served infringement contentions nor produced any documents on October

5   15 as required by the Court's Order.  Instead, on October 17, 2007, by regular mail, AntiCancer sent a

6   document purporting to be AntiCancer's Infringement Contentions.[4]  The contentions did not comply

7   with the Court's Order.  Indeed, two of the asserted patents are not even mentioned.  Further, the

8   contentions do not mention Merck, provide any separate disclosure for Merck (as required by ¶ 2 of the

9   Order), or otherwise identify any activity, instrumentality, experiment, cell line, or anything else

10  associated in any way with Merck (as required by ¶¶ 2(a) and (b) of the Order).  Instead, AntiCancer

11  merely identified "accused images" and "accused articles" (*i.e.*, publications).  (Pistorino Decl. Ex. B.)

12  None of the "accused images" or "accused articles" were prepared by or refer to Merck nor do they

13  indicate that anyone in any way associated with Merck, ever performed any of the acts required by the

14  claims.  (*See* Pistorino Decl. Exs. C-F.)  AntiCancer did not provide a chart identifying "specifically

15  where each element of each asserted claim is found in each accused instrumentality" (as required by

16  ¶ 2 of the Order).  Instead, the contentions merely cited to statements in AntiCancer's own articles and

17  provided no information about any allegation against Merck or otherwise provide the information

18  required by the Court's Order.

19      Simply as an example, AntiCancer asserts that claims 1, 2, 3, 5, 7, and 8 of the '159 patent have

20  been infringed.  However, AntiCancer's contentions do not identify any promoter, gene (endogenous

21

22      [3]   However, the Order does allow for amendment if there is a "good faith" belief that the Court's
23  Claim Construction ruling requires amendment.  (*See* Dkt. Entry No. 49 at ¶ 11(a).)

24      [4]   However, AntiCancer did not produce any of the documents required by the Court's order.
    Instead, AntiCancer refused to comply with the Court's Order on the ground that AntiCancer wanted a
25  more tailored Protective Order.  (Pistorino Decl. Ex. B.)  AntiCancer refused to produce the documents
    ordered by the Court despite the fact that the Patent Local Rules contain protective provisions
26  addressing confidential documents (*see* P.L.R. 2.2) and the fact that the defendants sent AntiCancer a
    draft Protective Order 10 days before the document production was due but had received no response
27  from AntiCancer.  Further, AntiCancer's refusal to produce included even publicly filed documents
    (*e.g.*, the file histories of the patents-in-suit) for which there could never be a claim of confidentiality
28  or privilege.  (Pistorino Decl. Ex. B.)

HOWREY LLP

MERCK'S MEMORANDUM OF POINTS & AUTHORITIES ISO ITS          -5-
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. 3:07-CV-00097-JLS-RBB

1  or otherwise), fluorescent protein (GFP or otherwise), cell that has been delivered to any animal, or

2  anybody or anything associated with Merck that ever did anything in anyway related to any of those

3  requirements of the claims.

4        To date, AntiCancer has made no effort to conduct discovery of any kind (other than recently

5  served discovery related to jurisdiction over Novartis).  No depositions, interrogatories, requests for

6  admission, or requests for production related to Merck have been sought or served by AntiCancer.

7  (Pistorino Decl. ¶ 4.)

8  **II.      ARGUMENT**

9        **A.      Legal Standard For Summary Judgment**

10        Summary judgment is properly granted when no genuine and disputed issues of material fact

11  remain, and when, viewing the evidence most favorably to the non-moving party, the movant is

12  entitled to prevail as a matter of law.  FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-

13  23 (1986); *Eisenberg v. Insurance Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987).  The moving

14  party bears the burden of showing that there is no material factual dispute.  *Celotex*, 477 U.S. at 324;

15  *Eisenberg*, 815 F.2d at 1289.

16        Where the moving party does not bear the burden of proof on an issue at trial, the moving party

17  may discharge its burden of showing that no genuine issue of material fact remains by demonstrating

18  that "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at

19  325.  The moving party is not required to produce evidence showing the absence of a material fact on

20  such issues, nor must the moving party support its motion with evidence negating the non-moving

21  party's claim.  *Id.*; *see also Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990); *Bhan v. NME

22  Hosp., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), *cert. denied*, 502 U.S. 994 (1991).  If the moving

23  party shows an absence of evidence to support the non-moving party's case, the burden then shifts to

24  the opposing party to produce "specific evidence, through affidavits or admissible discovery material,

25  to show that the dispute exists." *Bhan*, 929 F.2d at 1409.  A complete failure of proof concerning an

26  essential element of the non-moving party's case necessarily renders all other facts immaterial.

27  *Celotex*, 477 U.S. at 323.

28

**B.    There Are No Genuine Issues Of Material Fact Precluding Summary Judgment Of Non-Infringement**

Summary judgment of non-infringement of both AntiCancer's claims of infringement and Merck's counterclaim of no infringement of any of the claims of the patents-in-suit should be granted.[5]

**1.    There Is No Evidence Of Infringement**

In patent cases, a determination with respect to infringement requires a comparison of the asserted claims of the patent to the alleged infringing device or activity. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995). In order to show infringement, every claim limitation or element must be found in the alleged infringing device or activity. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29, 40 (1997). A showing that the accused device or activity does not satisfy one claim element requires a finding of non-infringement. *Id.*

AntiCancer has never brought forth any facts or evidence to support its allegations of infringement against Merck. With respect to each element of all the claims of the patents-in-suit, there is no evidence that Merck has ever made, used, sold, offered for sale, imported, or exported the claimed cell line or otherwise performed the recited methods. There is no evidence that Merck ever directly or indirectly infringed any of the claims of the patents-in-suit.

While there is no evidence of any of the claim elements in relation to Merck, simply as examples, there is no evidence of what instrumentality or activity corresponds with at least the following claim elements:

- "wherein said vector is derived from pED-mtx" ('523 patent, claims 1-7)
- "infecting said endogenous tumor contained in said first mammalian subject with a retroviral vector derived from pLEIN comprising an expression system for said GFP" ('968 patent, claims 1-6, 8)

---

5    While Merck has counterclaimed for a declaration of no direct or indirect infringement of each of the patents-in-suit, AntiCancer bears the burden of proving infringement. *Under Sea Indus., Inc. v. Dacor Corp.*, 833 F.2d 1551, 1557 (Fed. Cir. 1987) (finding "[t]he burden always is on the patentee to show infringement" in a case for a declaratory judgment of non-infringement). Thus, Merck's motion may be granted either because AntiCancer cannot meet its burden on AntiCancer's own claims of infringement or because AntiCancer cannot meet its burden on Merck's claims of non-infringement.

HOWREY LLP

MERCK'S MEMORANDUM OF POINTS & AUTHORITIES ISO ITS
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. 3:07-CV-00097-JLS-RBB                    -7-

- "wherein said subject has been admistered [*sic*] said contrast dye by intravenous injection" ('968 patent, claims 1-8)

- "subject has been modified to contain said tumor that expresses GFP by surgical orthotopic implantation of said tumor" ('384 patent, claims 1-6)

- "monitoring the progression of metastasis in a control subject by fluorescent optical tumor imaging in the intact control subject" ('384 patent, claims 1-3)

- "comparing the progression of metastasis in said treated subject with the progression of metastasis in said control subject" ('384 patent, claims 1-3)

- "wherein said primary tumor is endogenous to said mammalian subject and expresses said GFP as a result of locally administering a retroviral vector to said subject in the vicinity of said tumor" ('384 patent, claims 5-6; '038 claims 9-12)

- "monitoring the progression of metastasis in a control, which contains a similar tumor that expresses green fluorescent protein" ('038 patent, claims 1-4)

- "comparing the progression of metastasis in said treated subject with the progression of metastasis in said control subject wherein the control subject and treated subject are intact" ('038 patent, claims 1-4)

- "wherein said subject contains said tumor by virtue of surgical orthotopic implantation of said tumor" ('038 patent, claims 3 and 7)

- "monitoring the progression of metastasis by observing the presence, absence or intensity of the fluorescence as a function of time at various locations in said subject" ('038 patent, claims 5-12)

- "delivering, to an animal, cells containing a nucleic acid encoding a fluorophore operatively linked to the promoter of said endogenous gene whose ability to promote expression is to be analyzed" ('159 patent, claims 1-13)

- "the cells are delivered to the animal via direct implantation by surgical orthotopic implantation" ('159 patent, claim 3)

- "wherein the endogenous gene is normally expressed in a tissue or organ specific manner" ('159 patent, claim 9).

MERCK'S MEMORANDUM OF POINTS & AUTHORITIES ISO ITS
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. 3:07-CV-00097-JLS-RBB

-8-

1    Because there is a complete lack of evidence cited by AntiCancer that Merck ever performed

2  any of the above claim elements (indeed, any of the claim elements), summary judgment of non-

3  infringement should be granted.

4              **2.    AntiCancer Is Barred From Offering Any Contention Of Infringement
                        With Respect To Merck**

5

6    To the extent that AntiCancer attempts to resist Merck's motion by offering alleged evidence or

7  theories of infringement, AntiCancer is barred from doing so by its failure to include such information

8  in the untimely infringement contentions served on October 17, 2007.  As set forth above, those

9  contentions make no mention of Merck and contain no theory or evidence of either direct or indirect

10  infringement by Merck.  To the extent that AntiCancer ever intended to accuse Merck of infringing

11  any of the claims of the patents-in-suit, the Court ordered AntiCancer to provide the relevant

12  information by October 15, 2007 in its Infringement Contentions.  Because AntiCancer failed to do so,

13  AntiCancer is barred from asserting infringement by Merck.

14    Failure to serve proper infringement contentions has served as the basis summary judgment in

15  numerous cases and patentees are frequently barred from resisting motions for summary judgment by

16  offering theories of infringement not disclosed in their contentions .  *See*, *e.g.*, *Venetec Int'l, Inc. v.*

17  *Medical Device Group, Inc.*, 2007 WL 2238475 (S.D. Cal. Aug. 3, 2007) (Gonzalez, J.) (summary

18  judgment of non-infringement granted when patentee attempted to offer arguments regarding

19  infringement not disclosed in its contentions); *Lucent Techs., Inc. v. Gateway, Inc.*, 2007 WL 1877982,

20  *4 (S.D. Cal. June 27, 2007) (Brewster, J.) (granting summary judgment of non infringement under the

21  doctrine of equivalents because theory not included in infringement contentions).  *See also O2 Micro*

22  *Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006) (affirming district

23  court enforcement of rule related to contentions and grant of motion for summary judgment of non-

24  infringement, *cited in Venetec*).  Because AntiCancer did not include any infringement contentions as

25  to Merck, Merck's motion should be granted.

26

27

28

**HOWREY LLP**

MERCK'S MEMORANDUM OF POINTS & AUTHORITIES ISO ITS         -9-
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. 3:07-CV-00097-JLS-RBB

**III.    CONCLUSION**

There is simply no evidence of infringement by Merck and AntiCancer cannot show that there is a genuine issue of material fact as to each element of each claim of the asserted patents. Accordingly, summary judgment of non-infringement should be granted.

Dated:  November 12, 2007                    Respectfully submitted,

                                             HOWREY LLP


                                    By:  /s/ James C. Pistorino
                                             James C. Pistorino
                                             John F. Lynch (admitted *pro hac vice*)
                                             Anthony S. Kim

                                             Attorneys for Defendant and Counterclaimant
                                             MERCK & CO., INC.

20870470

HOWREY LLP

MERCK'S MEMORANDUM OF POINTS & AUTHORITIES ISO ITS          -10-
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. 3:07-CV-00097-JLS-RBB

***AntiCancer, Inc. v. Cambridge Research & Instrumentation, Inc., et al.***
**U.S.D.C. – S. D. Cal. Case No. 3:07-CV-00097-JLS-RBB**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 12th day of November, 2007 with a copy of this document via the Court's CM/ECF system. I certify that all parties in this case that have made an appearance to date are represented by counsel who are CM/ECF participants.

By:  /s/ James C. Pistorino
     James C. Pistorino

**HOWREY LLP**