James C. Pistorino (SBN 226496)
John F. Lynch (admitted *pro hac vice*)
Anthony S. Kim (SBN 225703)
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA  94303
Telephone:  (650) 798-3500
Facsimile:   (650) 798-3600
E-Mail:  PistorinoJ@howrey.com
E-Mail:  LynchJ@howrey.com
E-Mail:  KimT@howrey.com

Attorneys for Defendant
MERCK & CO., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC., a California corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>CAMBRIDGE RESEARCH & INSTRUMENTATION, INC., a Delaware corporation; MERCK & CO., INC., a New Jersey corporation; NOVARTIS INSTITUTES FOR BIOMEDICAL RESEARCH INC., a Delaware corporation; and DOES 17-50,<br><br>            Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:07-CV-00097-JLS-RBB<br><br>**MERCK & CO., INC.'S MEMORANDUM IN OPPOSITION TO ANTICANCER, INC.'S MOTION FOR LEAVE TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS**<br><br>Hearing Date:        January 14, 2008<br>Time:                      10:00 a.m.<br>Courtroom:            B, 1st Floor<br>Judge:                    Honorable Ruben B. Brooks |

HOWREY LLP

MERCK'S OPPOSITION TO ANTICANCER'S MOTION FOR LEAVE
TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS
Case No. 3:07-CV-00097-JLS-RBB

1

**TABLE OF CONTENTS**

2

**Page**

3   I.   BACKGROUND .................................................................................................... 1

4   II.   DISCUSSION ...................................................................................................... 3

5        A.   AntiCancer Has Not Shown Good Cause For The Proposed
             Substitution ............................................................................................... 3

6
        B.   Merck Would Be Prejudiced By Substitution ........................................... 5

7
        C.   AntiCancer's Arguments Lack Merit ....................................................... 6

8
     III.   CONCLUSION .................................................................................................... 8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HOWREY LLP**

MERCK'S OPPOSITION TO ANTICANCER'S MOTION FOR LEAVE       -i-
TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS
Case No. 3:07-CV-00097-JLS-RBB

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

## <u>CASES</u>

4

*Berger v. Rossignol Ski Co.*,
    2006 WL 1095914 *5 (N.D. Cal. Apr. 25, 2006), *aff'd*, 2007 WL 200935
5
    (Fed. Cir. Jan. 12, 2007) ...................................................................................................... 4, 5

6

*Biogenex Laboratories, Inc. v. Ventana Medical Systems, Inc.*,
    2006 WL 2228940 (N.D. Cal. August 3, 2006) ........................................................................ 7
7

*General Atomics, Diazyme Laboratories Division v. Axis-Shield ASA*,
8
    2006 WL 2329464 (N.D. Cal. August 9, 2006) ........................................................................ 7

9

*LG Electronics, Inc. v. Q-Lily Computer, Inc.*,
    211 F.R.D. 360 (N.D. Cal. 2002) ............................................................................................ 4
10

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
11
    467 F.3d 1355 (Fed. Cir. 2006) ............................................................................................... 4

12

*Softvault Systems, Inc. v. Microsoft Corp.*,
    2007 WL 1342554 (E.D. Tex. May 4, 2007) ............................................................................ 5
13

*STMicroelectronics, Inc. v. Motorola, Inc.*,
14
    307 F.Supp.2d 845 (E.D. Tex. 2004) ............................................................................... 4, 5, 7

15

*Tessera, Inc. v. Advanced Micro Devices, Inc.*,
    2007 WL 1288199 (N.D. Cal. April 30, 2007) ........................................................................ 7
16

*Yodlee, Inc. v. Cashedge, Inc.*,
17
    2007 WL 2261566 *3 (N.D. Cal. Aug. 6, 2007) ...................................................................... 4

18

19

20

21

22

23

24

25

26

27

28

HOWREY LLP

MERCK'S OPPOSITION TO ANTICANCER'S MOTION FOR LEAVE        -ii-
TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS
Case No. 3:07-CV-00097-JLS-RBB

1      AntiCancer, Inc. ("AntiCancer") describes the Infringement Contentions served on Merck on

2   October 17, 2007, as the product of "neglect."  (*See* Plaintiff and Counterdefendant AntiCancer, Inc.'s

3   Memorandum of Points and Authorities in Support of its Motion for Leave to Amend Preliminary

4   Infringement Contentions Per Patent Local Rule 3.7 ("AntiCaner's Motion") at 4:21-22 (Dkt Entry

5   #65).  For whatever reason, AntiCancer chose to neglect this case and, having chosen to serve

6   Infringement Contentions that were the product of neglect, AntiCancer should be held to that choice.

7   Neglect is not a "good cause" for leave to amend and AntiCancer's motion should be denied.

8      Moreover, rather than "amending" the contentions, AntiCancer seeks to substitute entirely new

9   contentions with respect to Defendant Merck & Co., Inc. ("Merck").  In addition, AntiCancer seeks to

10   change most of the alleged priority dates for the asserted claims.  Based on the original, untimely

11   contentions, Merck moved for summary judgment and served Invalidity Contentions.  AntiCancer has

12   not shown good cause for its failure to include the new information in the untimely contentions served

13   on October 17, 2007, and the wholesale substitution of new contentions at this time would be

14   prejudicial to Merck.

15   **I.      BACKGROUND**

16      This case was filed on January 12, 2007.  The Complaint does not contain any detail as to what

17   allegedly infringes the patents-in-suit and only mentions that it somehow relates to the Maestro

18   machine sold by defendant Cambridge Research Instrumentation (CRI).  Merck answered an amended

19   Complaint in May 2007.  An ENE/CMC was held on September 27, 2007, and Magistrate Brooks

20   issued a Case Management Order on October 3, 2007 (Dkt. Entry No. 49).  That Order required

21   AntiCancer to serve Infringement Contentions no later than October 15, 2007.  The Order also required

22   AntiCancer to identify the Accused Instrumentalities and, separately for each defendant, to provide a

23   chart comparing the Accused Instrumentalities to the asserted claims on an element-by-element basis.

24   (*See* Dkt. Entry No. 49 at ¶¶ 2(b) & (c).)  For any patent that claims priority to an earlier application,

25   the Order required AntiCancer to set forth the alleged priority date of each asserted claim.  (*Id.* at

26   ¶ 2(e).)  The Order further provides that the Infringement Contentions are final and may only be

27   modified only a showing of good cause.  (*See* Dkt. Entry No. 49 at ¶¶ 11 and 12.)

28

HOWREY LLP

MERCK'S OPPOSITION TO ANTICANCER'S MOTION FOR LEAVE         -1-
TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS
Case No. 3:07-CV-00097-JLS-RBB

1    AntiCancer did not serve Infringement Contentions on October 15, 2007.  AntiCancer served

2    untimely Infringement Contentions by regular mail on October 17, 2007.  AntiCancer's Infringement

3    Contentions identified only images and articles on co-defendant Cambridge Research Instrumentation,

4    Inc. ("CRI") web site as the Accused Instrumentalities as the basis for AntiCancer's infringement

5    allegations.  (*See* AntiCancer's Motion for Leave to Amend Preliminary Infringement Contentions,

6    Lawton Decl., Ex. A).  No contentions were provided for the '523 and '968 patents.  AntiCancer

7    identified alleged priority dates for the asserted claims of the '159 patent.  However, no alleged priority

8    dates for the claims of the '038 and '384 patents were asserted.[1]

9    While Merck accepted AntiCancer's untimely Infringement Contentions, Merck informed

10   AntiCancer how it would handle some the deficiencies of the untimely contentions.  In accordance

11   with the Court's Order, Merck stated that it would be treating the contentions as AntiCancer's final

12   Infringement Contentions.  For the claims of the '038 and '384 patents for which no priority dates were

13   asserted, Merck indicated that it would be using the last application filing date as the priority date for

14   the asserted claims (May 21, 2001 and January 7, 1999, respectively).  (*See* Declaration of James C.

15   Pistorino In Support of Merck & Co., Inc.'s Memorandum In Opposition to AntiCancer, Inc.'s Motion

16   for Leave to Amend Preliminary Invalidity "Pistorino Decl." Ex. A.)

17   On November 7, 2007, AntiCancer wrote the Defendants asserting that its contentions

18   complied with the Court's Order.  While AntiCancer offered a different priority date for the '038

19   patent, AntiCancer confirmed a priority date of January 7, 1999 for the '384 patent.  (*See* Pistorino

20   Decl. Ex. B.)

21   On November 12, 2007, Merck moved for summary judgment of non-infringement based on

22   the untimely contentions served on October 17, 2007.  (*See* Dkt. Entry No. 62.)

23   On November 13, 2007, AntiCancer sent Merck proposed "amended" contentions for Merck.

24   AntiCancer's proposed "amended" contentions do not rely on newly-discovered evidence or

25   information that was otherwise unavailable to AntiCancer prior to October 2007.  (*See* Declaration of

26

27      [1]   AntiCancer also failed to include other information and failed to produce the documents

28   required by the Court's Order.

HOWREY LLP

MERCK'S OPPOSITION TO ANTICANCER'S MOTION FOR LEAVE
TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS          -2-
Case No. 3:07-CV-00097-JLS-RBB

1  Dan Lawton In Support of Plaintiff and CounterDefendant AntiCancer, Inc. for Leave to Amend

2  Preliminary Infringement Contentions Per Patent Local Rule 3.7 ("AntiCancer Motion") at Ex. C.)

3  Instead, AntiCancer's proposed "amended" contentions rely solely upon depositions taken by

4  AntiCancer in December 2005, *i.e.*, more than a year before this suit was filed and nearly two years

5  before AntiCancer's Infringement Contentions were due.[2] (*See* Pistorino Decl. ¶ 4). AntiCancer also

6  sought to change the priority dates for the asserted claims of both the '038 and '384 patents to different

7  dates than those of its October 17, 2007 Infringement Contentions and even its letter of November 7,

8  2007.

9       On November 20, 2007, AntiCancer filed the present Motion seeking leave to substitute new

10  infringement contentions.

11      On December 14, 2007, in accordance with the Court's Case Management Order, Merck served

12  Invalidity Contentions based upon on AntiCancer's Infringement Contentions of October 17, 2007, and

13  the priority dates therein.

14  **II.    DISCUSSION**

15      As noted above, Anticancer's motion states that the Infringement Contentions served on Merck

16  on October 17, 2007, were the product of neglect. Neglect is fundamentally inconsistent with the

17  "good cause" showing Anticancer must make in order to carry its burden and Anticancer's motion

18  should be denied.

19      **A.    AntiCancer Has Not Shown Good Cause For The Proposed Substitution**

20      Pursuant to the Case Management Order, AntiCancer must show good cause for leave to amend

21  its Infringement Contentions. "Good cause" requires a showing of diligence by the moving party,

22  including an explanation for why any amendment was not included in the original. *See*, *e.g.*, *O2 Micro*

23

24       [2]   Merck notes that AntiCancer's proposed amended contentions still fail to comply with the
     Court's Order regarding Infringement Contentions. Should it prove necessary, Merck will address that
25   issue separately. Furthermore, Anticancer's proposed amended contentions cite to depositions taken in
     *Anticancer, Inc. v. Novartis Institute for Biomedical Research, et al.* in the Superior Court of the State
26   of California, County of San Diego; Case No. GIC 772297 ("*Anticancer I*") and Merck's counsel
     recently became aware of the terms of an agreed Protective Order that guided discovery in that case
27   (*See* Pistorino Decl. Ex. C). Merck is reviewing this matter and will supplement this brief, if
     appropriate.
28

HOWREY LLP

MERCK'S OPPOSITION TO ANTICANCER'S MOTION FOR LEAVE                     -3-
TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS
Case No. 3:07-CV-00097-JLS-RBB

1   *Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (affirming denial of

2   motion to amend infringement contentions); *Yodlee, Inc. v. Cashedge, Inc.*, 2007 WL 2261566 *3

3   (N.D. Cal. Aug. 6, 2007); *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F.Supp.2d 845 (E.D. Tex.

4   2004) (denying motion to amend).  Carelessness or mere errors are not sufficient to establish "good

5   cause."  *See, e.g.*, *Berger v. Rossignol Ski Co.*, 2006 WL 1095914 *5 (N.D. Cal. Apr. 25, 2006), *aff'd*,

6   2007 WL 200935 (Fed. Cir. Jan. 12, 2007) (motion for leave to amend infringement contentions

7   denied).  In *Berger*, the court noted:

8         Although federal courts are generally lenient in allowing parties to amend pleadings, such is
          not the case with amending preliminary infringement contentions.  The patent rules are
9         designed to avoid "vexatious shuffling of positions" that could occur if the parties are
          permitted to freely modify their infringement contentions at any point in the action.
10

11  *Id.* at * 3 (internal citations omitted).  Likewise, in *LG Electronics, Inc. v. Q-Lily Computer, Inc.*, 211

12  F.R.D. 360 (N.D. Cal. 2002) the court held:

13        The patent local rules were adopted by this district in order to give claim charts more "bite."
          The rules are designed to require parties to crystallize their theories of the case early in the
14        litigation and to adhere to those theories once they have been disclosed … Unlike the liberal
          policy for amending pleadings, the philosophy behind amending claim charts is decidedly
15        conservative, and designed to prevent the "shifting sands" approach to claim construction.

16  *Id.* at 367.

17        With respect to Merck, AntiCancer seeks to substitute information from depositions taken by

18  AntiCancer more than a year before this suit was filed and nearly two years before AntiCancer's

19  Infringement Contentions were due.  Likewise, all of the information necessary for AntiCancer to

20  assert priority dates for the claims of the '384 and '038 patents was available to AntiCancer years

21  before this suit was filed.  AntiCancer describes its own contentions of October 17, 2007, as

22  "incomplete" and explains that they were the product of "neglect."  (*See* AntiCancer's Motion at 2:10,

23  4:21-22.)

24        "Neglect" is the antithesis of the diligence that is required to show "good cause."  After

25  accusing Merck of willfully infringing five United States patents, AntiCancer admits that it failed to

26  provide the basis for its allegations because it "neglected" this case.  AntiCancer had all the

27  information it seeks to add for at least a year before this suit was filed and nearly two years before

28  AntiCancer's Infringement Contentions were due.  At best, AntiCancer has established that it

HOWREY LLP

MERCK'S OPPOSITION TO ANTICANCER'S MOTION FOR LEAVE       -4-
TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS
Case No. 3:07-CV-00097-JLS-RBB

1   mishandled this matter, was careless, made errors, and committed neglect.  That is not "good cause"

2   warranting substitution of entirely new Infringement Contentions.  *See Berger*, 2006 WL 1095914 at

3   *5-6.

4          The facts of this case are similar to those of *Berger*.  There, the plaintiff served untimely

5   Infringement Contentions that were also incomplete and contained errors.  Based on those contentions,

6   the defendant served Invalidity Contentions and moved for summary judgment.  The plaintiff then

7   sought to amend its Infringement Contentions to add information and correct the errors.  As here, the

8   plaintiff's motion was denied, *inter alia*, because there was no explanation for the initial failure to

9   serve complete contentions or how the errors arose.  *See Berger*, 2006 WL 1095914 at *4.  With the

10  motion for leave to amend denied, the defendant's motion for summary judgment was granted.

11         Also similar is *Softvault Systems, Inc. v. Microsoft Corp.*, 2007 WL 1342554 (E.D. Tex. May 4,

12  2007).  There, the plaintiff sought to change the priority dates of the asserted claims identified in its

13  Infringement Contentions.  However, the plaintiff did not provide any explanation for why the

14  proposed dates were not included in the original contentions in order to establish diligence.  The court

15  noted that information related to priority dates was available even before the suit was filed, held that

16  diligence was not shown, and denied the plaintiff's request.

17         Likewise, in *STMicroelectronics*, the plaintiff sought to add 26 new claims approximately one

18  month after serving its Infringement Contentions.  However, the plaintiff offered no explanation for its

19  failure to include the information in the original contentions.  Accordingly, diligence was not shown

20  and the plaintiff's request for leave to amend was denied.  *STMicroelectronics*, 307 F.Supp.2d at 850-

21  53.

22         The plaintiffs in *Berger*, *Softvault*, and *STMicroelectronics* offered no explanation for their

23  failures and thus could not establish diligence and good cause.  Rather than no explanation, Anticancer

24  has actually established a lack of diligence by admitting that it committed neglect.

25         **B.      Merck Would Be Prejudiced By Substitution**

26         It is self-evident that Merck would be prejudiced by substitution.  By the time Anticancer

27  served its proposed substituted contentions, approximately half of the period for Merck to prepare

28  responsive Invalidity Contentions had passed.  Thus, Merck had already made a substantial investment

**HOWREY LLP**

MERCK'S OPPOSITION TO ANTICANCER'S MOTION FOR LEAVE          -5-
TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS
Case No. 3:07-CV-00097-JLS-RBB

1  in conducting prior art research and analyzing Anticancer's October 17, 2007 Infringement

2  Contentions.  Relying on January 1999 and May 2001 priority dates for the '384 and '038 patents in

3  both planning and conducting prior art research, Merck analyzed both written description and

4  enablement for the asserted claims of the '384 and '038 patents.  Further, based on the untimely

5  Infringement Contentions served on October 17, 20007, Merck made a substantial investment in

6  drafting and filing a motion for summary judgment that is now pending before this Court.

7        By the time this Motion is even heard, the parties will already have exchanged opening and

8  responsive claim construction positions based on AntiCancer's October 17, 2007 Infringement

9  Contentions (*e.g.*, the priority dates and Defendants' ability to identify potential terms in dispute).[3]

10  Were substitution allowed at this time, nearly all of the above effort and investment would be wasted.

11  Moreover, the very basis for serving contentions with limited opportunities to amend is to avoid the

12  prejudice to parties as a result of a "shifting sands" approach to patent litigation.  Thus, simply

13  granting more time or extending the case schedule will not cure the prejudice to Merck.  Indeed, it

14  would force Merck to suffer the very prejudice that Infringement Contentions were designed to avoid.

15        In addition, a substantial adjustment to the schedule of this case would be occasioned by

16  substitution and that would also prejudice Merck.  Additional prior art searches and invalidity analyses

17  would need to be conducted, invalidity contentions revised, and claim construction positions revisited.

18  In short, the case would need to be restarted with all the attendant delay and expense.  The prejudice

19  associated with additional expense is self-evident.

20        **C.      AntiCancer's Arguments Lack Merit**

21        Though requesting leave to substitute new contentions, AntiCancer cites the wrong authority[4]

22  and makes no effort to establish diligence with respect to the information AntiCancer seeks to add.

23

24  ───────────────

25        [3]    Priority dates are relevant to issues of claim construction because the terms of the claims must
be construed in light of their meaning to a person of ordinary skill in the art as of the priority date.

26  Especially in fast moving fields of research (such as in the present suit), the meaning of terms changes
over time and terms may come to have different meanings over even a relatively short period of time.

27  Thus, the proper construction of the claim terms is dependent on the priority date.

        [4]    AntiCancer cites P.L.R. 3.7.  (*See* AntiCancer's Motion at 4:5-13.)  However, the parties in this
28  case are guided by the Court's Case Management Order of October 3, 2007 (Dkt. Entry No. 49).

                                                                                              (Continued...)

1  Having totally failed to establish diligence, AntiCancer has not shown good cause and its motion

2  should be denied.

3       AntiCancer's assertion that there "is a dearth of case law" construing the "good cause"

4  requirement for amending contentions is erroneous.  As shown above, numerous cases have held that

5  diligence must be shown and that absent an explanation for the initial failure, amendment should be

6  denied.

7       Here, AntiCancer has not made a showing of diligence and cannot point to the diligent

8  discovery of new information as the basis for its Motion.  Instead, AntiCancer seeks leave to add

9  information that AntiCancer knew for nearly two years prior to the date its Infringement Contentions

10  were due.  Further, AntiCancer admits that it is requesting leave to substitute new contentions because

11  AntiCancer "neglected" the case in which it accused Merck of willfully infringing five United States

12  patents.  That is simply not diligence or "good cause."

13       To the extent that Anticancer makes any effort to establish good cause, it does so primarily by

14  arguing that Merck suffered no harm because this case is at an early stage.  As noted in

15  *STMicroelectronics*, without some showing of diligence, there is nothing to balance the prejudice to

16  the opposing party, provide meaning to the Court's orders, and denial is appropriate.

17  *STMicroelectronics*, 307 F.Supp.2d at 851-52.

18       The cases cited by Anticancer where amendment was allowed (*Tessera, Inc. v. Advanced Micro*

19  *Devices, Inc.*, 2007 WL 1288199 (N.D. Cal. April 30, 2007); *General Atomics, Diazyme Laboratories*

20  *Division v. Axis-Shield ASA*, 2006 WL 2329464 (N.D. Cal. August 9, 2006); *Biogenex Laboratories,*

21  *Inc. v. Ventana Medical Systems, Inc.*, 2006 WL 2228940 (N.D. Cal. August 3, 2006)) are inapposite.

22  Unlike the movants in those cases, Anticancer does not argue that it was diligent in preparing the

23  Infringement Contentions served on October 17, 2007 or that there was newly discovered evidence.

24

25

26  (...Continued)

27  Paragraphs 11 and 12 of that Order provide that amendment will only be allowed upon a showing of
good cause.

28

HOWREY LLP

MERCK'S OPPOSITION TO ANTICANCER'S MOTION FOR LEAVE        -7-
TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS
Case No. 3:07-CV-00097-JLS-RBB

1   Instead, in the face of this Court's Case Management Order regarding contentions, Anticancer chose to

2   commit neglect.  That is simply not good cause and Anticancer's motion should be denied.

3       Finally, Anticancer argues that denial of its motion would result in this case not being heard on

4   the merits.  That is not correct.  If Anticancer's motion is denied, this case will go forward on the

5   Accused Instrumentalities that Anticancer chose to identify in its Infringement Contentions of October

6   17, 2007.  Consistent with those contentions, Anticancer will have an opportunity to show that the

7   Accused Instrumentalities infringe the asserted claims identified in the October 17, 2007 contentions.

8   **III.   CONCLUSION**

9       Rather than showing the diligence required to establish "good cause" to substitute entirely new

10  Infringement Contentions, AntiCancer admits that it committed "neglect."  AntiCancer did not timely

11  serve contentions and the contentions AntiCancer did serve were incomplete.  Merck would be

12  prejudiced by the substitution of entirely new contentions at this time and the schedule of this case

13  would need to be substantially revised.  Having chosen to serve Infringement Contentions that

14  Anticancer describes as the product of neglect, Anticancer should be held to that choice.  Anticancer

15  has not shown good cause and its motion should be denied.

16

17  Dated:  December 31, 2007                    Respectfully submitted,

18                                              HOWREY LLP

19

20                                  By:  /s/ James C. Pistorino
                                         James C. Pistorino
21                                       John F. Lynch (admitted *pro hac vice*)
                                         Anthony S. Kim
22
                                         Attorneys for Defendant
23                                       MERCK & CO., INC.

24

25

26

27  20925709

28

1   ***AntiCancer, Inc. v. Cambridge Research & Instrumentation, Inc., et al.***
    **U.S.D.C. – S. D. Cal. Case No. 3:07-CV-00097-JLS-RBB**

2

3                              **CERTIFICATE OF SERVICE**

4          The undersigned hereby certifies that all counsel of record who are deemed to have consented

5   to electronic service are being served this 31st day of December, 2007 with a copy of this document via

6   the Court's CM/ECF system.  I certify that all parties in this case that have made an appearance to date

7   are represented by counsel who are CM/ECF participants.

8

9                                          By:   /s/ James C. Pistorino

10                                                James C. Pistorino

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28