# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC.,<br><br>                Plaintiff,<br>vs.<br><br>CAMBRIDGE RESEARCH & INSTRUMENTATION, INC.; MERCK & CO., INC.; and NOVARTIS INSTITUTES FOR BIOMEDICAL RESEARCH, INC.,<br><br>                Defendants. | CASE NOS. 07CV97 JLS (RBB) and 07CV1004 JLS (AJB)<br><br>**ORDER (1) RESCHEDULING HEARING DATES AND (2) VACATING DATES FOR FILING OF CLAIM CONSTRUCTION BRIEFS AND MARKMAN HEARING** |
| ANTICANCER, INC.,<br><br>                Plaintiff,<br>vs.<br><br>CARESTREAM HEALTH INC.,<br><br>                Defendant. | |

On January 10, 2008, Mr. James A. DiBoise, counsel for Xenogen Corporation; Caliper Life Sciences, Inc.; and Stanford University—all defendants in <u>Anticancer, Inc. v. Xenogen Corporation et al.</u>, case number 05CV448 JLS (AJB) ("the '05 action")— submitted a letter brief

requesting that this Court delay the partially consolidated[1] Markman hearing in <u>Anticancer, Inc. v. Cambridge Research & Instrumentation, Inc., et al.</u>, case number 07CV97 JLS (RBB), and <u>Anticancer, Inc. v. Carestream Health, Inc.</u>, case number 07CV1004 JLS (AJB) ("the '07 actions") until the Court first holds the Markman hearing in the '05 action[2]. (Doc. No. 254 in 05cv448.) Mr. DiBoise directed the Court's attention to the August 10, 2006 Order of the Hon. Rudi M. Brewster[3] granting defendants' motion to disqualify the Lawton Law Firm from representing Anticancer in the '05 action. (<u>Id.</u>, Exhibit 1.) Lawton was subsequently retained to represent Anticancer in the '07 actions. Two Anticancer patents in the '07 action are also at issue in the '05 action. Mr. DiBoise argues that his clients are entitled to proceed in the '05 litigation free from Lawton's influence, especially in respect to the construction of the overlapping patents.

      The Court invited replies to Mr. DiBoise's letter brief from the parties to the '07 actions. Mr. Lawton, representing Anticancer, did not object to postponing the Markman in the '07 actions until after the Markman in the' 05 action. (Doc. No. 76 in 07cv97, at 1.) The defendants in the '07 actions jointly filed their reply in opposition to the postponement. (Doc. No. 78 in 07cv97.) If the Court were inclined to change the schedule at all, those defendants recommended a joint Markman hearing for Anticancer patents[4] common to all three cases. (<u>Id.</u> at 3.) Mr. DiBoise replied with a second letter brief, communicating his clients' nonopposition to the proposed joint Markman, as long as (1) this proposed joint Markman hearing was held first, and (2) the Lawton

---

[1] The Markman hearing is "partially consolidated" in the sense that five of the six patents-in-suit in 07cv1004 are also at issue in 07cv97.

[2] The Markman hearing in the '05 action is presently scheduled for May 13, 2008 at 9:00 a.m. That date (along with the briefing schedule) shall remain unchanged. Prior to this Order, the partially consolidated Markman hearing in the '07 actions was scheduled for April 22, 2008 at 10:30 a.m.

[3] The '05 action was originally assigned to the Hon. John A. Houston, reassigned to Judge Brewster on October 6, 2005 (Doc. No. 37), reassigned to various other judges in September 2007, and finally reassigned to the Hon. Janis L. Sammartino on September 27, 2007 (Doc. No. 236). Case number 07cv97 was originally assigned to Judge Houston, reassigned to Judge Brewster on February 28, 2007 (Doc. No. 6), again reassigned to the Hon. William Q. Hayes on August 17, 2007 (Doc. No. 37), and finally reassigned to this Court on September 27, 2007 (Doc. No. 47). Case number 07cv1004 was originally assigned to Judge Houston and transferred pursuant to the low-number rule to this Court on October 16, 2007. (Doc. No. 16.)

[4] Two patents are in common with all three cases, and a third patent is highly similar in its claim terms and specification.

1 Law Firm did not participate in the proposed joint Markman hearing.[5]

2     In addition to concerns associated with the disqualification of the Lawton Law Firm from the '05 action, certain defendants in 07cv97 have filed potentially dispositive motions. Merck & Co., Inc. ("Merck") has moved for summary judgment on non-infringement. (Doc. No. 62.) Although the Court suspended the briefing schedule on that motion until Magistrate Judge Brooks ruled on plaintiff's motion for leave to amend its preliminary infringement contentions (Doc. No. 66), Merck's counsel contacted the Court on Friday, February 1, 2008 to report that Magistrate Judge Brooks denied the motion to amend. (See Doc. No. 88 (minute entry denying leave to amend for reasons stated on the record).) Furthermore, on January 31, 2008, Novartis Institutes for Biomedical Research, Inc. ("NIBRI") renewed its motion to dismiss for lack of personal jurisdiction, which is currently set for hearing on April 10, 2008 at 10:30 a.m. (Doc. No. 87.)

    Good cause appearing, the Court hereby:

(1) **SETS** Merck's motion for summary judgment for a hearing on Thursday, May 8, 2008 at 1:00 p.m. in Courtroom 6. Plaintiff **SHALL FILE** its opposition by Friday, March 28, 2008. Merck **SHALL FILE** its reply by Friday, April 11, 2008.

(2) **RESETS** the hearing on NIBRI's motion to dismiss for lack of personal jurisdiction for Thursday, May 8, 2008 at 1:00 p.m. in Courtroom 6.[6]

(3) **VACATES** the following dates: the March 7, 2008 date for simultaneous filing of opening claim construction briefs, the March 21, 2008 date for simultaneous filing of responsive claim construction briefs, and the April 22, 2008 Markman hearing. The Court **SHALL SET** new dates in its Order deciding NIBRI's motion to dismiss and Merck's motion for summary judgment.

(4) **DENIES** the proposal by the defendants in the '07 actions to hold a joint Markman hearing

---

[5] The substitute counsel retained by Anticancer in the '05 action hand-delivered a letter to the Court on January 15, 2008. This letter was never electronically filed. Anticancer's counsel in the '05 action expressed conclusory opposition to any change in the Markman hearing dates and objected to the letter brief format of Mr. DiBoise's request.

[6] In other words, the Court shall hear oral argument on both motions at the same date and time.

1 on the Anticancer patents at issue in all three cases.[7]

2 (5) **DENIES AS MOOT** Mr. DiBoise's request to reschedule the Markman hearing in the '07 actions. The Court must decide NIBRI's and Merck's potentially dispositive motions before the Court can hear argument on the proper construction of the patents-in-suit. Practically speaking, given the Court's schedule for hearing those motions, the parties in the '07 actions will not file any claim construction briefs until the Court has conducted the Markman hearing and issued the Order on claim construction in the '05 action.

(6) **DIRECTS** the Clerk of the Court to file this Order in all cases mentioned herein: 05cv448, 07cv97, and 07cv1004.

IT IS SO ORDERED.

DATED: February 5, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[7] The denial of the proposal for a joint Markman hearing in all three cases has no effect on the Court's previous Order partially consolidating the Markman hearing in cases 07cv97 and 07cv1004.