# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CAMBRIDGE RESEARCH & INSTRUMENTATION, INC., a Delaware corporation; MERCK & CO., INC., a New Jersey corporation; NOVARTIS INSTITUTES FOR BIOMEDICAL RESEARCH, INC., a Delaware corporation; and DOES 17-50,<br><br>Defendants. | **Case No.: 07 CV 0097 B-RBB**<br><br>**STIPULATED PROTECTIVE ORDER** |

This matter, having been brought before the court by AntiCancer, Inc., and Cambridge Research & Instrumentation, Inc., Merck & Co., Inc., and Novartis Institutes for BioMedical Research, Inc. (Collectively the "Parties"), by and through their attorneys of record, for a Protective Order that access to any materials that are the subject of or relate to "Confidential Information," as defined below, and that are disclosed during the course of this Action shall be restricted according to the terms and condition of this Protective Order.

## TERMS AND CONDITIONS

1.    **Designation of Confidential Information .**

      a.    The term "Confidential Information" shall be interpreted to mean trade secrets as defined under California Civil Code § 3426.1(d) and applicable case law, as well as other

1 information which in the ordinary course is neither made available to the general public or the

2 industry at large and to which access is restricted and efforts have been made to keep the information

3 from being broadly disseminated such as (1) technical, research, or development information;

4 (2) commercial, financial, budgeting and/or accounting information; (3) information about existing

5 and potential customers, marketing studies, performance and projections; (4) business strategies,

6 decisions and/or negotiations; (5) personnel and employment information; (6) patent strategy and

7 non-public patent filings; and/or (7) confidential and proprietary information about affiliates,

8 parents, subsidiaries and third Parties with whom the Parties to this action now have or have had

9 business relationships.

10       b.      The scope of this Protective Order shall be understood to encompass not only

11 those items or things that are expressly designated as Confidential Information, but also any

12 information derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony

13 and oral communications containing Confidential Information or information derived therefrom.

14       c.      Any Party to this action, or third Party who has received a subpoena for

15 production of documents or deposition, may designate documents, information, and things as

16 Confidential Information.  Such Party is hereby referred to as the "Designating Party."

17       d.      In designating Confidential Information, the Designating Party may designate

18 discovery material as Confidential Information only if the Party believes, reasonably and in good

19 faith, that information contained therein is confidential.

20       e.      The designation of Confidential Information shall be made at the following

21 times:  (1) for documents, at the time of the production of documents; (2) for written responses to

22 interrogatories or requests for admissions or expert reports, at the time of the written response;

23 (3) for declarations and pleadings, at the time they are filed; (4) for deposition testimony, at the time

24 of the testimony or within ten (10) business days after receipt by the Designating Party of the

25 transcript of the deposition; and, (5) for inspection of things or entry upon land or other property,

26 prior to, or at the time of, the inspection or entry.

27       f. The designation of Confidential Information shall be made in the following

28 manner: (1) for documents, by placing the legend "CONFIDENTIAL—SUBJECT TO

1  PROTECTIVE ORDER" on each page of such document; (2) for tangible objects, by placing the

2  appropriate legend on the object or the container therefor, or if not practicable, as otherwise agreed;

3  (3) for written responses to written interrogatories or requests for admissions, by placing the

4  appropriate legend in the relevant responses and on the face of any such responses; (4) for

5  declaration or pleadings, by placing the appropriate legend on the face or title page of the document;

6  (5) for depositions, orally on the record during the deposition, and/or in writing if such designation is

7  made within ten (10) business days from the Parties receipt of the transcript; and, (6) for inspection

8  of things or entry upon land or other property, by stating in writing that Confidential Information

9  will be disclosed by the inspection or entry and specifying in writing those parts of the things or

10  those areas of the premises in which such information will be revealed.  A Party producing

11  information from its own files for inspection and selection for copying through its counsel may

12  require that, during the course of production, such documents may only be reviewed by qualified

13  persons under this Protective Order.

14      g.      It shall be the duty of the Party seeking protection of Confidential Information

15  to indicate to the other Parties and their attorneys of record which of the materials and testimony are

16  considered "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER.

17      h.      Each Party retains the right to subsequently redesignate documents and to

18  require such documents to be treated in accord with such designations from that time forward.

19      2.      **Designation of Confidential Information as "CONFIDENTIAL—ATTORNEYS**

20  **EYES ONLY—SUBJECT TO PROTECTIVE ORDER".**

21      In addition to the designation of Confidential Information as "CONFIDENTIAL—SUBJECT

22  TO PROTECTIVE ORDER", the Parties hereto may also designate Confidential Information as

23  "CONFIDENTIAL—ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER"

24  where, as determined by the Designating Party, said Confidential Information, if disclosed to another

25  Party in this action, would be potentially damaging to the Designating Party's commercial or

26  competitive interests, or is otherwise extremely sensitive and the disclosure of which would be

27  damaging to the Designating Party. All of the provisions contained in Paragraph 1, supra, and

28  elsewhere in this Protective Order with respect to Confidential Information which is designated as

1 | "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" applies with equal force and effect to
2 | Confidential Information designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY –
3 | SUBJECT TO PROTECTIVE ORDER".

4 |      **3.**   **Resolution of Disputes Regarding Designation of Confidential Information.**

5 |      a.   In the event that any Party takes issue with a designation of Confidential
6 | Information, such Party shall so inform the Designating Party and other Parties to this lawsuit in
7 | writing, and all Parties shall make good faith efforts to resolve such dispute.

8 |      b.   In the event that the Parties are unable to resolve the dispute regarding
9 | designation of Confidential Information within fifteen (15) business days from the date the written
10 | notice of the dispute was mailed, the Party disputing the designation may, by noticed motion, raise
11 | such issue with the Court. The Designating Party shall bear the burden of establishing that the
12 | information is in fact confidential.

13 |      c.   A challenge to the propriety of a confidential designation may be made at
14 | anytime. The prevailing Party in any challenge to the propriety of a confidential designation shall be
15 | entitled to an award of reasonable attorneys' fees and costs.

16 |      d.   Recognizing that the Parties may designate "Confidential Information" as
17 | "CONFIDENTIAL—ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER" the
18 | Parties agree that documents and information which bear this designation shall not be shared with
19 | non-designating Parties.

20 |      **4.**   **Inadvertent Failure to Designate.**

21 |      a.   Any Party or third Party who inadvertently fails to designate information as
22 | Confidential Information, or otherwise wishes to change the designation of confidentiality under this
23 | Protective Order, may later do so, and such document/information shall be treated by all other
24 | Parties as being so designated with confidentiality from the time of the notification in writing of the
25 | inadvertent designation. A Party shall correct its failure to mark an item as Confidential Information
26 | in writing accompanied by substitute copies of each item, container, or folder, appropriately marked
27 | "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—
28 | ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER" pursuant to this Protective

Order. The Parties agree that the inadvertent disclosure of Confidential Information by the Designating Party, regardless of whether the information was designated as Confidential Information at the time of disclosure, shall not be treated as a waiver in whole or in part of a Designating Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject, and each Party agrees to make reasonable efforts to preserve the confidentiality of the inadvertently disclosed information.

b.      If a Party or third Party at any time notifies all Parties in writing that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, the receiving Party shall return all copies of such documents, testimony, information and/or things to the inadvertently producing Party within five (5) business days of receipt of such notice and shall not use such items for any purpose until further order of the Court. The return of any discovery items to the inadvertently producing Party shall not in any way preclude the receiving Party from moving the Court for a ruling that the document or thing was never privileged.

**5.      Access to Confidential Information.**

Access to all information or documents marked "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" and "CONFIDENTIAL—ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER" shall be limited to, and only to, the following qualified persons:

a.      Counsel of record to any Party in connection with this Action, and their employees and staff, and in-house counsel provided that (1) such persons are informed of the existence and contents of this Protective Order before such persons are permitted access to any of the Confidential Information; and (2) such person is not engaged in patent prosecution by, or on behalf of, any Party on matters relating to the subject matter of the patents-in-suit for the duration of this litigation and for two (2) years following the conclusion of this litigation.

b.      Organizations or persons retained by the attorneys to provide litigation support services in this action, provided that (1) such organization or person is informed of the existence and contents of this Protective Order before such person is permitted access to any of the

1 Confidential Information; and, (2) such organization or person is not engaged in patent prosecution

2 or competitive decision making on behalf of any Party on matters relating to the subject matter of the

3 patents-in-suit for the duration of this litigation and for two (2) years following the conclusion of this

4 litigation.

5         c.      Independent experts and consultants retained in this action by the attorneys of

6 record, insofar as the attorneys of record may deem it necessary for the preparation or trial of this

7 case to consult with such experts or consultants, provided that: (1) such actual or contemplated

8 expert or consultant complies with the requirements of paragraph 6 of this Protective Order

9 ("Disclosure to Experts"); and, (2) such actual or contemplated expert or consultation is not engaged

10 in patent prosecution or competitive decision making on behalf of any Party on matters relating to

11 the subject matter of the patents-in-suit for the duration of this litigation and for two (2) years

12 following the conclusion of this litigation.

13         d.      One in-house person for each Party, insofar as it is necessary for the

14 preparation or evaluation of this case, provided that:

15            (1) such person is not engaged in patent prosecution or competitive decision

16         making on behalf of any Party on matters relating to the subject matter of the patents-

17         in-suit for the duration of this litigation and for two (2) years following the conclusion

18         of this litigation;

19            (2) the following security provisions are followed:  Documents marked

20         "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" which are produced by

21         another Party or third Party shall be maintained at the office of outside litigation

22         counsel, and shall not be kept at the office of the Party.  The in-house person may

23         maintain copies of pleadings and other court filings and any discovery (whether

24         factual or expert), along with attached exhibits, in his or her office, provided that any

25         physical copies are kept in a secure location, and any electronic copies are password

26         protected.  The designated in-house person, however, if a non-lawyer, will **not** be

27         permitted to review documents and information designated as "CONFIDENTIAL –

28         ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER," whether

1    filed under seal with the Court, or otherwise;

2          (3) such person provides a declaration stating his name, his title, and a general

3    description of his duties, a statement that he is not engaged in patent prosecution or

4    competitive decision making on behalf of any Party on matters relating to the subject

5    matter of the patents-in-suit for the duration of this litigation agrees not to be so

6    involved for two years following the conclusion of this litigation; and a statement that

7    he has read and understands and agrees to abide by the terms of this Protective Order.

8    Such declaration shall be provided to all Parties ten business days before the in-house

9    person is permitted access to Confidential Information.  If any Party objects to such

10    access, it shall follow the objection procedure set forth in paragraph 6(c) and (d).

11        e.    Mock jurors engaged by any consultant in preparation for trial, provided that:

12    (1) such person shall first agree in writing to be bound by confidentiality requirements of this

13    Protective Order, and such agreement shall be retained·under counsel's control until final termination

14    of this action; (2) such individuals are not officers, directors, employees, or owners of a named

15    Party; and (3) such individuals are not involved in patent prosecution, regulatory work, or non-

16    litigation licensing by, or on behalf of, any Party on matters relating to the subject matter of the

17    patents in suit for the duration of this litigation and for two (2) years following the conclusion of this

18    litigation.

19        f.    Any witness testifying in a deposition in this case, regardless of the current

20    status of his or her employment, if: (a) the witness is listed as an author or recipient on the face of

21    documents "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—

22    ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER", and/or (b) the lawyer

23    disclosing such Confidential Information has a good-faith belief based upon the witness's testimony

24    that the witness may have or have had access to the Confidential Information.

25        g.    The Court and those employed by the Court.

26        h.    Such other person as hereafter may be designated by written agreement by the

27    Parties in this action or by Order of the Court.

28

**6.      Disclosure to Experts.**

            a.      Each independent expert, and consultant referred to in paragraph 5(c) of this Protective Order to whom Confidential Information is to be given, shown, disclosed, made available, or communicated in any way, shall first execute an affidavit, in substantially the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Protective Order.

            b.      At least ten (10) business days prior to a Party giving, showing, disclosing, making available, or communicating Confidential Information produced by any adverse Party to any expert or consultant, the Party hiring such expert or consultant shall deliver to all other Parties a copy of the affidavit signed by the person to whom Confidential Information is proposed to be disclosed and a description setting forth the person's (i) name; (ii) office address; (iii) present employer; (iv) a brief job history for the past ten (10) years; (v) copy of the experts' up-to-date and current curriculum vitae; and (vi) a brief summary of the work done by the expert for the Party hiring such expert or consultant for the past five (5) years.

            c.      Any other Party shall be entitled to object to such disclosure to the expert or consultant within ten (10) business days after service of the affidavit by stating specifically in writing the reasons why that Party believes such person should not receive Confidential Information.

            d.      In the event of such an objection pursuant to paragraph 5(c), no disclosure of Confidential Information shall be made to the expert or consultant for a period of ten (10) business days following the date of service of the objection, in order to permit the objecting Party to move for an order that disclosure not be made to such expert or consultant, or made only under certain conditions. The objecting Party shall have the burden of establishing grounds for barring the disclosure. The objecting Party shall seek to have any such motion set for the earliest possible date on the Court's motion calendar, and shall not continue such motion hearing without the consent of all Parties. If a motion is not made in such time and manner, Confidential Information may be disclosed to such expert or consultant for the purposes and upon the conditions herein stated. If such a motion is made, there shall be no disclosure to such expert or consultant until the Court has ruled upon the motion, and then only in accordance with the ruling so made. The filing and pendency of such motion shall not limit, delay, or defer any disclosures of the Confidential Information to

1  persons as to whom no such objection has been made, nor shall it delay or defer any other pending
2  discovery unless the level of confidentiality bears directly on the objecting Party's ability to conduct
3  such discovery.  The prevailing Party in any such challenge shall be entitled to an award of
4  reasonable attorneys' fees and costs.

5      **7.    Filing Confidential Information With the Court.**

6          a.    No items will be filed under seal without a prior application to, and order
7  from, the judge presiding over the hearing or trial.  Only when the judge presiding over the hearing
8  or trial permits filing an item or items under seal may confidential material filed with the Court be
9  filed in a sealed envelope or other container marked on the outside with the caption of this action and
10  one of the following statements:

11  "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—
12  ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER".

13          b.    If a Party fails to file Confidential Information under seal, any Party to this
14  lawsuit may request that the Court place the filing under seal and seek any appropriate sanctions for
15  the public filing of Confidential Information.

16          c.    Whenever the Court grants a party permission to file an item under seal, a
17  duplicate item disclosing all non-confidential information shall be filed and made part of the public
18  record.  The item(s) may be redacted to eliminate confidential material from the public document.
19  The public document shall be titled to show that it corresponds to an item filed under seal, e.g.,
20  "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."
21  The sealed and redacted documents shall be filed simultaneously.

22      **8.    Use of Confidential Information Generally.**

23          a.    Confidential Information disclosed pursuant to this Protective Order shall be
24  used only for the purposes of this action and shall be protected from any unauthorized or unrelated
25  use.

26          b.    Confidential Information shall be held in confidence by each person to whom
27  it is disclosed, shall be used solely in preparation for, and in *ex parte* applications, noticed motions,
28  the conduct of discovery, preparing for and conducting the trial of this action only, and any post trial

or appeals, and shall not be used in any patent prosecution, regulatory work, or any business or other purpose whatsoever, or in any other litigation, and shall not be disclosed to anyone except as provided herein.

**9.     Use of Confidential Information in Conduct of This Action.**

a.     Confidential Information may be used by the attorneys of record in good faith in conducting discovery, provided that the Confidential Information is protected pursuant to the terms and conditions of this Protective Order.

b.     Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and in the course thereof, relying generally on material designated as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER", provided, however, that in rendering such advice counsel shall not disclose, reveal, or describe the content of any material so designated except insofar as permitted under the terms of this Protective Order.

c.     Confidential Information may be disclosed to a witness not already allowed access to such information under this Protective Order only if:  (a) the Confidential Information was previously received or authored by the witness, or was authored or received by a director, officer, employee, or agent of the entity for which the witness is testifying as a Rule 30(b)(6) designee; (b) the Designating Party is the witness or is a Party for whom the witness is, at the time of disclosure, a director, officer, employee, or agent; or, (c) counsel for the Party designating the material as Confidential Information agrees that the material may be disclosed to the witness.

d.     If the Confidential Information is used in any deposition, then, at the option of the disclosing Party, that portion of the proceeding shall be conducted outside the presence of all unqualified persons, and any testimony or transcript relating thereto shall be designated as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL— ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER."  In the event of disclosure of Confidential Information under this paragraph, only the reporter, deponent, his/her counsel, and persons to whom disclosure may be made, and who are bound by this Protective Order, may be

present during the disclosure or discussion.  Disclosure of Confidential Information pursuant to this paragraph shall not constitute a waiver of confidential status of the material disclosed.

    e.  Notwithstanding the Parties' designation of Confidential Information, any court hearing which refers to or describes Confidential Information shall, in the Court's discretion, be held in open court with records unsealed unless there is a specific showing by the designating Parties that confidentiality is required.  The disclosing Party may request that the proceeding be conducted in camera, out of the presence of all unqualified persons, and any transcript relating thereto shall be designated as confidential.

**10.  Party's Own Information.**

   A Party is free to do whatever it desires with its own Confidential Information and is not bound by this Protective Order with respect to the disclosure of its own Confidential Information.

**11.  Disclosure to Author or Addressee.**

   Nothing herein shall prohibit a Party, or its counsel, from disclosing a document which contains Confidential Information to the person who is an author, or is listed as an addressee or recipient of that document, or who had access to it while employed by one of the Parties.

**11.  No. Waiver.**

   Other than as specified hereto, neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief in this action or any other action including, but not limited to, the right to claim that any information is or is not proprietary to any Party, is or is not entitled to particular protection or that such information does or does not embody trade secrets of any Party.  The procedure set forth herein shall not affect the rights of Parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a Party of the necessity of proper response to discovery devices.

**13.  No Probative Value.**

   This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Confidential Information.  The fact that

information is designated "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or

"CONFIDENTIAL—ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER" under

this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to

be confidential or proprietary.  This Protective Order shall be without prejudice to the right of any

Party to bring before the Court the question of: (a) whether any particular material is or is not

confidential; (b) whether any particular information or material is or is not entitled to a greater or

lesser degree of protection than provided hereunder; and (c) whether any particular information or

material is or is not relevant to any issue of this case, provided that in doing so the Party complies

with the foregoing procedures.  Absent a stipulation of all Parties, the fact that information has been

designated "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—

ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER" under this Protective Order

shall not be admissible during the trial of this Action, nor shall the jury be advised of such

designation.  The fact that any Confidential Information is disclosed, used, or produced in discovery

or trial herein shall not be construed as admissible, or offered in any action or proceeding before any

court, agents, or tribunal as evidence of or concerning whether or not such information is

confidential or proprietary.

### 14.    Subpoena From Third Parties

In the event any Party or non-party having possession, custody, or control of any

Confidential Information receives a subpoena or other process or order to produce such information,

such Party or non-party shall notify the attorneys of record of the designating Party or non-party

claiming such confidential treatment of the Confidential Information sought by such subpoena or

other process or other shall furnish those attorneys of record with a copy of said subpoena or other

process or other, and shall cooperate with respect to any procedure sought to be pursued by the

designating Party or non-party claiming such confidential treatment.  The designating Party or non-

party asserting the confidential treatment shall have the burden of defending against such subpoena,

process, or order.  The Party or person receiving the subpoena or other process or order will not

produce Confidential Information so long as any motion or proceeding initiated to bar disclosure is

pending.

**15.**    **Termination of Litigation.**

Within ninety (90) days of receipt of written notice of the final disposition of the above-entitled case, whether by judgment and exhaustion of all appeals, by voluntary dismissal, or by settlement, the attorneys of record shall:

a.    Return to the disclosing Party, or its attorney of record, the Confidential Information in their possession, custody, or control or in the possession, custody, or control of their staff, or shall destroy such information;

b.    Insure that the Confidential Information in the possession, custody, or control of their experts and consultants, is returned to the disclosing Party, or its attorney of record, or is destroyed;

c.    Destroy all notes, memoranda, or other documents which contain excerpts from any of the Confidential Information provided;

d.    Deliver to the disclosing Party, or its attorneys of record, an affidavit or declaration that there has been compliance with the terms of this paragraph or that there has not been compliance and the reason for such noncompliance, upon receipt of which the disclosing Party may make application to the Court for such further order as may be appropriate.

e.    Notwithstanding the terms of this section, each attorney of record may retain a copy of all pleadings, discovery, and attorney work product.

**1.**    **Enforcement of This Stipulation and Protective Order.**

This Protective Order shall survive the final conclusion of the Action and the Court shall have jurisdiction to enforce this Protective Order beyond the conclusion of this Action, unless this Protective Order is vacated.

**17.**    **Modification of This Protective Order.**

In the event any Party hereto seeks a Court Order that in any way seeks to vary the terms of this Protective Order, said Party shall make such request in the form of a written stipulation, *ex parte*

///

///

///

1   application, or noticed motion to all Parties that must be served and filed in accordance with local

2   court rules.

3                                               **LAWTON LAW FIRM**

4

5   Dated: February 28, 2008            By:           s/ Daniel A. Lawton
                                                Daniel A. Lawton
6                                               Joseph Kracht
                                                Attorneys for Plaintiff Anticancer, Inc.
7

8                                               **DUANE MORRIS** LLP

9

10  Dated: November 5, 2007             By:     s/ Karen Shichman Crawford
                                                Karen Shichman Crawford
11                                              John P. Cooley
                                                Courtney L. Bunt, Esq.
12                                              Attorneys for Defendant Novartis Institutes for
                                                Biomedical Research, Inc.
13

14                                              **JACZKO GODDARD**

15

16  Dated: November 6, 2007             By:     s/ Allison H. Goddard
                                                Allison H. Goddard
17                                              Attorneys for Defendant Cambridge Research &
                                                Instrumentation, Inc.
18

19                                              **HOWREY** LLP

20

21  Dated: March 3, 2008                By:     s/ James Pistorino
                                                James Pistorino
22                                              Attorneys for Defendant Merck & Co., Inc.

23                                              **O R D E R**

24

25       The above Stipulated Protective Order is hereby GRANTED.

26

27  DATED: _____
                                                _____
28                                              JUDGE,  UNITED STATES DISTRICT COURT
                                                SOUTHERN DISTRICT OF CALIFORNIA