1 | James C. Pistorino (SBN 226496)
John F. Lynch (admitted *pro hac vice*)
2 | Adam K. Whiting, Ph.D. (SBN 230083)
HOWREY LLP
3 | 1950 University Avenue, 4th Floor
East Palo Alto, CA  94303
4 | Telephone:  (650) 798-3500
Facsimile:   (650) 798-3600
5 | E-Mail:  PistorinoJ@howrey.com
E-Mail:  LynchJ@howrey.com
6 | Attorneys for Defendant
MERCK & CO., INC.

7

Karen Shichman Crawford (SBN 96993)
8 | John P. Cooley (SBN 162955)
Courtney L. Bunt (SBN 234410)
9 | DUANE MORRIS LLP
101 West Broadway, Suite 900
10 | San Diego, CA  92101
Telephone:  (619) 744-2200
11 | Facsimile:   (619) 744-2201
E-Mail:  kscrawford@duanemorris.com
12 | E-Mail:  jpcooley@duanemorris.com
E-Mail:  clbunt@duanemorris.com
13 | Attorneys for Defendant
NOVARTIS INSTITUTES FOR
14 | BIOMEDICAL RESEARCH, INC.

15

UNITED STATES DISTRICT COURT

16

SOUTHERN DISTRICT OF CALIFORNIA

17

18

19 | ANTICANCER, INC., a California corporation,     )  Case No. 3:07-CV-00097-JLS-RBB
                                                   )
20 |     Plaintiff,             )  **JOINT OPPOSITION OF MERCK & CO.,**
                                                   )  **INC. AND NOVARTIS INSTITUTES FOR**
21 |     vs.                    )  **BIOMEDICAL RESEARCH, INC. TO**
                                                   )  **ANTICANCER, INC.'S MOTION FOR AN**
22 | CAMBRIDGE RESEARCH &                            )  **ORDER CERTIFYING DECISION FOR**
INSTRUMENTATION, INC., a Delaware               )  **IMMEDIATE APPEAL PURSUANT TO 28**
23 | corporation; MERCK & CO., INC., a New Jersey    )  **U.S.C. § 1292(b) AND FOR ORDER**
corporation; NOVARTIS INSTITUTES FOR            )  **VACATING SUMMARY JUDGMENT**
24 | BIOMEDICAL RESEARCH INC., a Delaware            )  **HEARING PENDING APPEAL**
corporation; and DOES 17-50,                    )
25 |                                                 )  Date:         April 11, 2008
    Defendants.                  )  Time:         10:30 a.m.
                                                   )  Courtroom:    6, 3rd Floor
26 |                                                 )  Judge:        Hon. Janis Sammartino
AND RELATED COUNTERCLAIMS.                      )
27 |                                                 )

28

**HOWREY LLP** | JOINT OPP. TO ANTICANCER'S MTN FOR ORDER CERTIFYING
DECISION FOR APPEAL & VACATING SJ HRG PENDING APPEAL
Case No. 3:07-CV-00097-JLS-RBB

1

**TABLE OF CONTENTS**

2

Page

3   I.    BACKGROUND ................................................................................................... 1

4   II.   DISCUSSION ...................................................................................................... 3

5         A.   AntiCancer Has Not Shown That The "Exceptional Circumstances" For
               Interlocutory Appeal Are Present .......................................................... 4

6
          1.   There Is No "Controlling Question of Law" ................................. 4

7
          2.   There Are No Substantial Grounds For A Difference Of Opinion ...... 5

8
          3.   Granting Interlocutory Appeal Will Not Materially Advance The
9              Ultimate Termination Of This Litigation ................................... 6

10        4.   Similar Cases Have Already Been Denied By The Federal Circuit ...... 7

11        B.   AntiCancer Did Not File Objections To The Magistrate's Order And
               Forfeited Any Right To Appellate Review ............................................ 7

12        C.   AntiCancer's Arguments Lack Merit ..................................................... 9

13
          1.   AntiCancer's Section 1292(b) Arguments Are Without Basis .......... 11

14
          2.   The Court Should Not Vacate The Summary Judgment Hearing ....... 13

15
     III.  CONCLUSION .................................................................................................. 14

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY LLP

JOINT OPP. TO ANTICANCER'S MTN FOR ORDER CERTIFYING         -i-
DECISION FOR APPEAL & VACATING SJ HRG PENDING APPEAL
Case No. 3:07-CV-00097-JLS-RBB

1

# TABLE OF AUTHORITIES

2

Page(s)

3

## CASES

4 *Ahrenholz v. Board of Trustees of Univ. of Illinois*,
    219 F.3d 674 (7th Cir. 2000) ............................................................................... 4, 5, 11

5

*Berger v. Rossignol Ski Co.*,
6    2006 WL 1095914 (N.D. Cal. Apr. 25, 2006),
    *aff'd*, 2007 WL 200935 (Fed. Cir. Jan. 12, 2007),
7    *cert. denied*, 128 S. Ct. 48 (2007) ..................................................................... 7, 11, 12

8 *Coopers & Lybrand v. Livesay*,
    437 U.S. 463 (1978) ............................................................................................... 4

9

*Dibel v. Jenny Craig, Inc.*,
10    2008 WL 344099 (S.D. Cal. Feb. 7, 2008) ............................................................. 9

11 *General Atomics v. Axis-Shield ASA*,
    2006 WL 2329464 (N.D. Cal. Aug. 9, 2006) .......................................................... 12

12

*In Re Cement Antitrust Litigation*,
13    673 F.2d 1020 (9th Cir. 1982) ................................................................................. 4

14 *In Re Convertible Rowing Exerciser Patent Litigation*,
    903 F.2d 822 (Fed. Cir. 1990) ................................................................................. 4

15

*Johnson v. Mammoth Recreations, Inc.*,
16    975 F.2d 604 (9th Cir. 1992) ................................................................................... 5

17 *LG Electronics, Inc. v. Q-Lily Computer, Inc.*,
    211 F.R.D. 360 (N.D. Cal. 2002) ............................................................................ 11

18

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
19    467 F.3d 1355 (Fed. Cir. 2006) ........................................................................... 5, 6, 12

20 *Rivera v. NIBCO, Inc.*,
    364 F.3d 1057 (9th Cir. 2004) ................................................................................. 8

21

*Shurance v. Planning Control Int'l, Inc.*,
22    839 F.2d 1347 (9th Cir. 1988) ................................................................................. 6

23 *Simpson v. Lear Astronics Corp.*,
    77 F.3d 1170 (9th Cir. 1996) ................................................................................... 8

24

*STMicroelectronics, Inc. v. Motorola, Inc.*,
25    307 F. Supp.2d 845 (E.D. Tex. 2004) ..................................................................... 12

26 *Tessera, Inc. v. Advanced Micro Devices, Inc.*,
    2007 WL 1288199 (N.D. Cal. Apr. 30, 2007) ......................................................... 12

27

*United States v. U.S. Gypsum Co.*,
28    333 U.S. 364 (1948) ............................................................................................... 9

**HOWREY LLP**

JOINT OPP. TO ANTICANCER'S MTN FOR ORDER CERTIFYING
DECISION FOR APPEAL & VACATING SJ HRG PENDING APPEAL        -ii-
Case No. 3:07-CV-00097-JLS-RBB

*Voda v. Cordis Corp.*,
    476 F.3d 887 (Fed. Cir. 2007) ...................................................................................................... 11

**STATUTES**

28 U.S.C. § 1292(b)............................................................................................................... passim

28 U.S.C. § 1292(c)(1) .................................................................................................................. 4

28 U.S.C. § 1367 ........................................................................................................................... 11

**RULES**

Federal Rule of Civil Procedure 72(a)................................................................................. 1, 7, 8

**TREATISES**

19 MOORE'S FEDERAL PRACTICE § 203.31 (Supp. 2007) ...................................................... 4, 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HOWREY LLP**

1         AntiCancer, Inc.'s ("AntiCancer") motion to certify the Magistrate's January 31, 2008

2   discovery order under 28 U.S.C. § 1292(b) for interlocutory appeal should be denied.  Despite ample

3   notice of the requirements, AntiCancer admits that it neglected this case and did not serve Infringement

4   Contentions for defendants Merck & Co., Inc. ("Merck") and Novartis Institutes for BioMedical

5   Research, Inc. ("NIBRI"), and otherwise failed to comply with the Magistrate's Case Management

6   Order and the Patent Local Rules.  Having chosen to neglect this case, AntiCancer was unable to show

7   that it was diligent and that good cause existed to allow AntiCancer to substitute new Infringement

8   Contentions for Merck and NIBRI, and move the alleged priority dates for two of the patents-in-suit by

9   as much as three years.  Accordingly, AntiCancer's motion for leave to amend its Infringement

10  Contentions was denied after AntiCancer was given repeated opportunities to establish diligence and

11  good cause but failed to do so.

12        AntiCancer's request for certification for leave to immediately appeal the Magistrate's

13  discovery order under 28 U.S.C. § 1292(b) should be denied because AntiCancer has not established

14  the three required statutory elements:  (1) that the Magistrate's discovery order involves a controlling

15  question of law; (2) as to which there is substantial grounds for difference of opinion; and (3) that

16  interlocutory appeal will materially advance the ultimate termination of the litigation.  Rather than a

17  "controlling question of law," AntiCancer simply seeks to immediately appeal the Magistrate's

18  *application* of the facts to the undisputed law and exercise of discretion in a discovery matter.  That is

19  not the proper subject of interlocutory appeal which is reserved for "exceptional circumstances."

20        Further, AntiCancer chose not to file objections to the Magistrate's Order under Federal Rule

21  of Civil Procedure 72(a) and, therefore, may not assert that there are defects in the Order.

22  Accordingly, AntiCancer has forfeited any objection to the Magistrate's discovery order and appeal

23  should not be available in any event.

24  **I.      BACKGROUND**

25        This case was filed on January 12, 2007.  An ENE/CMC was held on September 27, 2007, and

26  Magistrate Brooks issued a Case Management Order on October 3, 2007 (Dkt. Entry No. 49).  That

27  Order required AntiCancer to serve Infringement Contentions no later than October 15, 2007.  The

28  Order required AntiCancer to identify the Accused Instrumentalities and, separately for each

HOWREY LLP

JOINT OPP. TO ANTICANCER'S MTN FOR ORDER CERTIFYING
DECISION FOR APPEAL & VACATING SJ HRG PENDING APPEAL      -1-
Case No. 3:07-CV-00097-JLS-RBB

1  defendant, to provide a chart comparing the Accused Instrumentalities to the asserted claims on an

2  element-by-element basis.  (*See id.* at ¶¶ 2(b) & (c).)  For any patent that claims priority to an earlier

3  application, the Order required AntiCancer to set forth the alleged priority date of each asserted claim.

4  (*Id.* at ¶ 2(e).)  The Order further provided that the Infringement Contentions are final and may be

5  modified only on a showing of good cause.  (*See id.* at ¶¶ 11 & 12.)[1]

6       AntiCancer did not serve Infringement Contentions on October 15.  Instead, AntiCancer sent

7  Infringement Contentions on October 17 by regular mail and those contentions lacked:  (1) charts

8  accusing Merck or NIBRI of infringing any of the claims of the patents-in-suit; (2) alleged priority

9  dates for the asserted claims of the '384 and '038 patents; and (3) any mention of two of the five

10 patents-in-suit (the '523 and '968 patents).

11      In light of the failure to assert priority dates for the '384 and '038 patents, on October 29, 2007,

12 Merck informed AntiCancer that it would be using the last application filing dates as the priority dates

13 for those patents (January 7, 1999 and May 21, 2001, respectively).  (*See* Dkt. Entry No. 72-2 at Ex.

14 A.)

15      On November 12, Merck moved for summary judgment of non-infringement based on the

16 untimely contentions served on October 17.  (*See* Dkt. Entry No. 62.)

17      On November 13, AntiCancer sent Merck proposed "amended" contentions for Merck.  Rather

18 than "amended" contentions, AntiCancer sought to provide entirely new contentions for Merck and

19 also sought to move the priority dates for the asserted claims of the '038 and '384 patents by as much

20 as three years.  AntiCancer's proposed "amended" contentions for Merck did not rely on newly-

21 discovered evidence.  Instead, the proposed "amended" contentions for Merck sought to rely on

22 depositions taken by AntiCancer more than a year before this case was filed and nearly two years

23 before AntiCancer's Infringement Contentions were due.  (*See* Dkt. Entry No. 65-2 at Ex. C.)

24      Admitting that the October 17 Infringement Contentions were the product of "neglect" and

25 were "incomplete," on November 20, AntiCancer moved for leave to amend its Infringement

26

27      [1]   The requirements of the Magistrate's Order track those of the Patent Local Rules, including
   Rule 3.7 concerning modification.

28

HOWREY LLP

JOINT OPP. TO ANTICANCER'S MTN FOR ORDER CERTIFYING     -2-
DECISION FOR APPEAL & VACATING SJ HRG PENDING APPEAL
Case No. 3:07-CV-00097-JLS-RBB

1   Contentions.  (*See* Dkt. Entry No. 65.)  Attached as an exhibit to AntiCancer's motion were never

2   before served Infringement Contentions for NIBRI.  (*See* Dkt. Entry No. 65-2 at Ex. D.)  Again, the

3   proposed "amended" contentions for NIBRI were not based on newly-discovered evidence but sought

4   to rely on a deposition taken by AntiCancer more than one year before this case was filed.

5          On December 14, in accordance with the Case Management Order, the defendants served

6   Invalidity Contentions based upon AntiCancer's October 17 Infringement Contentions and relying on

7   the January 1999 and May 2001 priority dates for the '384 and '038 patents, respectively.

8          On January 14, 2008, Magistrate Brooks held a first hearing on AntiCancer's motion for leave

9   to amend its Infringement Contentions.  At AntiCancer's request, that hearing was continued until

10   January 31, 2008, to allow AntiCancer time to submit a supplemental declaration setting forth any

11   additional facts concerning, *inter alia*, AntiCancer's alleged diligence in serving the October 17, 2007

12   Infringement Contentions.

13          On January 31, 2008, Magistrate Brooks held a second hearing on AntiCancer's motion for

14   leave to amend.  There, in light of AntiCancer's admitted "neglect" and mistakes and failure to show

15   diligence in preparing the October 17, 2007 contentions, the Magistrate found the AntiCancer had not

16   shown "good cause" for leave to amend its Infringement Contentions and denied AntiCancer's request.

17   **II.    DISCUSSION**

18          Despite accusing Merck and NIBRI of willfully infringing five United States patents,

19   AntiCancer chose to neglect this case and serve Infringement Contentions that were the product of that

20   neglect.  In light of the admitted neglect, AntiCancer was unable to show "good cause" to amend its

21   Infringement Contentions to include information related to Merck and NIBRI that it had even before

22   this case was filed.  In addition, AntiCancer chose not to object to the Magistrate's Order denying

23   AntiCancer's request for leave to amend its Infringement Contentions and, therefore, has waived all

24   objection to the Order.

25          In the face of these deliberate choices, AntiCancer's request to pursue the "exceptional" and

26   rarely granted route of interlocutory appeal should be denied.  AntiCancer can make none of the

27   showings required for such an appeal and interlocutory appeal would only result in increased delay and

28   expense to the Court and the parties.  In addition, AntiCancer's request to vacate the hearing on

HOWREY LLP

JOINT OPP. TO ANTICANCER'S MTN FOR ORDER CERTIFYING         -3-
DECISION FOR APPEAL & VACATING SJ HRG PENDING APPEAL
Case No. 3:07-CV-00097-JLS-RBB

1   Merck's (and NIBRI's) motion for summary judgment is little more than an effort to delay the

2   consequences of AntiCancer's choices and would serve no good purpose.  Accordingly, AntiCancer's

3   motion should be denied in all respects.

4   **A.      AntiCancer Has Not Shown That The "Exceptional Circumstances" For**
    **Interlocutory Appeal Are Present**

5

6   Pursuant to 28 U.S.C. § 1292(b), a party requesting certification to seek interlocutory appeal

7   has the burden of establishing:  (1) that the order involves a controlling question of law; (2) as to which

8   there is a substantial difference of opinion; and (3) that immediate appeal from the order would

9   materially advance the ultimate termination of the litigation.  *See* 19 MOORE'S FEDERAL PRACTICE

10  § 203.31 (Supp. 2007); *In Re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982).

11  The requirements for certification under section 1292(b) should be strictly construed and such a

12  motion should be granted only in "exceptional circumstances" justifying departure from the basic

13  policy of postponing appellate review until after final judgment.  *See Coopers & Lybrand v. Livesay*,

14  437 U.S. 463, 475 (1978); *In Re Cement Antitrust Litigation*, 673 F.2d at 1026.  Moreover, even if

15  certified by the district court, such appeals are rarely granted, and the Circuit Court may refuse to

16  accept the appeal without specifying the grounds.  *See In Re Convertible Rowing Exerciser Patent*

17  *Litigation*, 903 F.2d 822 (Fed. Cir. 1990).  The Federal Circuit has exclusive jurisdiction to consider

18  interlocutory appeals in patent cases.  *See* 28 U.S.C. § 1292(c)(1).

19  **1.      There Is No "Controlling Question of Law"**

20  A "question of law" is one concerning "the meaning of a statutory or constitutional provision,

21  regulation, or common law doctrine."  *See Ahrenholz v. Board of Trustees of Univ. of Illinois*, 219 F.3d

22  674, 676-77 (7th Cir. 2000); 19 MOORE'S FEDERAL PRACTICE § 203.31 (Supp. 2007) ("… abstract

23  legal issues that can be decided quickly and cleanly without having to study the record.").  A

24  "controlling" question of law is one that could materially affect the outcome of litigation in the district

25  court.  *See In Re Cement Antitrust Litigation*, 673 F.2d at 1026.

26  The "controlling question of law" asserted by AntiCancer is:  "whether a litigant who quickly

27  amends its preliminary infringement contentions far in advance of the Markman hearing (and promptly

28  of learning of flaws in them based on its attorney's mistake) has shown 'good cause' for leave to

HOWREY LLP

JOINT OPP. TO ANTICANCER'S MTN FOR ORDER CERTIFYING      -4-
DECISION FOR APPEAL & VACATING SJ HRG PENDING APPEAL
Case No. 3:07-CV-00097-JLS-RBB

1  amend where there is no prejudice to any defendant flowing from the proposed amendment." (Mot. at

2  4.) That is not a "question of law" ("controlling" or otherwise) as it does not concern the meaning of a

3  statute, constitutional provision, regulation or common law doctrine or otherwise relate to an abstract

4  legal issue. *Ahrenholz*, 219 F.3d at 676-77. Rather than a "question of law," AntiCancer seeks

5  interlocutory appeal of the *application* of alleged facts to the undisputed law.

6        "Good cause" has been interpreted by both the Federal Circuit and the Ninth Circuit to require

7  a showing of diligence by the moving party. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,

8  467 F.3d 1355, 1366 (Fed. Cir. 2006) ("We agree with the Northern District of California that 'good

9  cause' requires a showing of diligence."); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609

10  (9th Cir. 1992) (cited in *O2 Micro*) ("Moreover, carelessness is not compatible with a finding of

11  diligence and offers no reason for a grant of relief."). AntiCancer has not contested the meaning of

12  "good cause" (including the diligence requirement) as interpreted by both the Federal and Ninth

13  Circuits. Thus, AntiCancer has not sought certification for leave to seek interlocutory appeal based on

14  a "controlling question of law." Instead, AntiCancer improperly seeks review of the *application* of its

15  alleged facts to the undisputed legal standard.

16                 **2.**       **There Are No Substantial Grounds For A Difference Of Opinion**

17        There are no substantial grounds for a difference of opinion regarding the meaning of "good

18  cause" or its requirement of a showing of diligence. As noted above, both the Federal and Ninth

19  Circuits have interpreted the phrase to require a showing of diligence by the moving party and have not

20  required any showing of prejudice to the non-moving party. *See O2 Micro*, 467 F.3d at 1366

21  (affirming denial of request for leave to amend Infringement Contentions without addressing prejudice

22  to the non-moving party); *Johnson*, 975 F.2d at 609 ("Although the existence or degree of prejudice to

23  the party opposing the modification might supply additional reasons to deny a motion, the focus of the

24  inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the

25  inquiry should end.") (internal citations omitted). In *O2 Micro*, the Court of Appeals with exclusive

26  jurisdiction over this case (the Federal Circuit) addressed the issue of "good cause" precisely in the

27

28

HOWREY LLP

JOINT OPP. TO ANTICANCER'S MTN FOR ORDER CERTIFYING
DECISION FOR APPEAL & VACATING SJ HRG PENDING APPEAL      -5-
Case No. 3:07-CV-00097-JLS-RBB

1   context of an effort to amend Infringement Contentions under Patent Local Rules with provisions

2   similar to those at issue here.[2]  That case was decided little more than a year ago and there have since

3   been no conflicting opinions from either the Federal or Ninth Circuits (or district courts), or changes

4   otherwise in the appropriate standard.[3]  Thus, there are no substantial grounds for a difference of

5   opinion.

6              **3.       Granting Interlocutory Appeal Will Not Materially Advance The Ultimate
                          Termination Of This Litigation**
7

8              AntiCancer's moving papers fail to show that certification will materially advance the ultimate

9   termination of this litigation.  Indeed, the granting of AntiCancer's motion will in fact <u>delay</u>, not

10  advance, the ultimate termination of AntiCancer's claims.  Both Merck and NIBRI have motions for

11  summary judgment pending.  If those motions are granted, AntiCancer's claims against Merck and

12  NIBRI will be gone.  Conversely, if Magistrate Brooks' Order is certified and the motions for

13  summary judgment taken off calendar, the litigation will drag on against Merck and NIBRI and, as a

14  result, Merck and NIBRI will have to continue incurring considerable time and expense defending

15  against AntiCancer's claims.  This is the antithesis of "materially advancing the termination of the

16  litigation."  *See Shurance v. Planning Control Int'l, Inc*., 839 F.2d 1347, 1348 (9th Cir. 1988) (denying

17  motion to certify where certification would "have the effect of delaying the resolution of this

18  _____

19      [2]   In relevant part, N.D. Cal. Patent L.R. 3-7 provided for modification of contentions only "by
     order of the Court … upon a showing of 'good cause.'"  *O2 Micro*, 467 F.3d at 1361 n.7.

20      [3]   Subsequent to the Federal Circuit's decision in *O2 Micro*, the Northern District of California
     revised its Patent Local Rules.  Previously, the Northern District Patent Local Rules provided for
21   "Preliminary" Contentions that automatically became "Final" Contentions subject to certain exceptions
     (not relevant here). (*See* N.D. Cal. Patent L.R. 3-1, 3-3, and 3-6.)  Subject to the exceptions of N.D.
22   Cal Patent L.R. 3-6, amendment to the contentions were permitted "only by an order of the Court,
     which shall be entered only upon a showing of good cause."  *See O2 Micro*, 467 F.3d at 1359 n.4
23   (N.D. Cal. Patent L.R. 3-1 and 3-3); 1360 n.5 (N.D. Cal. Patent L.R. 3-6(a)); and 1361 n.7 (N.D. Cal.
     Patent L.R. 3-7).  The recently revised N.D. Cal. Patent Local Rules eliminated the confusing notion of
24   "Preliminary" Contentions that automatically became "Final," in favor of "Contentions" subject to
     amendment only by order of the Court based on a showing of "good cause." (*See* N.D. Cal. Patent
25   L.R. 3-1, 3-3, and 3-6.)  Thus, the revised Patent Local Rules of the Northern District effected no
     change in the "good cause" standard for amendment previously provided. (*See* Declaration of James
26   C. Pistorino In Support of Joint Opposition of Merck & Co., Inc. and Novartis Institutes for
     BioMedical Research, Inc. to AntiCancer, Inc.'s Motion for Order Certifying Decision For Appeal
27   Pursuant to 28 U.S.C. § 1292(b) and For Order Vacating Summary Judgment Hearing Pending Appeal
     ("Pistorino Decl.") Ex. A at 2 (amendments "regulated by the well-established 'good cause' test.").)
28

**HOWREY LLP**

1  litigation" because case five months from scheduled trial date).  Clearly, AntiCancer has not shown the

2  existence of the required statutory element – that certification will materially <u>advance</u> the termination

3  of the litigation.  *See* 28 U.S.C. § 1292(b).

4  **4.  Similar Cases Have Already Been Denied By The Federal Circuit**

5  Simply put, there are no "exceptional circumstances" present in this case justifying

6  interlocutory appeal.  Indeed, the Federal Circuit has already affirmed a district court's denial of leave

7  to amend Infringement Contentions under very similar circumstances.  In *Berger v. Rossignol Ski Co.*,

8  2006 WL 1095914 (N.D. Cal. Apr. 25, 2006), *aff'd*, 2007 WL 200935 (Fed. Cir. Jan. 12, 2007), *cert.*

9  *denied*, 128 S. Ct. 48 (2007), the plaintiff served untimely Infringement Contentions that were

10  incomplete and contained errors.  The defendant then served Invalidity Contentions and moved for

11  summary judgment.  The plaintiff sought leave to amend its Infringement Contentions to add

12  information and correct the errors.  However, the plaintiff's motion was denied because the plaintiff

13  did not establish diligence with respect to the initial contentions.  Citing *Johnson*, the court held:

14  "Carelessness or mere errors, however, are insufficient to establish good cause."  *Id.* at *5.  As a result,

15  the defendant's motion for summary judgment of non-infringement was granted.  On appeal, the

16  district court's decision was affirmed by the Federal Circuit.

17  Likewise here, AntiCancer served untimely Infringement Contentions that were incomplete and

18  contained errors.  Relying on those Infringement Contentions, the defendants served Invalidity

19  Contentions and Merck moved for summary judgment.  AntiCancer then moved for leave to amend its

20  Infringement Contentions while admitting that the October 17, 2007 contentions were the product of

21  neglect, were incomplete, and contained errors.  As a result, the Magistrate properly found that

22  AntiCancer had not shown diligence (and therefore "good cause") and denied AntiCancer's request.

23  Rather than being "exceptional," the Magistrate's decision closely tracks those of other district

24  court's and the Federal Circuit when addressing motions for leave to amend Infringement Contentions.

25  **B.  AntiCancer Did Not File Objections To The Magistrate's Order And Forfeited
Any Right To Appellate Review**

26

27  In relevant part, Federal Rule of Civil Procedure 72(a) provides:  "Within 10 days after being

28  served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a

HOWREY LLP

JOINT OPP. TO ANTICANCER'S MTN FOR ORDER CERTIFYING
DECISION FOR APPEAL & VACATING SJ HRG PENDING APPEAL     -7-
Case No. 3:07-CV-00097-JLS-RBB

1  party may not thereafter assign as error a defect in the magistrate judge's order to which objection was

2  not timely made."  If timely objection to a magistrate's non-dispositive order is not made, the right to

3  appellate review is forfeited.  *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1175 (9th Cir.

4  1996).  When timely objection to a non-dispositive order is made, the Magistrate's order should be

5  affirmed unless it is "clearly erroneous or contrary to law."  *See* FED. R. CIV. P. 72(a); *Rivera v.*

6  *NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).  Allowing appeal in cases where no objection has

7  been filed to a Magistrate's non-dispositive order would strip the district court of its function of

8  reviewing the Magistrate's orders.  As noted in *Simpson*:

9      [P]recluding appellate review of any issue not contained in objections [] prevents a
        litigant from "sandbagging" the district judge by failing to object and then appealing.

10     Absent such a rule, any issue before the magistrate would be a proper subject for
       appellate review.  This would either force the court of appeals to consider claims that

11     were never reviewed by the district court, or force the district court to review every issue
       in every case, no matter how thorough the magistrate's analysis and even if both parties

12     were satisfied with the magistrate's report.  Either result would be an inefficient use of
       judicial resources.

13

14  *Simpson*, 77 F.3d at 1175.  Further, appeals in such situations would not relieve the court of

15  unnecessary work or improve access and would frustrate the policies behind the Magistrate's Act.  *Id.*

16      Here, by failing to timely object to the Magistrate's January 31, 2008 Order under Rule 72(a)

17  but seeking interlocutory appeal, AntiCancer is attempting to strip the district court of its function of

18  reviewing the Magistrate's Order under the "clearly erroneous or contrary to law" standard.  That is

19  precisely the reason behind the forfeiture provisions of Rule 72(a).  By seeking certification of the non-

20  objected-to order of the Magistrate, AntiCancer is requesting an order contrary to the holding in

21  *Simpson*.

22      Moreover, even if AntiCancer had filed timely objections to the Magistrate's non-dispositive

23  January 31, 2008 discovery order, the Magistrate's Order would have to be affirmed.  This Court has

24  previously noted:

25     This Court's function, on a motion for review of a magistrate judge's discovery order, is
       not to decide what decision this Court would have reached on its own, nor to determine

26     what is the best possible result considering all the available evidence.  It is to decide
       whether the Magistrate Judge, based on the evidence and information before him,

27     rendered a decision that was clearly erroneous or contrary to law.

28

HOWREY LLP

JOINT OPP. TO ANTICANCER'S MTN FOR ORDER CERTIFYING          -8-
DECISION FOR APPEAL & VACATING SJ HRG PENDING APPEAL
Case No. 3:07-CV-00097-JLS-RBB

1  *Dibel v. Jenny Craig, Inc.*, 2008 WL 344099 at *3 (S.D. Cal. Feb. 7, 2008) (internal citation and

2  quotations omitted).  "A finding is 'clearly erroneous' when, although there is enough evidence to

3  support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a

4  mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

5  No portion of the January 31, 2008 Order is "clearly erroneous or contrary to law" and

6  AntiCancer did not identify any in its moving papers.  AntiCancer has admitted that the October 17,

7  2007 contentions:  (1) were the product of "neglect" (*see* Dkt. Entry No. 65 at 4:21-22); (2) were

8  "flawed and incomplete" (*see* Dkt. Entry No. 90 at 3:6); (3) were the result of AntiCancer's counsel's

9  "failure to manage time and team better" (*see* Dkt. Entry No. 79 at 3:9); and (4) had "some inaccurate

10  priority dates" (*id.* at 2:18).  AntiCancer also admitted that its counsel chose to work on matters other

11  than this case during the relevant time frame (*id.* at 2:19-3:8) and that AntiCancer's president chose to

12  be "essentially incommunicado" (*id.* at 3:17) when the Infringement Contentions should have been

13  prepared.  It is also undisputed that all of the information that AntiCancer sought to later add with

14  respect to Merck and NIBRI was available to AntiCancer long before this suit was filed.  It is also

15  undisputed that the defendants prepared Invalidity Contentions relying on the priority dates of

16  AntiCancer's October 17, 2007 contentions.

17  In light of those facts, the Magistrate's conclusion that AntiCancer was not diligent (and

18  therefore that "good cause" did not exist for amendment of AntiCancer's Infringement Contentions)

19  was not "clearly erroneous or contrary to law."

20  ### C.      AntiCancer's Arguments Lack Merit

21  As an initial matter, Merck and NIBRI note that AntiCancer's motion is founded on the

22  transcript of the hearing held on January 14, 2008 (said transcript is attached to AntiCancer's moving

23  papers (*see* Dkt. Entry No. 90-4)).  However, the transcript of that hearing does not set forth the

24  reasons for the Magistrate's decision.  At the January 31, 2008 hearing, after affording AntiCancer

25  another chance to establish diligence with regard to the October 17, 2007 contentions, the Magistrate

26  issued a new tentative ruling setting forth the reasons for his decision.  (*See* Pistorino Decl. Ex. B.)

27  The Magistrate's comments speak for themselves and reflect very careful consideration of this issue.

28

HOWREY LLP

JOINT OPP. TO ANTICANCER'S MTN FOR ORDER CERTIFYING
DECISION FOR APPEAL & VACATING SJ HRG PENDING APPEAL
Case No. 3:07-CV-00097-JLS-RBB

-9-

1    In its motion (indeed, even in the asserted "controlling question of law"), AntiCancer asserts

2   that the Magistrate found that the defendants would not be prejudiced by amendment of the

3   Infringement Contentions.  (Mot. at 4.)  That is not correct.[4]  Instead, during the January 31, 2008

4   hearing, the Court found that the defendants would be prejudiced by amendment of the Infringement

5   Contentions, but also indicated that the prejudice might be addressed by shifting expenses to

6   AntiCancer and modifying the case schedule.  (*See* Pistorino Decl. Ex. B at 18-19.)  Though the

7   Magistrate found that the defendants would be prejudiced, the Magistrate concluded that prejudice to

8   the opposing party is not a proper consideration when the moving party the does not first establish

9   diligence.  (*Id.* at 19:14-20:4.)  *See also Johnson*, 975 F.2d at 609 ("If [the moving] party was not

10   diligent, the inquiry should end."); *O2 Micro*, 467 F.3d at 1366.  Because AntiCancer was unable to

11   establish diligence with respect to the October 17, 2007 Infringement Contentions, the Magistrate

12   properly denied AntiCancer's motion for leave to amend its Infringement Contentions.

13    AntiCancer also argues that:  "The effect of this order (unless reversed) is to exclude **all**

14   infringement contentions against two of the three defendants in this case[.]"  (Mot. at 2 (emphasis in

15   original).)  That is not correct.  Despite notice that amendments would only be allowed on a showing

16   of "good cause," AntiCancer chose not to serve infringement contentions for Merck and NIBRI and

17   otherwise comply with the Case Management Order and Patent Local Rules.  Rather than "excluding"

18   anything, the effect of the Magistrate's Order is to hold AntiCancer responsible for the deliberate

19   choices it made in serving the October 17, 2007 Infringement Contentions.[5]

20    AntiCancer's request for leave to seek interlocutory appeal is unsupported and should be

21   denied.  In addition, AntiCancer's request to vacate the hearing on Merck's motion for summary

22   _____

23   [4]   During the January 14, 2008, hearing, the Magistrate tentatively indicated that the defendants
had not shown prejudice as a result of the proposed "amendment."  Merck and Novartis addressed that
24   tentative finding both during the January 14, 2008 hearing and in their papers submitted prior to the
January 31, 2008 continuation of the hearing where the issue was again addressed.  At the hearing held
25   on January 31, the Magistrate found that amendment of AntiCancer's Infringement Contentions would
result in prejudice to the defendants.  (*See* Pistorino Decl. Ex. B at 18-19.)

26   [5]   Moreover, contrary to AntiCancer's assertion (Mot. at 2), the Magistrate's Order does not
render moot claim construction efforts as to Merck and NIBRI.  This is so because AntiCancer will be
27   bound by any claim construction adopted by the district court and collaterally estopped from
challenging that claim construction as to Merck and NIBRI.
28

**HOWREY LLP**

JOINT OPP. TO ANTICANCER'S MTN FOR ORDER CERTIFYING     -10-
DECISION FOR APPEAL & VACATING SJ HRG PENDING APPEAL
Case No. 3:07-CV-00097-JLS-RBB

1  judgment would result in increased delay and expense, would serve no useful purpose, and should be

2  denied.

3  **1.       AntiCancer's Section 1292(b) Arguments Are Without Basis**

4        As noted above, AntiCancer bears the burden of establishing, *inter alia*:  (1) that the Order

5  involves a controlling question of law; and (2) as to which there is a substantial difference of opinion.

6  The question identified by AntiCancer ("… whether a litigant who quickly amends its preliminary

7  infringement contentions …") is simply not a question of law.  Rather, AntiCancer seeks review of the

8  Magistrate's *application* of the admitted facts (*e.g.*, AntiCancer's "neglect" and errors in serving the

9  October 17, 2007 Infringement Contentions) to the undisputed law (the requirements of a "good cause"

10  showing).  That is not the appropriate subject of interlocutory appeal.

11        AntiCancer sought leave to amend its Infringement Contentions.  Infringement Contentions,

12  unlike pleadings, are governed by the more restrictive "good cause" standard under the Patent Local

13  Rules and the Magistrate's Case Management Order.  *See Berger*, 2006 WL 1095914 at *3 ("Although

14  federal courts are generally lenient in allowing parties to amend pleadings, such is not the case with

15  amending preliminary infringement contentions."); *LG Electronics, Inc. v. Q-Lily Computer, Inc.*, 211

16  F.R.D. 360, 367 (N.D. Cal. 2002) ("Unlike the liberal policy for amending pleadings, the philosophy

17  behind amending claim charts is decidedly conservative …").  Thus, AntiCancer's arguments related

18  to amendments to pleadings (Mot. at 4) are inapposite.

19        Though cited by AntiCancer in support of its "controlling question of law" argument (Mot. at

20  4), *Voda v. Cordis Corp.*, 476 F.3d 887 (Fed. Cir. 2007) illustrates the difference between a "question

21  of law" (that may properly be the subject of a section 1292(b) appeal) and the mere application of facts

22  to the undisputed law (which is not the proper subject of section 1292(b) appeal).  In *Voda*, the Federal

23  Circuit agreed to consider an interlocutory appeal concerning whether the supplemental jurisdiction

24  statute extended to infringement claims based on foreign patents.  *Id*. at 890.  The meaning of a

25  statutory provision (*i.e.*, the supplemental jurisdiction statute, 28 U.S.C. § 1367) and abstract legal

26  issues (*i.e.*, whether United States courts have supplemental jurisdiction to consider infringement

27  claims based on foreign patents) are recognized questions of law.  *Ahrenholz*, 219 F.3d 676-77; 19

28  MOORE'S FEDERAL PRACTICE § 203.31 (Supp. 2007).  By contrast, AntiCancer does not seek leave to

HOWREY LLP

JOINT OPP. TO ANTICANCER'S MTN FOR ORDER CERTIFYING
DECISION FOR APPEAL & VACATING SJ HRG PENDING APPEAL        -11-
Case No. 3:07-CV-00097-JLS-RBB

1  appeal the meaning of a statute or regulation.  Instead, AntiCancer seeks leave to appeal the

2  *application* of the admitted facts of this case (*i.e.*, AntiCancer's lack of diligence in preparing the

3  October 17, 2007 Infringement Contentions) to the undisputed legal standard of "good cause."  That is

4  not a question of law.

5  　　　AntiCancer's "substantial grounds for difference of opinion" argument (Mot. at 5) suffers from

6  the same defect in that AntiCancer has not identified a difference of opinion as to a "question of law."

7  In each case cited by AntiCancer, the Court applied the "good cause" standard to the facts before it to

8  determine whether amendment of contentions was warranted.  *See Berger*, 2006 WL 1095914 at *2-5

9  (citing *Johnson*); *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp.2d 845, 850-51 (E.D. Tex.

10  2004) ("The 'good cause' standard requires the party seeking relief to show that the deadlines cannot

11  reasonably be met despite the diligence of the party needing the extension."); *Tessera, Inc. v.

12  Advanced Micro Devices, Inc.*, 2007 WL 1288199 at *1 (N.D. Cal. Apr. 30, 2007) ("Good cause

13  requires a showing of diligence[.]"); *General Atomics v. Axis-Shield ASA*, 2006 WL 2329464 at *1

14  (N.D. Cal. Aug. 9, 2006).  Rather than a "question of law," these cases merely show that different facts

15  can lead to different conclusions even when the same legal standard is applied.

16  　　　AntiCancer's claim that there is "great uncertainty" about the "good cause" standard is not

17  correct.  Both the Federal Circuit and the Ninth Circuit have addressed the "good cause" standard and

18  the Federal Circuit expressly considered the "good cause" standard in the context of denials of leave to

19  amend Infringement Contentions.  *See O2 Micro*, 467 F.3d at 1366 ("We agree with the Northern

20  District of California that 'good cause' requires a showing of diligence."); *see also Berger*, 2006 WL

21  1095914 at *2-5, 2007 WL 200935 (affirming denial of leave to amend infringement contentions for

22  lack of diligence and "good cause").  Rather than being "uncertain," "good cause" is a "well-

23  established" test.  (*See* Pistorino Decl. Ex. A at 2 (amendments "regulated by the well-established

24  'good cause' test.").)

25  　　　Accordingly, AntiCancer has not met it burden of showing that the Magistrate's Order involves

26  a "controlling question of law" as to which there are substantial grounds for difference of opinion.

27

28

HOWREY LLP

JOINT OPP. TO ANTICANCER'S MTN FOR ORDER CERTIFYING
DECISION FOR APPEAL & VACATING SJ HRG PENDING APPEAL    -12-
Case No. 3:07-CV-00097-JLS-RBB

1
**2.       The Court Should Not Vacate The Summary Judgment Hearing[6]**

2      AntiCancer's request that Merck's (and NIBRI's) motion(s) for summary judgment be taken

3   off calendar presumes and is dependent upon the Court granting AntiCancer's request for leave to seek

4   interlocutory appeal.  Thus, if the Court does not grant AntiCancer's request for leave to seek

5   interlocutory appeal, the Court need not reach the issue of Merck's and NIBRI's pending motions for

6   summary judgment.

7      AntiCancer's argument that vacating the summary judgment hearing date will "minimize[] the

8   need for two appeals" (Mot. at 6) appears to have the issue exactly backwards.  As proposed by

9   AntiCancer, two appeals are nearly certain and will result in increased delay and expense to the Court,

10   the Federal Circuit, and the parties.  The Federal Circuit rarely grants leave for interlocutory appeal

11   even when the district court certifies a matter for section 1292(b) interlocutory appeal.  Nevertheless,

12   AntiCancer proposes that the parties and Court endure delay and expense while AntiCancer attempts to

13   pursue this highly unlikely route.  In the event that the Federal Circuit declines to consider

14   AntiCancer's request for interlocutory appeal (which given the rare nature of grants by the Federal

15   Circuit is the most likely result), then a second appeal would likely occur should the Court grant

16   Merck's motion for summary judgment.  Thus, Merck, NIBRI, the district court, and the Federal

17   Circuit would be put to the delay and expense of multiple appeals.

18      Rather than the multiple appeals apparently contemplated by AntiCancer, the most efficient

19   route to resolution of the issues before the Court would be for the Court to:  (1) deny AntiCancer's

20   request for leave to seek interlocutory appeal; and (2) promptly consider Merck's and NIBRI's motions

21   for summary judgment as currently scheduled.  If Merck's and NIBRI's motions are granted, all the

22   issues related to alleged infringement by Merck and NIBRI and AntiCancer's effort to amend its

23   Infringement Contentions would be subject to a single appeal not subject to discretionary consideration

24   by the Federal Circuit.  That is the approach most likely to result in judicial and party economy.

25   _____

26      [6]  Subsequent to AntiCancer's motion for leave to seek interlocutory appeal and request to vacate
the hearing date on Merck's already pending motion for summary judgment, NIBRI moved for
27   summary judgment of non-infringement on the same grounds as Merck and that matter has been set for
hearing on the same date.  Accordingly, NIBRI's motion for summary judgment is addressed here in
28   the interests of economy.

HOWREY LLP

1  **III.    CONCLUSION**

2          AntiCancer admits that it chose to neglect this case and serve Infringement Contentions that

3  were the product of that neglect.  Having chosen to neglect this matter, AntiCancer was unable to show

4  that it was diligent and thus establish "good cause" for leave to amend its Infringement Contentions to

5  include information that it knew of even before this case was filed.  In addition, AntiCancer chose not

6  to file objections to the Magistrate's Order denying its request for leave to amend its Infringement

7  Contentions and, thus, has waived all objections to the Magistrate's Order.  These are deliberate

8  choices and, having made such choices, AntiCancer should be held responsible for them.

9          AntiCancer has not shown that the requirements of section 1292(b) have been met and this case

10  is not the "exceptional circumstance" that section 1292(b) was designed to address.  Finally, vacating

11  the hearing date on Merck's and NIBRI's motions for summary judgment will not result in judicial or

12  party economy and, in fact, is likely to lead only to further delay and expense.

13          Accordingly, AntiCancer's motion should be denied in all respects.

14

15  Dated:  March 28, 2008                                        Respectfully submitted,

16                                                                            HOWREY LLP

17

18                                                           By:   /s/ James C. Pistorino
                                                                    James C. Pistorino
19                                                                  John F. Lynch (admitted *pro hac vice*)
                                                                    Adam K. Whiting, Ph.D.
20
                                                                    Attorneys for Defendant
21                                                                  MERCK & CO., INC.

22  Dated:  March 28, 2008                                        DUANE MORRIS LLP
23

24                                                           By:   /s/ John P. Cooley
25                                                                  Karen Shichman Crawford
                                                                    John P. Cooley
26                                                                  Courtney L. Bunt

27                                                                  Attorneys for Defendant
                                                                    NOVARTIS INSTITUTES FOR
28                                                                  BIOMEDICAL RESEARCH, INC.

21118869

HOWREY LLP

JOINT OPP. TO ANTICANCER'S MTN FOR ORDER CERTIFYING                    -14-
DECISION FOR APPEAL & VACATING SJ HRG PENDING APPEAL
Case No. 3:07-CV-00097-JLS-RBB

1 | ***AntiCancer, Inc. v. Cambridge Research & Instrumentation, Inc., et al.***
**U.S.D.C. – S. D. Cal. Case No. 3:07-CV-00097-JLS-RBB**

2

3 | <u>**CERTIFICATE OF SERVICE**</u>

4 |      The undersigned hereby certifies that all counsel of record who are deemed to have consented

5 | to electronic service are being served this 28th day of March, 2008 with a copy of this document via the

6 | Court's CM/ECF system.  I certify that all parties in this case that have made an appearance to date are

7 | represented by counsel who are CM/ECF participants.

8

9 |                            By:   <u>/s/ James C. Pistorino</u>

10 |                                      James C. Pistorino

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HOWREY LLP**

CERTIFICATE OF SERVICE
Case No. 3:07-CV-00097-JLS-RBB

-1-