# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC.,<br><br>                           Plaintiff,<br><br>  vs.<br><br>CAMBRIDGE RESEARCH & INSTRUMENTATION, INC.; MERCK & CO., INC.; and NOVARTIS INSTITUTES FOR BIOMEDICAL RESEARCH, INC.,<br><br>                           Defendants. | CASE NOS. 07CV97 JLS (RBB) (Lead) and 07CV1004 JLS (AJB) (Partially consolidated)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR ORDER CERTIFYING DECISION FOR INTERLOCUTORY APPEAL OR, IN THE ALTERNATIVE, OBJECTION TO RULING OF MAGISTRATE JUDGE and (2) GRANTING ONE DAY EXTENSION IN BRIEFING SCHEDULE ON MOTIONS FOR SUMMARY JUDGMENT**<br><br>(Doc. No. 90 in 07cv97) |
| ANTICANCER, INC.,<br><br>                           Plaintiff,<br><br>  vs.<br><br>EASTMAN KODAK COMPANY,<br><br>                           Defendant. | |

On January 31, 2008, Magistrate Judge Ruben B. Brooks denied Anticancer, Inc.'s ("plaintiff") motion for leave to amend its preliminary infringement contentions pursuant to Patent Local Rule 3.7. Presently before the Court is plaintiff's motion to certify Magistrate Judge

1  Brooks's Order for immediate appeal to the Federal Circuit Court of Appeals. (Doc. No. 90 in
2  07cv97.) Pending this appeal, Anticancer also moves for the Court to vacate the May 8, 2008
3  hearing date currently set for various defendants' motions for summary judgment. In its reply,
4  Anticancer asks that its motion be construed, in the alternative, as an objection to Magistrate Judge
5  Brooks's Order pursuant to FRCP 72. (Doc. No. 102.) For the reasons stated herein, the Court
6  denies plaintiff's motion/objection and sua sponte grants a one-day extension in the schedule for
7  filing the remaining briefs related to the pending motions for summary judgment.

## BACKGROUND

On January 12, 2007, plaintiff filed the complaint for patent infringement in this action. (Doc. No. 1.) Plaintiff twice amended the complaint, with the second amended complaint deemed filed on June 27, 2007. (Doc. No. 26.) On September 27, 2007,[1] Magistrate Judge Brooks conducted an early neutral evaluation and case management conference. Magistrate Judge Brooks's case management order set a deadline of October 15, 2007 for plaintiff to serve its preliminary infringement contentions. (Doc. No. 49.) Because plaintiff's counsel admittedly calendared the date incorrectly, plaintiff did not serve its preliminary infringement contentions until October 17, 2007.[2] (Pl. Motion Exhibit, at 2:22—3:1.) Subsequently, plaintiff received notification from defense counsel of deficiencies in the contentions, including the omission of contentions related to defendants Merck & Co., Inc. ("Merck") and Novartis Institutes for Biomedical Research, Inc. ("NIBRI") and inaccurate priority dates for the patents-in-suit. (Lawton Supp. Decla. ISO Motion to Amend ¶¶ 3, 5.) At a telephonic conference for all parties' counsel on November 6, 2007, plaintiff proposed to file and serve amended contentions later that month. (Pl. Motion Exhibit, at 3:7-11.) Defendants would not stipulate to the filing of amended contentions. (Id. at 3:12-15.) In fact, when Merck did not receive the proposed amended contentions on November 12 (the date that plaintiff had promised in writing), Merck filed a motion

---

[1] September 27, 2007 is also the date that the action was reassigned to this Court. The case had previously been assigned to the Hon. Rudi A. Brewster and then the Hon. William Q. Hayes.

[2] Defendants did not challenge the untimely filing of this first set of contentions.

1  for summary judgment of non-infringement.³  (Id. at 24:20-25; see Doc. No. 62.)

2  Anticancer moved for leave to amend its preliminary infringement contentions pursuant to
3  Patent Local Rule 3.7⁴ on November 20, 2007.  (Doc. No. 65.)  The Court referred the motion to
4  Magistrate Judge Brooks on November 30, 2007.  (Doc. No. 66.)  Magistrate Judge Brooks
5  conducted a hearing on January 14, 2008.  After announcing that he was tentatively inclined to
6  deny the motion because plaintiff did not establish good cause, Magistrate Judge Brooks allowed
7  plaintiff to submit a supplemental declaration addressing (1) the reasons why plaintiff's first round
8  of preliminary infringement contentions was incomplete and (2) why plaintiff omitted these
9  reasons from its motion papers.  (Motion Exhibit, at 10:12-19, 43:6-15.)  Defendants were also
10 allowed to file responses to the supplemental declaration.  (Id. at 43:15-17.)

11 In the supplemental declaration, plaintiff explained that, during the drafting of the
12 preliminary infringement contentions, its lead counsel, Mr. Dan Lawton, was preparing for trial in
13 three other cases and taking depositions in a fourth case.  (Lawton Supp. Decla. ISO Motion to
14 Amend ¶ 3.)  Furthermore, plaintiff's person most knowledgeable concerning the infringement
15 contentions, Dr. Robert M. Hoffman, was out of the country from September 29 through most of
16 October 2007.  (Id. ¶ 4.)  Although other attorneys drafted the preliminary infringement
17 contentions, Mr. Lawton twice accepted full responsibility for flaws in the contentions—both in
18 the supplemental declaration and at the continued hearing on plaintiff's motion.  (Id. ¶ 2; Pistorino
19 Decla. IOT Motion, Exhibit B, at 21:8-15.)

20 At that continued hearing, held on January 31, 2008, Magistrate Judge Brooks again
21 announced a tentative ruling to deny plaintiff's motion because plaintiff failed to establish good
22 cause.  (Pistorino Decla. IOT Motion, Exhibit B, at 21:4-5.)  After hearing argument from
23 plaintiff's counsel, Magistrate Judge Brooks recessed the proceedings to review again two
24 unpublished district court opinions on which plaintiff heavily relied, both in its motion for leave to

---

³ Plaintiff's preliminary infringement contentions were served the next day after Merck filed its motion.

⁴ Patent Local Rule 3.7 states, in relevant part: "Amendment or modification of the Preliminary or Final Infringement Contetions . . . , other than as expressly permitted . . . , may be made only by order of the court, which will be entered only upon a showing of good cause."

amend and in the present motion for certification of an interlocutory appeal.  See Tessera, Inc. v. Advanced Micro Devices, Inc., No. C 05-4063 CW, 2007 U.S. Dist. LEXIS 35957 (N.D. Cal. Apr. 30, 2007); Gen. Atomics, Diazyme Labs. Div. v. Axis-Shield ASA, No. C 05-04074 SI, 2006 U.S. Dist. LEXIS 58939 (N.D. Cal. Aug. 9, 2006).  When the hearing resumed, Magistrate Judge Brooks elaborated on his reasoning, distinguished Tessera and General Atomics, and denied plaintiff's motion for the reasons stated on the record.  (Pistorino Decla. IOT Motion, Exhibit B, at 32:15—34:25.)

Plaintiff filed the present motion for an Order certifying the decision for interlocutory appeal on February 6, 2008.  (Doc. No. 90.)  Defendants filed oppositions on March 28, 2008.  (Doc. Nos. 100-101.)  Defendants pointed out that plaintiff failed to file timely objections to Magistrate Judge Brooks's Order, pursuant to FRCP 72(a).  (Doc. No. 100, at 1; Doc. No. 101, at 8.)  Plaintiff filed its reply on April 4, 2008, arguing that the Court could treat its motion, in the alternative, as a timely objection to Magistrate Judge Brooks's Order.  (Doc. No. 102.)  Finding the matter appropriate for disposition on the papers without oral argument, the Court took the matter off calendar and under submission, pursuant to Civil Local Rule 7.1(d)(1).

## DISCUSSION

**A.     Certification for Interlocutory Appeal**

A district court may certify an Order for interlocutory appeal if the Order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion, and [3] [the interlocutory appeal] may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b); Piper Jaffray & Co. v. Mktg. Group, USA, Inc., No. 06-CV-2478-H (POR), 2007 WL 2316996, at *1 (S.D. Cal. Aug. 9. 2007).  Here, Anticancer moves this Court for an Order certifying the following issue for interlocutory appeal:

> Does the district court commit reversible error by finding that "good cause" within the meaning of Southern District of California Patent Local Rule 3.7 does not exist for granting the plaintiff leave to amend its preliminary infringement contentions, where plaintiff circulated proposed amended contentions within four weeks after having served its initial preliminary infringement contentions, where the amendments predated defendants' service of their invalidity contentions, where the district court specifically found that there was no prejudice to any defendant triggered by the proposed amended contentions, and where the claim construction hearing is still several months away?

(Notice of Motion, at 2.)

Applying the statutory standard to these facts, plaintiff has not presented "a controlling question of law." District courts should limit their authorization of interlocutory appeals to "abstract legal issues that can be decided quickly and cleanly without having to study the record." 19 George C. Pratt, Moore's Federal Practice–Civil ¶ 203.31 (2007) (citing Ahrenholz v. Bd. of Trs. of Univ. of Ill., 219 F.3d 674, 676-77 (7th Cir. 2000)). Examples of questions suitable for interlocutory appeal include the existence of a claim as a matter of law, the availability of an affirmative defense, jurisdiction, venue, and standing. Id. In the case plaintiff cites for the proposition that the Federal Circuit entertains interlocutory appeals of rulings on motions to amend pleadings, the actual question presented was the district court's supplemental subject matter jurisdiction over foreign patents. See Voda v. Cordis Corp., 476 F.3d 887, 890 (Fed. Cir. 2007).

Here, plaintiff asks the Court to certify an issue which would require the Federal Circuit to delve into the factual record. Plaintiff's proposed statement of the issue includes a specific time frame between the service of initial and amended preliminary infringement contentions, a chronology placing the service of amended contentions before the service of defendants' invalidity contentions and the Markman hearing, and a specific factual finding by the magistrate judge concerning the absence of prejudice. Furthermore, the issue of whether "good cause" exists to amend infringement contentions falls squarely within the trial court's discretion. See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp., 420 F.3d 1369, 1380 n.5 (Fed. Cir. 2005). Such discretionary, fact-intensive decisions do not amount to controlling questions of law.

To the limited extent that plaintiff submits a bona fide question of law, there is no substantial ground for difference of opinion. Plaintiff claims a difference of opinion on whether a court can find an absence of good cause where amendment of preliminary contentions would cause no prejudice to the other side.[5] However, the Federal Circuit has expressed its agreement with

---

[5] On April 11, 2008, plaintiff requested that the Court take judicial notice of an article in the Los Angeles Daily Journal concerning amendments to the Patent Local Rules of the Northern District of California and the divergence of opinion among courts—even among district judges within the same court—over the meaning of "good cause." This article reflects the opinions of its author, which are "subject to reasonable dispute." See Fed. R. Evid. 201(b); United States v. Decker, 600 F.2d 733, 738 n.9 (9th Cir. 1979). The Court denies the request for judicial notice.

courts of the Ninth Circuit that "'good cause' requires a showing of diligence." O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366 (Fed. Cir. 2006) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).  Therefore, the Federal Circuit has already affirmed that a court may deny leave to amend where, as here, the court found that the plaintiff was not diligent and, therefore, did not establish good cause.  As for the varying results reached by district courts, those outcomes are the predictable by-product of a fact-intensive determination reviewed for abuse of discretion.

Finally, the interlocutory appeal will not materially advance the ultimate termination of the litigation.  Both parties' arguments on this prong invite the Court to speculate on the outcome of the pending motions for summary judgment.  Without engaging in said speculation, the Court observes that, if some (but not all) defendants prevailed on summary judgment because of an absence of preliminary infringement contentions against them, FRCP 54(b) would allow the Court to enter final judgment as to those defendants.  Plaintiff could then appeal that judgment to the Federal Circuit, arguing that this Court erroneously granted summary judgment because it first erred by denying leave to amend.  Indeed, this sequence of events would exactly match the procedure of O2 Micro.  467 F.3d at 1362.  If the Court granted summary judgment as to all defendants, plaintiff could appeal, even without invoking FRCP 54(b).  Because all three defendants' motions for summary judgment are calendared for hearing in less than a month, granting plaintiff an interlocutory appeal would not produce a materially quicker resolution of this action.[6]

None of the three statutory criteria for interlocutory appeal are satisfied by plaintiff's present motion.  Therefore, the motion is denied.

**B.    Objection to Magistrate Judge's Order**

The undisputed facts establish that plaintiff did not file timely objections to Magistrate Judge Brooks's Order within ten days of being served, pursuant to FRCP 72(a) (nondispositive matters) or 72(b)(2) (dispositive matters).  However, plaintiff filed its motion for certification of an

---

[6] To reiterate, nothing in the Court's analysis of the interlocutory appeal should be construed as an indication of how the Court will rule on the pending motions for summary judgment.

interlocutory appeal within the ten-day window.  In its reply, responding to defendants' arguments that plaintiff waived its right to appeal Magistrate Judge Brooks's Order by failing to object timely, plaintiff invited the Court to construe its motion as a timely objection under FRCP 72. Plaintiff has submitted authorities explaining that the ten-day deadline is non-jurisdictional and allowing district courts to reach the merits of untimely objections under certain circumstances. See Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) (excusing failure if magistrate judge committed "plain error" in rejecting argument of "substantial merit"); Kruger v. Apfel, 214 F.3d 784, 787 (7th Cir. 2000) (considering objections filed "not egregiously late" when the resulting delay does not prejudice the other side); Smiley v. Smith, Civil No. 05-10065-BC, 2005 U.S. Dist. LEXIS 41979, at *15 (E.D. Mich. Sept. 30, 2005) (construing motion for relief from judgment as a timely filed objection).

Even if the Court treats plaintiff's motion for certification of an interlocutory appeal as a timely objection, plaintiff still loses on the merits. The typical rule is that motions to amend pleadings are non-dispositive pretrial matters.  Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993); Rubin v. Valicenti Advisory Servs., Inc., 471 F. Supp.2d 329, 333 (W.D.N.Y. 2007).  Here, plaintiff tries to carve out an exception to that rule, arguing that the denial of leave to amend is dispositive because it effectively extinguishes the infringement claim against defendants omitted from the first set of preliminary infringement contentions.  The cases cited by plaintiff, however, found the motion for leave to amend "dispositive" because of a much closer nexus between the magistrate judge's ruling and the elimination of a particular claim or defense. See, e.g., Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1183 n.13 (3d Cir. 1994) (reviewing grant of leave to amend pursuant to FRCP 15 because relation back would dispose of statute of limitations defense); Elrod v. Swanson, 478 F. Supp. 2d 1252, 1259 (D. Kan. 2007) (finding denial of motion to compel process on unserved defendants to be dispositive because it extinguished claims against defendant not served).   Here, denial of leave to amend does not extinguish plaintiff's infringement claims on its own: defendant(s) must still prevail on summary judgment.

Because Magistrate Judge Brooks's Order decided a nondispositive matter, this Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R.

Civ. P. 72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see also Anderson v.Equifax Info. Servs. LLC, No. CV 05-1741-ST, 2007 WL 2412249, at *1 (D. Or. 2007) ("magistrate judges are given broad discretion . . . and should not be overruled absent a showing of clear abuse of discretion.").

     Here, the Court finds that Magistrate Judge Brooks's Order denying leave to amend was not clearly erroneous or contrary to law.  Patent Local Rule 3.7 incorporates the "good cause" requirement of FRCP 16(b) for the amendment of scheduling orders.  In the FRCP 16(b) context, the primary consideration in the "good cause" inquiry is the diligence of the party moving for amendment.  Johnson, 975 F.2d at 609.  Consistent with precedent, Magistrate Judge Brooks conducted a diligence inquiry that considered not only plaintiff's diligence in moving to amend, but also its diligence in filing the original preliminary infringement contentions.  See STMicroelectronics, Inc. v. Motorola, Inc., 307 F. Supp. 2d 845, 850-51 (E.D. Tex. 2004) (denying leave to amend because plaintiff failed to show its diligence prior to the deadline for filing infringement contentions); Berger v. Rossignol Ski Co., Inc., No. C 05-02523 CRB, 2006 WL 1095914, at *4 (N.D. Cal. Apr. 25, 2006) (finding that counsel's declaration failed to establish "good cause" because it did not explain why errors and omissions appeared in preliminary infringement contentions to begin with).  Applied to the facts, Magistrate Judge Brooks found that plaintiff was not diligent in filing its preliminary infringement contentions. Although plaintiff had a representative at the early neutral evaluation and case management conference, plaintiff's person most knowledgeable was traveling abroad during the actual preparation of preliminary infringement contentions.  Furthermore, plaintiff's counsel's only justification for the deficiencies in the first round of contentions was the preoccupation with other work.  A finding of no diligence and, in turn, an absence of good cause comports with a sister district court's statement that "the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the shifting sands approach to claim construction." LG Elecs. Inc. v. Q-Lity Computer Inc., 211 F.R.D. 360, 367 (N.D. Cal. 2002) (internal quotation omitted).

1    Plaintiff believes that Magistrate Judge Brooks should have assigned greater weight to the
2    factors mentioned in Tessera and General Atomics, including the minimal length of time since
3    service of preliminary infringement contentions, the early stage of the case, and plaintiff's specific
4    diligence in moving for leave to amend.  Given the highly deferential standard of review
5    associated with these fact-intensive determinations, the Court declines to go back and re-balance
6    the competing considerations.  The Court is convinced that Magistrate Judge Brooks thoroughly
7    considered the Tessera and General Atomics cases: in fact, he recessed the continued hearing so he
8    could review both opinions and distinguished both opinions on the record before issuing his final
9    ruling.  As explained supra, Magistrate Judge Brooks's emphasis on plaintiff's lack of diligence in
10   filing its initial preliminary infringement contentions followed existing precedent.

11   Finally, Magistrate Judge Brooks's reasoning was not clearly erroneous or contrary to law
12   by failing to grant leave to amend despite the lack of prejudice to the defendants.  Johnson holds,
13   "[a]lthough the existence or degree of prejudice to the party opposing the modification might
14   supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's
15   reasons for seeking modification.  If that party was not diligent, the inquiry should end."  975 F.2d
16   at 609 (internal citation omitted).  In O2 Micro, a case involving the denial of leave to amend
17   preliminary infringement contentions, the Federal Circuit endorsed the Ninth Circuit's emphasis
18   on the moving party's diligence in the "good cause" inquiry.  Magistrate Judge Brooks properly
19   based his denial of leave to amend on plaintiff's lack of diligence, regardless of the "modest and
20   curable" prejudice that defendants would suffer from the filing of amended contentions.  (See
21   Pistorino Decla. IOT Motion, Exhibit B, at 18:21.)

**CONCLUSION**

23   For the reasons stated herein, the Court **DENIES** plaintiff's motion for certification of an
24   interlocutory appeal and **DENIES** plaintiff's objection to Magistrate Judge Brooks's Order
25   denying leave to amend its preliminary infringement contentions.  Because the Court affirms
26   Magistrate Judge Brooks's Order, defendants' motions for summary judgment **SHALL REMAIN**
27   **CALENDARED** for Thursday, May 8, 2008.

28   Because this Order is docketed one business day after plaintiff's motion was scheduled for

oral argument, the Court sua sponte **GRANTS** one-day extensions for filing the opposition and reply briefs for the motions for summary judgment.  Plaintiff **SHALL FILE** its opposition briefs on or before April 25, 2008, and defendants **SHALL FILE** their respective reply briefs on or before May 2, 2008.

    IT IS SO ORDERED.

DATED: April 14, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge