James C. Pistorino (SBN 226496)
John F. Lynch (admitted *pro hac vice*)
Adam K. Whiting, Ph.D. (SBN 230083)
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA  94303
Telephone:  (650) 798-3500
Facsimile:   (650) 798-3600
E-Mail:  PistorinoJ@howrey.com
E-Mail:  LynchJ@howrey.com
E-Mail:  WhitingA@howrey.com

Attorneys for Defendant
MERCK & CO., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CAMBRIDGE RESEARCH & INSTRUMENTATION, INC., a Delaware corporation; MERCK & CO., INC., a New Jersey corporation; NOVARTIS INSTITUTES FOR BIOMEDICAL RESEARCH INC., a Delaware corporation; and DOES 17-50,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:07-CV-00097-JLS-RBB<br><br>**MERCK & CO., INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**<br><br>Hearing Date:     May 8, 2008<br>Time:                  1:00 p.m.<br>Courtroom:        6, 3rd Floor<br>Judge:       Honorable Janis L. Sammartino |

HOWREY LLP

1

## <u>TABLE OF CONTENTS</u>

2
<u>Page</u>

3   I.    ACTIVITY SINCE MERCK FILED ITS MOTION FOR SUMMARY
4         JUDGMENT................................................................................................................2

      II.   DISCUSSION..............................................................................................................2
5
6             A.    AntiCancer Has Not Demonstrated A Genuine Issue Of Material Fact And
                    Merck's Motion For Summary Judgment Should Be Granted.........................3

7                   1.    The '523 And '968 Patents.................................................................3

8                   2.    The '038, '384, And '159 Patents ......................................................4

9                         a.    The Lack Of Infringement Contentions Precludes Theories
10                              Of Infringement By Merck ......................................................4

11                        b.    Even If The Court Were Willing To Consider AntiCancer's
                                Improper Evidence/Contentions Of Infringement,
12                              AntiCancer Did Not Demonstrate A Genuine Issue Of
                                Material Fact............................................................................5

13            B.    AntiCancer's Arguments Lack Merit ..............................................................6

14                  1.    Claim Construction Is Not Needed/Is Inappropriate .........................6

15                  2.    AntiCancer Is Barred From Offering Infringement
16                        Allegations.........................................................................................8

                    3.    AntiCancer's Misplaced Rule 56(f) Arguments.................................9
17
      III.  CONCLUSION ........................................................................................................10
18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Athletic Alternatives, Inc. v. Prince Manufacturing, Inc.*,
    73 F.3d 1573 (Fed. Cir. 1996) .................................................................................. 6

*Control Resources, Inc. v. Delta Electronics, Inc.*,
    133 F. Supp.2d 121, 2001 U.S. Dist. LEXIS 4485 (D. Mass. March 30, 2001) .......... 8

*Cybiotronics, Ltd. v. Golden Source Electronics, Ltd.*,
    2001 WL 327826 (C.D. Cal. Feb. 26, 2001) ............................................................. 10

*Integra Lifesciences I, Ltd. v. Merck KgaA*,
    2003 U.S. App. LEXIS 27796 (Fed. Cir. 2003) ......................................................... 1

*Lucent Technologies, Inc. v. Gateway, Inc.*,
    2007 WL 1877982 (S.D. Cal. June 27, 2007) ............................................................ 8

*Markman v. Westview Instruments, Inc.*,
    52 F.3d 967 (Fed. Cir. 1995) .................................................................................... 6

*McNulty v. Taser International Inc.*,
    2002 U.S. Dist. LEXIS 6810 (C.D. Cal. Feb. 4, 2002) .............................................. 8

*Mextel, Inc. v. Air-Shields, Inc.*,
    2005 WL 226112 (E.D. Pa. Jan. 31, 2005).............................................................. 7

*NessCap Co. v. Maxwell Technologies, Inc.*,
    2007 U.S. Dist. LEXIS 89450 (S.D. Cal. Dec. 5, 2007) ........................................... 8

*Nidds v. Schindler Elevator Corp.*,
    113 F.3d 912 (9th Cir. 1996) .................................................................................... 9

*O2 Micro International Ltd. v. Monolithic Power Systems, Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006) ................................................................................ 8

*Scosche Industries, Inc. v. Visor Gear Inc.*,
    121 F.3d 675 (Fed. Cir. 1997) .................................................................................. 9

*State of California v. Campbell*,
    138 F.3d 772 (9th Cir. 1998) .................................................................................... 9

*TypeRight Keyboard Corp. v. Microsoft Corp.*,
    2002 U.S. Dist. LEXIS 27468 (S.D. Cal. March 28, 2002) ....................................... 8

*Venetec International, Inc. v. Medical Device Group, Inc.*,
    2007 WL 2238475 (S.D. Cal. Aug. 3, 2007)............................................................. 8

*Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*,
    520 U.S. 17 (1997) ................................................................................................... 5

*Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*,
    442 F.3d 1322 (Fed. Cir. 2006) ................................................................................ 7

1  **<u>OTHER AUTHORITIES</u>**

2  11 *Moore's Federal Practice* § 56.10[8][a] ................................................................9

3  **<u>RULES</u>**

4  Federal Rule of Civil Procedure 30(b)(6) ..............................................................10

5  Federal Rule of Civil Procedure 56 .......................................................................6, 8

6  Federal Rule of Civil Procedure 56(e) ........................................................................8

7  Federal Rule of Civil Procedure 56(f) ............................................................6, 9, 10

8  Federal Rule of Civil Procedure 72(a).......................................................................2

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Merck & Co., Inc.'s ("Merck")[1] motion for summary judgment should be granted.  Since the start of this case, AntiCancer, Inc. ("AntiCancer") has both refused and failed to identify anything that Merck has ever done that allegedly infringes all of the elements of any of claims of the five United States patents that AntiCancer accused Merck of willfully infringing.  AntiCancer's opposition to Merck's motion for summary judgment continues this pattern.

Putting aside the effect of AntiCancer's failure to comply with the Case Management Order of October 3, 2007 (Dkt. #49) and the Patent Local Rules with respect to Infringement Contentions, AntiCancer's opposition still fails to demonstrate a genuine issue of material fact as to each element of any asserted claim of any of the patents-in-suit.  Rather than actually offering evidence of each element of any of the asserted claims, AntiCancer merely offers that its patents are "implicated" by a list of alleged activities – none of which are actually compared to the elements of the asserted claims.  (Opp. at 3:8; Hoffman Decl. at 2:12-14.)  Conclusory statements like that have never been sufficient to resist a motion for summary judgment and Merck's motion should be granted.

The procedural rules (and AntiCancer's failure and inability to comply with them) and Merck's motion operated as they were intended to; they revealed the baseless nature of AntiCancer's allegations early in the case.[2]  This is *not* a case where claims for which there was some basis are barred by a procedural failure.

Merck's motion should be granted.

_____

[1]   AntiCancer's opposition mistakenly asserts:  "In the past, this Court and the Federal Circuit have held Merck liable for infringing the patents of local life sciences companies involved in drug research.  *See Integra Lifesciences I, Ltd. v. Merck KgaA*, 2003 U.S. App. LEXIS 27796, *3, 33 (Fed. Cir. 2003)."  (Opp. at 4.)  Merck KGaA is a German company that, as a result of reparations for World War I, has been totally separate from Merck & Co., Inc. (a United States company and the defendant and counterclaimant in this action) for more than 90 years.  Merck & Co., Inc. was simply not a party to and had no interest in the *Integra* case.  For a description of the history of both Merck & Co., Inc. and Merck KGaA, see www.wikipedia.org and search for "Merck."

[2]   Though not before more than a year of litigation including invalidity contentions (identifying some 329 prior art references and charting 72 references against 18 claims), the beginning of claim construction proceedings, motion practice and two hearings on AntiCancer's motion for leave to amend its Infringement Contentions, motion practice related to AntiCancer's request for interlocutory appeal, and the current motion.  It is self-evident that these activities resulted in attorneys' fees incurred by Merck.

1    **I.        ACTIVITY SINCE MERCK FILED ITS MOTION FOR SUMMARY JUDGMENT**

2             Merck's motion for summary judgment was filed on November 12, 2007 – more than five

3    months ago – after AntiCancer served untimely Infringement Contentions on October 17, 2007 that

4    failed to include any contentions with respect to Merck.[3]  The day after Merck filed its motion for

5    summary judgment, AntiCancer attempted to serve "amended" preliminary infringement contentions

6    regarding Merck.[4]  Thereafter, AntiCancer moved for leave to "amend" its infringement contentions

7    with respect to Merck and all parties to this case.  Because AntiCancer was not diligent in preparing

8    the October 17 contentions, AntiCancer's motion was denied by Magistrate Brooks on January 31,

9    2008 (Dkt. #88) and AntiCancer's request to certify Magistrate Brook's denial for interlocutory appeal

10   was denied by this Court on April 14, 2008 (Dkt. #106).  The Court also refused to reverse the

11   Magistrate's decision under Federal Rule of Civil Procedure 72(a).

12   **II.       DISCUSSION**

13            In its moving papers, Merck made a *prima facie* showing of the absence of a genuine issue of

14   material fact as to alleged infringement of the five patents-in-suit.  AntiCancer's opposition fails to

---

16      [3]     In the declaration of Dan Lawton attached to AntiCancer's opposition, Mr. Lawton alleges
17   "Falsehoods in Merck's motion concerning discovery."  (*See* Lawton Decl. at ¶ 9.)  In particular, Mr.
     Lawton asserts that on November 12, 2007, Merck's counsel "falsely" wrote that AntiCancer "did not
18   produce any of the documents required by the Court's order." (citing Merck's Mot. at 5:24).  Mr.
     Lawton then lists five document productions by AntiCancer during the month of November 2007 as
19   well as a document production occurring on December 10, 2007.  Mr. Lawton continues and asserts:
     "AntiCancer produced **all** of these documents **before** Merck filed its summary judgment motion (on
20   November 12)." (emphasis in original).  (Lawton Decl. at ¶ 9:27-28.)  In fact, Merck's motion noted
     that AntiCancer did not produce the documents required by the Court's Order *with* the untimely
21   October 17, 2007 contentions as required by the Court's Order (*see* Mot. at 5:5-6 and n.4.), which was
     the subject of Mr. Lawton's cover letter to AntiCancer's October 17 Infringement Contentions (*see*
22   Dkt. #62-5) and Merck's letter of October 29, 2007 (Pistorino Reply Decl. Ex. G at pp. 2-3).  Mr.
     Lawton's assertion that documents produced by AntiCancer in December were produced *before* Merck
23   filed its motion in November does not require a response.  Under the same "falsehoods" heading, Mr.
     Lawton also takes issue with the heading to Section I(D) of Merck's motion which referred to
24   "AntiCancer's Failure to Take Discovery" through the date that the motion was filed (November 12).
     Apparently, Mr. Lawton contends that Merck's November 12, 2007 statement is "false" because
25   AntiCancer served deposition notices on January 2, 2008 (*i.e.*, nearly two months after Merck filed its
     motion for summary judgment).
26      [4]     AntiCancer's representation that AntiCancer served proposed "amended" Infringement
27   Contentions as to Merck on November 12, and that Merck filed its motion for summary judgment on
     November 13 is not correct.  (*See* Opp. at 9:6-8.)  In fact, Merck moved for summary judgment on
28   November 12 (*see* Dkt. #62) and AntiCancer sent proposed "amended" Infringement Contentions with
     respect to Merck on November 13 (*see* Lawton Decl. Ex. 30 at 4).

1   rebut Merck's showing and Merck's motion should be granted.

2       **A.    AntiCancer Has Not Demonstrated A Genuine Issue Of Material Fact And**
        **Merck's Motion For Summary Judgment Should Be Granted**
3

4       Summary judgment of non-infringement of the claims of the '523 and '968 patents should be

5   granted, at least, because AntiCancer did not even attempt to resist Merck's motion.  Summary

6   judgment of all the claims of the '038, '384, and '968 patents should be granted because:

7   (1) AntiCancer cannot demonstrate a genuine issue of material fact as a result of its failure to serve

8   Infringement Contentions with respect to Merck; and/or (2) AntiCancer has not offered evidence to

9   sustain its burden of showing that an accused device/activity has each element of any claim of the

10  patents.

11      **1.    The '523 And '968 Patents**

12      In its moving papers, Merck showed that there was no evidence that Merck had infringed any

13  of the claims of the '523 and '968 patents generally, identified specific claim elements of all the claims

14  of the '523 and '968 patents for which there was no evidence (as examples), and also pointed out that

15  AntiCancer had failed to serve Infringement Contentions related to Merck regarding the '523 and '968

16  patents.  (*See*, *e.g.*, Mot. at 7 & 8.)

17      AntiCancer's opposition makes no effort to demonstrate a genuine issue of material fact as to

18  alleged infringement of the '523 and '968 patents.  Instead, AntiCancer merely asserts:  "By agreement

19  of all parties and for reasons of economy, three [sic] other patents identified in AntiCancer's second

20  amended complaint (the '523 and '968 patents) are not in issue in this case."  (Opp. at 4.)

21      Merck denies that there was any such agreement with respect to the '523 and/or '968 patents.

22  AntiCancer has never withdrawn the allegations of the Second Amended Complaint with respect to the

23  '523 and '968 patents and Merck has not withdrawn its counterclaims of non-infringement of the '523

24  and '968 patents.  (*See* Dkt. #29 at ¶¶ 72 (non-infringement of the '523 patent) and 80 (non-

25  infringement of the '968 patent).)  All that has happened is that AntiCancer has failed to serve

26  Infringement Contentions with respect to the '523 and '968 patents regarding Merck, and AntiCancer

27  has failed to offer any evidence to demonstrate a genuine issue of material fact regarding alleged

28  infringement of the claims of these patents by Merck.  Accordingly, summary judgment of non-

1  infringement of the '523 and '968 patents is appropriate.

2  **2.      The '038, '384, And '159 Patents**

3      In its moving papers, Merck showed that there was no evidence that Merck had infringed any

4  of the claims of the '038, '384, and '159 patents generally, identified specific claim elements of all the

5  claims of the '038, '384, and '159 patents for which there was no evidence (as examples), and also

6  pointed out that AntiCancer had failed to serve Infringement Contentions related to Merck regarding

7  the '038, '384, and '159 patents.  (*See*, *e.g.*, Mot. at 8.)  Summary judgment of non-infringement of the

8  claims of these patents may be granted either because AntiCancer is barred from offering evidence of

9  infringement because of the lack of Infringement Contentions or because the "evidence" AntiCancer

10  has offered fails to demonstrate a genuine issue of material fact as to each element of any claim of each

11  asserted patent.

12  **a.      The Lack Of Infringement Contentions Precludes Theories Of Infringement By Merck**

13

14      As Merck noted in its moving papers (and has been the subject of subsequent briefing and

15  decisions by the Court), there are no Infringement Contentions with respect to Merck.  Infringement

16  Contentions with respect to Merck were due on October 15, 2007 (Dkt. #49 at ¶ 2) (when no

17  contentions were served), and even the Infringement Contentions served on October 17, 2007 failed to

18  mention Merck or accuse any Merck device or activity of infringing any claim of any of the asserted

19  patents.  Moreover, AntiCancer has not been granted leave to "amend" its contentions with respect to

20  Merck.  In accordance with the Court's Rules and the Case Management Order, AntiCancer is barred

21  from offering evidence in support of alleged theories of infringement by Merck because such

22  contentions of infringement were due on October 15, 2007 and AntiCancer did not provide the

23  required information.  (*See* Dkt. #62-5; *see also* Dkt. #88.)  Accordingly, AntiCancer's "evidence"

24  should be stricken, AntiCancer cannot demonstrate a genuine issue of material fact, and Merck's

25  motion should be granted.

26

27

28

1

     **b.**     **Even If The Court Were Willing To Consider AntiCancer's
Improper Evidence/Contentions Of Infringement, AntiCancer Did
Not Demonstrate A Genuine Issue Of Material Fact**

2

3        Even if the Court were willing to put aside AntiCancer's failure to serve Infringement

4  Contentions with respect to Merck on October 17 and consider everything AntiCancer attempts to offer

5  in its opposition brief, summary judgment would still be proper because AntiCancer has not offered

6  evidence sufficient to demonstrate a genuine issue of material fact with respect to all the elements of

7  any claim of any of the '038, '384, and '159 patents.  As noted in Merck's moving papers, in order for

8  AntiCancer to carry its burden, AntiCancer needed to offer evidence from which a reasonable trier of

9  fact could find every limitation of at least one claim present in an accused device or activity.  *Warner-*

10  *Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29, 40 (1997).

11        AntiCancer has simply never offered evidence of all of the elements of any claim of the '038,

12  '384, and '159 patents.  Instead, AntiCancer merely resorts to generalities that ignore the limitations of

13  the claims and alleged facts not identified to correspond to any claim limitation.  For example, in

14  Merck's moving papers, Merck noted that claims 5-6 of the '384 patent and claims 9-12 of the '038

15  patent include the limitation:  "wherein said primary tumor is endogenous to said mammalian subject

16  and expresses said GFP as a result of locally administering a retroviral vector to said subject in the

17  vicinity of said tumor," and that there was no evidence in support of this limitation.  (Mot. at 8.)

18  AntiCancer failed to offer any evidence that allegedly corresponds to this limitation in its opposition.

19  AntiCancer's opposition asserts that the "evidence" in support of its infringement claims is contained

20  in ¶¶ 12-15 of the Hoffman Declaration and summarized in Exhibit 30 (the rejected proposed

21  "amended" Infringement Contentions) to the Lawton Declaration.  (Opp. at 18.)  However, Dr.

22  Hoffman's declaration does not address any particular claim or claim limitation and says nothing about

23  locally administering retroviral vectors in the vicinity of tumors.  Likewise, Exhibit 30 is totally silent

24  as to this limitation.  Indeed, claim 6 of the '384 and claims 10 and 12 of the '038 patents are not even

25  mentioned in Exhibit 30.  Accordingly, summary judgment of non-infringement of claims 5-6 of the

26  '384 patent and claims 9-12 of the '038 patent is appropriate because AntiCancer has not demonstrated

27  a genuine issue of material fact as to this limitation.  Likewise, as mentioned in Merck's opening

28  papers (Mot. at 5-6, 8), all of the claims of the '159 patent require a "promoter of an endogenous gene"

     -5-

1  and none is identified in Dr. Hoffman's declaration or in Exhibit 30.  More generally, there is no

2  evidence of all the limitations of any of the claims because AntiCancer has never compared the claim

3  limitations to actual evidence.[5]  Instead, AntiCancer merely resorts to generalities such as:  "This

4  poster plainly proved Merck's infringement of [the '384, '038, and '159 patents]."  (Hoffman Decl. at

5  ¶ 12.)  Conclusory statements such as that are simply insufficient to carry AntiCancer's burden and

6  summary judgment of non-infringement should be granted.

7           **B.     AntiCancer's Arguments Lack Merit**

8           AntiCancer's opposition is based on efforts to simply forestall summary judgment (*i.e.*,

9  AntiCancer's claim construction and Federal Rule of Civil Procedure 56(f) arguments) or to rearguing

10  its motion for leave to modify the October 17 Infringement Contentions.  None of those arguments

11  have merit.

12           **1.     Claim Construction Is Not Needed/Is Inappropriate**

13           AntiCancer leads its opposition with the argument that the Court must conduct claim

14  construction before considering a motion for summary judgment, even when there is no evidence in

15  support of all the elements of any of the asserted claims of any of the asserted patents.  (Opp. at 11-13.)

16  That is certainly not the case.  In light of Merck's *prima facie* showing, AntiCancer was required to

17  demonstrate the presence of a genuine issue of material *fact*.  Fed. R. Civ .P. 56.  However, it is

18  elemental that claim construction is a matter of *law*.  *See Markman v. Westview Instruments, Inc*., 52

19  F.3d 967, 979 (Fed. Cir. 1995).  Accordingly, disputes about claim construction are no bar to summary

20  judgment when the evidence is undisputed.  *See Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d

21  1573, 1578 (Fed. Cir. 1996) ("Where parties to patent infringement action do not dispute any relevant

22  facts regarding accused product but disagree over which of two possible meanings of patent claim is

23  proper, question of literal infringement collapses to one of claim construction and is thus amenable to

24

25  _____
   [5]     Pursuant to Patent Local Rule 3.1(c), Infringement Contentions must include "a chart
26  identifying specifically where each element of each asserted claim is found within the Accused
   Instrumentality."  AntiCancer's rejected proposed "amended" Infringement Contentions with respect
27  to Merck still fail to comply with this requirement.  Instead, AntiCancer merely lists a series of bullet
   points that do not correspond to any particular claim element and numerous claim elements appear to
28  have nothing which even arguably corresponds to them.

1  summary judgment.").  In the present case, AntiCancer has failed to offer, and is unable to offer,

2  evidence, under any claim construction, of each element of any of the claims of any of the asserted

3  patents.  Given that the lack of contentions is undisputed, no claim construction is necessary and

4  summary judgment is appropriate.

5  Moreover, a specific accused device or process is necessary when performing claim

6  construction in order to avoid advisory opinions on matters that are not the subject of a genuine

7  dispute.  *See Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1326-27 (Fed.

8  Cir. 2006) ("This court reviews claim construction only as necessary to reach that final judgment on an

9  infringement cause of action.  Therefore, in reviewing claim construction in the context of

10  infringement, the legal function of giving meaning to claim terms always takes place in the context of a

11  specific accused infringing device or process.").  Where, as here, there is no specific accused device or

12  process, claim construction would be improper.

13  This is not the first court to face, and properly grant, a pre-*Markman* motion for summary

14  judgment where there is no evidence of infringement to resist a motion for summary judgment.  For

15  example, in *Mextel, Inc. v. Air-Shields, Inc.*, 2005 WL 226112 (E.D. Pa. Jan. 31, 2005), the plaintiff

16  failed to offer any competent evidence of alleged infringement of the asserted patents to resist a pre-

17  *Markman* motion for summary judgment.  In light of that failure, the court granted summary judgment

18  of non-infringement without construing the claim terms.  In so doing, the court noted:

19  It is true that this Court has yet to offer a formal claim construction of the two patents.  It
20  is also true that an infringement analysis typically begins with claim construction.
   However, the sequence of this process is not absolute, and, in an effort to avoid advisory
21  opinions, only terms that are disputed, thereby placing such terms actually in controversy
   in the infringement litigation, are construed.  Furthermore, the lack of an express claim
22  construction by the Court does not absolve plaintiffs of their burden at the summary
   judgment stage to provide factual support for the conclusion that each and every
23  limitation in the germane claims of the two patents reads on the accused devices.  Indeed,
   without this evidence, the Court's initial claim construction is superfluous, as there is no
24  description of the specific product, let alone it elements, with which to compare the
   claims of plaintiffs' patents.

25  *Id.* at *45 (internal citations and quotations omitted).  Accordingly, this Court need not engage in claim

26  construction in order to consider and grant Merck's motion.  Indeed, claim construction would be

27  improper.

28  AntiCancer's effort to rely on cases where courts have indicated a preference (or more

1    incautiously, a "requirement") for conducting claim construction before considering motions for

2    summary judgment of non-infringement is misplaced.  Those cases (and Patent Local Rule 1.3) are

3    premised on the existence of actual evidence to compare to properly construed claims.  *TypeRight*

4    *Keyboard Corp. v. Microsoft Corp.*, 2002 U.S. Dist. LEXIS 27468, *6 (S.D. Cal. March 28, 2002);

5    *NessCap Co. v. Maxwell Techs., Inc.*, 2007 U.S. Dist. LEXIS 89450 (S.D. Cal. Dec. 5, 2007); *McNulty*

6    *v. Taser Int'l Inc.*, 2002 U.S. Dist. LEXIS 6810 (C.D. Cal. Feb. 4, 2002); *Control Res., Inc. v. Delta*

7    *Elecs., Inc.*, 133 F. Supp.2d 121, 2001 U.S. Dist. LEXIS 4485, *12 (D. Mass. March 30, 2001).

8    Where, as here, there is no such evidence, claim construction is both unnecessary and inappropriate.

9                    **2.    AntiCancer Is Barred From Offering Infringement Allegations**

10           Much of AntiCancer's opposition is dedicated to the notion that Rule 56 "requires" or "obliges"

11   the Court to consider "evidence" in support of infringement theories not disclosed in AntiCancer's

12   untimely October 17 Infringement Contentions which the Court has already barred AntiCancer from

13   amending.  (Opp. at 13-14.)  Of course, that is not the case.  Pursuant to Rule 56(e), a party resisting a

14   motion for summary judgment must come forward with "facts as would be admissible in evidence[.]"

15   Here, AntiCancer's "evidence" is inadmissible as a result of AntiCancer's failure to comply with the

16   Patent Local Rules and Case Management Order and Rule 56 does not require the Court to consider

17   inadmissible "evidence."

18           Pages 14-17 of AntiCancer's opposition are dedicated to an effort to re-litigate AntiCancer's

19   request for leave to amend its untimely October 17 Infringement Contentions.  In light of the Court's

20   orders of January 31 (Dkt. #88) and April 14 (Dkt. #106) denying AntiCancer's request (and the more

21   than 90 pages of briefs and declarations related thereto), Merck will not revisit those arguments.

22   Suffice it to say, in *Venetec Int'l, Inc. v. Medical Device Group, Inc.*, 2007 WL 2238475 (S.D. Cal.

23   Aug. 3, 2007) (Gonzalez, J.); *Lucent Techs., Inc. v. Gateway, Inc.*, 2007 WL 1877982, *4 (S.D. Cal.

24   June 27, 2007) (Brewster, J.); and *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355

25   (Fed. Cir. 2006), parties' efforts to resist motions for summary judgment with evidence or theories not

26   disclosed in their contentions were rejected and motions for summary judgment were granted.

27   Likewise here, AntiCancer is attempting to resist Merck's motion for summary judgment with

28   "evidence" in support of theories of infringement not disclosed in the October 17 contentions.  That

1    effort should be rejected and Merck's motion granted.

2                    **3.    AntiCancer's Misplaced Rule 56(f) Arguments**

3            AntiCancer closes its opposition with a request under Rule 56(f) that the Court deny Merck's

4    motion or continue the summary judgment hearing until after AntiCancer takes depositions first

5    noticed by AntiCancer on January 2, 2008 (*i.e.*, nearly two months after Merck filed its motion for

6    summary judgment and more than three months before AntiCancer filed its opposition).  (Opp. at 18-

7    19.)  AntiCancer's request should be denied because it is futile and/or because AntiCancer has failed to

8    make the showing required for relief under Rule 56(f) – even if the Court were willing to consider

9    evidence in support of theories not included in AntiCancer's untimely Infringement Contentions.

10           In order to avoid or forestall summary judgment under Rule 56(f), the party seeking discovery

11   must:  (1) identify in affidavit form specific facts that they hope to elicit from further discovery;

12   (2) proffer sufficient facts to show that the evidence sought exists; and (3) show those facts are

13   essential to resist the summary judgment motion.  *See*, *e.g.*, *State of California v. Campbell*, 138 F.3d

14   772, 779 (9th Cir. 1998); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996).  It

15   would be an exercise in futility for AntiCancer to take depositions (or, indeed, discovery of any kind)

16   related to Merck.  There are no Infringement Contentions with respect to Merck and this Court has

17   refused AntiCancer's request to amend its contentions to include allegations with respect to Merck as a

18   result of AntiCancer's lack of diligence.  Any information gathered in support of theories of

19   infringement would be barred because it was not disclosed in the October 17, 2007 Infringement

20   Contentions.  Accordingly, AntiCancer cannot show that any facts hoped for in the depositions are

21   essential to resist Merck's motion, and AntiCancer's request should be denied.

22           Even if the Court were willing to disregard the lack of Infringement Contentions with respect to

23   Merck, denial of a Rule 56(f) request is appropriate if the party seeking discovery was not diligent in

24   pursuing discovery both before the motion for summary judgment was filed and in pursuing the

25   extension of time after the motion was filed.  *See* 11 *Moore's Federal Practice* § 56.10[8][a]; *Nidds*,

26   113 F.3d at 921; *Scosche Indus., Inc. v. Visor Gear Inc.*, 121 F.3d 675, 682 (Fed. Cir. 1997) ("A party

27   cannot forestall summary judgment by arguing that it has not had an opportunity to complete its

28   discovery when it has not pursued its discovery rights with vigor."); *Cybiotronics, Ltd. v. Golden*

1  *Source Elecs., Ltd.*, 2001 WL 327826, *6 (C.D. Cal. Feb. 26, 2001) ("Therefore, a prerequisite to Rule

2  56(f) relief is a showing that a Rule 56(f) movant has been diligent in discovery but has nonetheless

3  been unable to secure operative evidence."). For example, in *Cybiotronics*, the party requesting relief

4  waited until nine months after the complaint was filed to notice a Rule 30(b)(6) deposition allegedly

5  required to resist the motion for summary judgment and presented no evidence of active/diligent

6  pursuit of the deposition thereafter in the face of the moving party's "refusal" to provide a witness.

7  Indeed, in light of the fact that seven months had passed since the deposition was noticed, the lack of a

8  motion to compel, etc., the court denied relief under Rule 56(f) because of a lack of diligence.

9       This Court has already found that AntiCancer was not diligent in preparing the October 17

10  Infringement Contentions. Likewise, AntiCancer was not diligent in pursuing discovery with respect

11  to Merck. The First Amended Complaint naming Merck was filed in February 2007, AntiCancer's

12  Infringement Contentions were due in October, and Merck moved for summary judgment in

13  November. Nevertheless, AntiCancer did not seek discovery of any kind until it served deposition

14  notices on January 2, 2008 (*i.e.*, ~11 months after the operative Complaint was filed, ~4 months after

15  its Infringement Contentions were due, and ~2 months after Merck filed its motion for summary

16  judgment). Since sending the notices on January 2, 2008, AntiCancer has made no effort to pursue the

17  depositions, has not communicated with Merck's counsel regarding them, and has not filed a motion to

18  compel in the intervening four months. (*See* Pistorino Reply Decl. at ¶ 2.) That is simply not diligent

19  and AntiCancer's request should be denied on that ground alone.[6]

20  **III.   CONCLUSION**

21       There is simply no evidence of infringement by Merck and AntiCancer cannot show that there

22  is a genuine issue of material fact as to each element of any claim of the asserted patents. Accordingly,

23  summary judgment of non-infringement should be granted.

24  _____

25    [6]   Alternatively, AntiCancer's Rule 56(f) request should be denied because AntiCancer has failed
to set forth "specific facts" that the depositions would allegedly uncover. AntiCancer cites to Mr.
26  Lawton's declaration at ¶¶ 4-6 as setting forth the "specific facts." (*See* Opp. at 19.) However, Mr.
Lawton's declaration does not identify "specific facts" related to claim elements that the requested
27  depositions would uncover evidence of. Instead, Mr. Lawton merely offers generalities that are
insufficient to carry AntiCancer's burden. (*See, e.g.*, ¶ 6(a) ("At such a deposition, I would expect to
28  hear admissions of Merck's infringements of AntiCancer's patents.").)

1    Dated:  May 2, 2008                              Respectfully submitted,

2                                                     HOWREY LLP

3

4                                        By:   /s/ James C. Pistorino
                                               James C. Pistorino
5                                              John F. Lynch (admitted *pro hac vice*)
                                               Adam K. Whiting, Ph.D.
6
                                               Attorneys for Defendant
7                                              MERCK & CO., INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   21202548

1     ***AntiCancer, Inc. v. Cambridge Research & Instrumentation, Inc., et al.***
    **U.S.D.C. – S. D. Cal. Case No. 3:07-CV-00097-JLS-RBB**

2

3     <u>**CERTIFICATE OF SERVICE**</u>

4        The undersigned hereby certifies that all counsel of record who are deemed to have consented

5 to electronic service are being served this 2nd day of May, 2008 with a copy of this document via the

6 Court's CM/ECF system.  I certify that all parties in this case that have made an appearance to date are

7 represented by counsel who are CM/ECF participants.

8

9                   By:   <u>/s/ James C. Pistorino</u>

10                       James C. Pistorino

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HOWREY LLP**