J. CHRISTOPHER JACZKO (149317)
ALLISON H. GODDARD (211098)
**JACZKO GODDARD LLP**
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 404-9205
Facsimile: (858) 225-3500

MARTIN B. PAVANE (admitted *pro hac vice*)
TEODOR J. HOLMBERG (admitted *pro hac vice*)
**COHEN PONTANI LIEBERMAN & PAVANE LLP**
551 Fifth Avenue
New York, NY 10176
Telephone: (212) 687-2770
Facsimile: (212) 972-5487
E-mail: mpavane@cplplaw.com
E-Mail: tidge@cplplaw.com

Attorneys for Defendant and Counterclaimant
CAMBRIDGE RESEARCH & INSTRUMENTATION, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

ANTICANCER, INC., a California Corporation

Plaintiff,

v.

CAMBRIDGE RESEARCH & INSTRUMENTATION, INC., a Delaware Corporation; MERCK & CO., INC., a New Jersey Corporation; NOVARTIS INSTITUTES FOR BIOMEDICAL RESEARCH, INC., a Delaware Corporation; and DOES 17-50,

Defendants.

---

CAMBRIDGE RESEARCH & INSTRUMENTATION, INC.,

Counterclaimant

v.

ANTICANCER, INC.,

Counterdefendant

---

**Case No. 07 CV 00097-JLS-RBB**

**MEMORANDUM IN SUPPORT OF CRI'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '523 AND '968 PATENTS**

Hearing Date: August 21, 2008
Time: 1:30 PM
Courtroom: 6th Floor
Judge: Hon. Janis L. Sammartino

# TABLE OF CONTENTS

**I. STATEMENT OF FACTS ....................................................................................................1**

A. PLAINTIFF ANTICANCER SUES DEFENDANTS CRI, MERCK, AND NIBRI FOR INFRINGEMENT OF THE FIVE PATENTS-IN-SUIT ........................................................................1

B. ANTICANCER'S PRELIMINARY INFRINGEMENT CONTENTIONS ("PICS") DO NOT MENTION TWO DEFENDANTS AND TWO OF THE FIVE PATENTS-IN-SUIT (*I.E.*, THE '523 AND '968 PATENTS) ........................................................................................2

C. DESPITE ANTICANCER'S FAILURE TO ASSERT THE '523 AND '968 PATENTS IN ITS PICS AGAINST CRI, ANTICANCER HAS REFUSED TO STIPULATE TO DISMISSAL WITH PREJUDICE OF ITS CLAIMS OF INFRINGEMENT OF THOSE PATENTS BY CRI................2

**II. SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE ANTICANCER'S PICS FAIL TO IDENTIFY ANY INFRINGEMENT BY CRI OF THE '523 AND '968 PATENTS ....................................................................................4**

**III. CONCLUSION....................................................................................................5**

# TABLE OF AUTHORITIES

## FEDERAL CASES

*02 Micro International Limited, v. Monolithic Power Systems, Inc.*, 467 F.3d 1355 (Fed. Cir 2006) .......... 4, 5

*Berger v. Rossignol Ski Company, Inc.*, 2006 U.S. Dist. LEXIS 23085 (N.D. Cal. 2006) .......... 4, 5

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .......... 4

*Lucent Technologies, Inc. v. Gateway, Inc*., 2007 U.S. Dist. LEXIS 46862 (S.D. Cal. 2007) .......... 4, 5

*Venetec International, Inc. v. Medical Device Group, Inc.*, 2007 U.S. Dist. LEXIS 56770 (S.D. Cal. 2007) .......... 5

## FEDERAL RULES

Fed.R.Civ.P. 41(a)(1)(A) .......... 4

Fed.R.Civ.P. 56(c) .......... 4

## LOCAL RULES

Patent Local Rule 3.1 .......... 2

Pursuant to CivLR 7.1(f)(1), defendant and counterclaimant Cambridge Research & Instrumentation, Inc. ("CRI") hereby files this Memorandum of Points and Authorities in support of its motion for summary judgment of non-infringement of AntiCancer's U.S. Patent Nos. 6,232,523 and 6,235,968.

## I. STATEMENT OF FACTS

### A. Plaintiff AntiCancer Sues Defendants CRI, Merck, and NIBRI for Infringement of the Five Patents-in-Suit

On January 12, 2007, AntiCancer initiated this action by filing a complaint solely against CRI for alleged infringement of AntiCancer's U.S. Patent Nos. 6,232,523 ("the '523 patent"), 6,759,038 ("the 038 patent"), 6,235,968 ("the '968 patent"), 6,251,384 ("the '384 patent"), and 6,649,159 ("the '159 patent"). *See* Cmplt. [D.E. 1]. AntiCancer subsequently amended the complaint twice, first adding sixteen other defendants, then removing fourteen of those defendants, finally leaving only CRI, Novartis Institutes For Biomedical Research, Inc. ("NIBRI") and Merck & Co. ("Merck") as defendants. *See* 1st Amd. Cmplt. [D.E. 3]; 2nd Amd. Cmplt. [D.E. 25-2] (entered by Order [D.E. 26]).

The "First Claim For Relief (Infringement of Patent)" in AntiCancer's current complaint alleges that CRI is infringing the '523 patent by "making, using, selling, offering for sale, and/or licensing products and services" including CRI's Maestro™ *In Vivo* Imaging System for imaging of laboratory animals ("Maestro"), that the infringement is willful, and that CRI is "inducing and/or contributing to infringement of the '523 Patent by others, including [co-defendants Merck and NIBRI]". 2nd Amd. Cmplt. [D.E. 25-2], pp. 3-4, ¶¶13, 15, 16. The "Third Claim For Relief (Infringement of Patent)" alleges the same of CRI concerning the '968 patent. 2nd Amd. Cmplt. [D.E. 25-2], pp. 5-6, ¶¶31, 33, 34.

On July 23, 2007, CRI filed an answer and counterclaims, including a first counterclaim of, *inter alia*, non-infringement of the '523 patent and a second counterclaim of, *inter alia*, non-infringement of the '968 patent. CRI's Ans./C-clms. [D.E. 30], p. 8.

//

//

**B. AntiCancer's Preliminary Infringement Contentions ("PICs") Do Not Mention Two Defendants and Two of the Five Patents-in-Suit (*i.e.*, the '523 and '968 patents)**

Both Patent Local Rule 3.1 and paragraph 2 of Judge Brooks October 3, 2007 Case Management Order required AntiCancer to serve, on each defendant, a "Disclosure of Asserted Claims and Preliminary Infringement Contentions" (hereinafter, "PICs") which "must contain" the following: "[e]ach claim of each patent in suit that is allegedly infringed by each opposing party", each "Accused Instrumentality of each opposing party of which the party is aware", and "[a] chart identifying specifically where each element of each asserted claim is found in each Accused Instrumentality". *See* PatLR 3.1(a)-(c); and CMC Order [D.E. 49], ¶¶2(a)-(c).

On October 17, 2007, two days after it was due, AntiCancer served its PICs, which (a) referred to CRI, but made no mention of NIBRI and Merck, and (b) referred to the '384, '038, and '159 patents, but made no mention of the '523 and '968 patents. *See* **Exhibit 1** hereto, AntiCancer's PICs; *see also* **Exhibit 2** hereto, this Court's Order [D.E. 115], p. 2, lines 17-19. AntiCancer attempted to amend its PICs to, *inter alia*, add allegations against Merck and NIBRI, but AntiCancer never attempted to add allegations of infringement by any party of the '523 and '968 patents. *See, e.g.*, AntiCancer's Mot./Amd. PICs [D.E. 65]. On January 31, 2008, this Court (*i.e.*, Judge Brooks) denied AntiCancer's motion for leave to amend, finding that AntiCancer had not shown "good cause" to amend its deficient PICs. *See, e.g.*, Jan. 31, 2008 Hearing Transcript [D.E. 77], pp. 8-14.

When Merck and NIBRI separately moved for summary judgment of non-infringement based on AntiCancer's deficient PICs, AntiCancer did "not oppose the entry of summary judgment on the '523 and '968 patents" (*i.e.*, the two patents missing from its PICs). *See* **Ex. 2**, Order [D.E. 115], p. 5, line 3; *see also* AntiCancer's Opps. [D.E. 108] & [108-1]. Consequently, this Court awarded summary judgment of non-infringement of, *inter alia*, the '523 and '968 patents in favor of Merck and NIBRI. *See* **Ex. 2**, Order [D.E. 115], p. 5.

**C. Despite AntiCancer's Failure to Assert the '523 and '968 Patents In Its PICs Against CRI, AntiCancer Has Refused to Stipulate to Dismissal With Prejudice Of Its Claims of Infringement of Those Patents By CRI**

In its May 14, 2008 ruling of summary judgment, this Court invited the parties to file supplemental briefs regarding "an appropriate timeline for the claim construction phase of this case".

*See* **Ex. 2**, Order [D.E. 115], p. 13, line 11. On May 21, 2008, CRI filed its supplemental brief, in which CRI stated its intent to file a motion for summary judgment of non-infringement of the ‘523 and ‘968 patents. CRI’s Supp. Brief [D.E. 119], p. 2, lines 19-27. At a May 22, 2008 discovery teleconference between AntiCancer and CRI, the parties agreed to stipulate to dismissal of AntiCancer’s claims against CRI for infringement of these two patents to thereby avoid a motion for summary judgment. *See* Holmberg Declaration attached hereto (“Holmberg Dec.”), ¶4. The next day, May 23, 2008, CRI wrote to AntiCancer to confirm the agreement from the May 22, 2008 discovery teleconference and expressly stated CRI’s intent that the dismissal be with prejudice. *See* Holmberg Dec., ¶5; and **Exhibit 3** hereto, CRI's May 23, 2008 Letter, p. 1 (“[w]e thank you for agreeing to stipulate to the dismissal with prejudice of all of AntiCancer's claims concerning the '523 and '968 patents”) (this letter is already on file with the Court as Ex. 3 to CRI's Ltr/Brf. [D.E. 121]).

On May 29, 2008, CRI provided AntiCancer with a proposed joint motion to dismiss with prejudice, and, in a hearing/teleconference with Judge Brooks the next day, May 30, 2008, CRI informed the Judge Brooks that AntiCancer had agreed to file a joint motion to dismiss with prejudice, and that CRI was awaiting AntiCancer's approval of a draft motion. *See* Holmberg Dec., ¶¶6-7; and **Exhibit 4** hereto, CRI’s May 29, 2008 e-mail to AntiCancer, with attached draft motion and order. Later that day (May 30th), CRI informed Judge Sammartino's chambers that a motion for summary judgment of non-infringement of the ‘523 and ‘968 patents would not be filed by CRI, as the parties had agreed to a joint motion to dismiss with prejudice, a draft of which was awaiting AntiCancer’s approval. *See* Holmberg Dec., ¶8. In the following days, CRI followed up with AntiCancer, repeatedly asking for approval of the draft joint motion to dismiss with prejudice, and AntiCancer finally agreed to have a teleconference on June 4, 2008. *See* Holmberg Dec., ¶9; and **Exhibits 5** and **6**, correspondence between CRI and AntiCancer. At the June 4, 2008 teleconference, AntiCancer informed CRI that AntiCancer would ***not*** agree to dismissal with prejudice. *See* Holmberg Dec., ¶10.

Less than two hours after that teleconference, AntiCancer filed a "notice of voluntary dismissal without prejudice" of all of AntiCancer's infringement claims concerning the '523 and '968 patents against CRI. *See* AntiCancer's Notice [D.E. 123]. However, AntiCancer's "notice of

voluntary dismissal" is invalid, as it was neither filed before CRI filed an answer to AntiCancer's complaint, nor stipulated to by all parties. Fed.R.Civ.P. 41(a)(1)(A)(i) & (ii); *see* CRI's Ans./C-clms. [D.E. 30], filed on July 23, 2007. CRI is simultaneously moving to strike AntiCancer's notice.

## II. SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE ANTICANCER'S PICS FAIL TO IDENTIFY ANY INFRINGEMENT BY CRI OF THE '523 AND '968 PATENTS

Summary judgment is appropriate when there is "no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-3 (1986). In a patent infringement case before a District Court with Local Rules requiring Preliminary Infringement Contentions ("PICs"), summary judgment of non-infringement is appropriate when a plaintiff attempts to rely on infringement theories omitted from its PICs. *See 02 Micro International Limited, v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1366 (Fed. Cir 2006) (entering summary judgment for defendant after refusing to consider plaintiff's evidence for a theory not disclosed in infringement contentions); *Lucent Technologies, Inc. v. Gateway, Inc.*, 2007 U.S. Dist. LEXIS 46862, *20-21 (S.D. Cal. June 27, 2007) (Brewster, J.) (granting summary judgment because plaintiff could not succeed on infringement theory that the plaintiff did not set forth in its PICs); *Berger v. Rossignol Ski Company, Inc.*, 2006 U.S. Dist. LEXIS 23085, *15 (N.D. Cal. 2006) (granting defendant's motion for summary judgment of non-infringement where plaintiffs conceded at oral argument that they had offered an "absurd" original infringement contention and court denied leave to amend).

In this case, this Court has already ruled that summary judgment of non-infringement by a defendant is appropriate when the plaintiff has made no allegations against that defendant in its PICs. *See* **Ex. 2**, Order [D.E. 115], pp. 7-8 ("The Court bases its grant of summary judgment on what is alleged (or, more specifically, what is <u>not</u> alleged) in the PICs") (emphasis in original), and p. 8, lines 11-13. Similarly, summary judgment of non-infringement of asserted patents is appropriate when the plaintiff has made no allegations concerning those asserted patents in its PICs.

Because AntiCancer's PICs against CRI make no reference to the '523 and '968 patents, AntiCancer is barred from offering any theories of infringement by CRI of the '523 and '968

patents, or producing any evidence in support of any such theory. *See, e.g.*, cases cited above (*O2 Micro*; *Lucent v. Gateway*; *Berger v. Rossignol*), and **Ex. 2**, this Court's Order [D.E. 115], p. 8, lines 2-4 ("The Court neither attempts to construe the language of the allegedly infringing claims nor analyzes the evidence that Anticancer submitted in opposition to this motion. Consideration of that evidence would presuppose the Court's acceptance of Anticancer's rejected amended contentions containing allegations of infringement as to Merck."); *Venetec International, Inc. v. Medical Device Group, Inc.*, 2007 U.S. Dist. LEXIS 56770, *11-*12 n. 2 (S.D. Cal. 2007) ("[T]his Court may grant summary judgment of non-infringement where plaintiff fails to comply with the local rule on amending final non-infringement contentions and submits arguments in opposition to summary judgment that are inconsistent with those contentions.").

As stated by this Court after citing the *O2 Micro*, *Lucent v. Gateway*, and *Berger v. Rossignol* cases, "[t]his line of precedent effectively forecloses Anticancer's attempts to proceed against Merck …". *See* **Ex. 2**, Order [D.E. 115], p. 6, line 4. Similarly here, AntiCancer can offer no meaningful, legally relevant defense in opposition to CRI's present motion.

The fact that AntiCancer failed to include the '523 and '968 patents in its PICs is not in dispute.[*] Because it is AntiCancer's burden to show infringement on the part of CRI and AntiCancer is barred from offering any contention or evidence of infringement to oppose this motion, there can be no genuine issues of material fact. CRI is, therefore, entitled to a judgment of non-infringement as a matter of law with respect to the '523 and '968 patents.

## III. <u>CONCLUSION</u>

For the foregoing reasons, CRI's motion for summary judgment of non-infringement of the '523 and '968 patents should be granted.

[*] Indeed, as noted above, even when AntiCancer attempted to amend its deficient PICs, it did not attempt to add any allegations regarding infringement by any party of the '523 and '968 patents.

COHEN PONTANI LIEBERMAN & PAVANE LLP

Dated: June 9, 2008

By: /s Teodor J. Holmberg

Martin B. Pavane
Teodor J. Holmberg
Attorneys for Defendant and Counterclaimant
CAMBRIDGE RESEARCH & INSTRUMENTATION, INC.

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was this date served upon all counsel of record by electronic transmission through the Case Management/Electronic Case Filing (CM/ECF) system of the U.S. District Court for the Southern District of California, and that all parties in this case are represented by counsel who are CM/ECF participants.

Dated: June 9, 2008 By: /s Teodor J. Holmberg

Teodor J. Holmberg
Attorney for Defendant
CAMBRIDGE RESEARCH & INSTRUMENTATION, INC.
e-mail: tidge@cplplaw.com