J. CHRISTOPHER JACZKO (149317)
ALLISON H. GODDARD (211098)
**JACZKO GODDARD LLP**
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 404-9205
Facsimile: (858) 225-3500

MARTIN B. PAVANE (admitted *pro hac vice*)
TEODOR J. HOLMBERG (admitted *pro hac vice*)
**COHEN PONTANI LIEBERMAN & PAVANE LLP**
551 Fifth Avenue
New York, NY 10176
Telephone: (212) 687-2770
Facsimile: (212) 972-5487
E-mail: mpavane@cplplaw.com
E-Mail: tidge@cplplaw.com

Attorneys for Defendant and Counterclaimant
CAMBRIDGE RESEARCH & INSTRUMENTATION, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTICANCER, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>CAMBRIDGE RESEARCH & INSTRUMENTATION, INC., a Delaware Corporation; MERCK & CO., INC., a New Jersey Corporation; NOVARTIS INSTITUTES FOR BIOMEDICAL RESEARCH, INC., a Delaware Corporation; and DOES 17-50,<br><br>Defendants. | **Case No. 07-CV-00097-JLS-RBB**<br><br>**DECLARATION OF TEODOR J. HOLMBERG IN SUPPORT OF CRI'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '523 AND '968 PATENTS** |
| CAMBRIDGE RESEARCH & INSTRUMENTATION, INC.,<br><br>Counterclaimant<br><br>v.<br><br>ANTICANCER, INC.,<br><br>Counterdefendant | Hearing Date: August 21, 2008<br>Time: 1:30 PM<br>Courtroom: 6th Floor<br>Judge: Hon. Janis L. Sammartino |

I, Teodor J. Holmberg, declare as follows:

1. I make the following declaration based on my personal knowledge and of my own free will. I am over 21 years of age. I am an attorney at Cohen Pontani Lieberman & Pavane LLP, and am admitted to practice in Massachusetts and New York. I represent defendant and counterclaimant Cambridge Research & Instrumentation, Inc. ("CRI"), and have been admitted *pro hac vice,* for this action before this Court. *See*, *e.g.*, Order [D.E. 17].
2. Submitted herewith as **Exhibit 1** is a true and correct copy of plaintiff AntiCancer, Inc.'s ("AntiCancer") "Disclosure of Asserted Claims and Preliminary Infringement Contentions" (hereinafter, "PICs"), required pursuant to PatLR 3.1(a)-(c); and CMC Order [D.E. 49], ¶¶2(a)-(c), and served by AntiCancer on CRI on October 17, 2007.
3. Submitted herewith as **Exhibit 2** is a true and correct copy of this Court's May 15, 2008 Order [D.E. 115] granting CRI's co-defendants Novartis Institutes For Biomedical Research, Inc.'s ("NIBRI") and Merck & Co.'s ("Merck") motions of summary judgment of non-infringement of all of the patents-in-suit.
4. At a May 22, 2008 discovery teleconference, counsel for CRI asked, and counsel for AntiCancer agreed, that AntiCancer would stipulate to dismissal in order to avoid a motion for summary judgment.
5. The next day, May 23, 2008, I sent a letter to counsel for AntiCancer stating CRI's position that the dismissal be with prejudice. Submitted herewith as **Exhibit 3** is a true and correct copy of that letter, which has already been filed with the Court as Ex. 3 to CRI's Ltr/Brf. [D.E. 121].
6. On May 29, 2008, I sent another letter to counsel for AntiCancer, and asked for AntiCancer's approval of a draft joint motion to dismiss with prejudice (which was attached). Submitted herewith as **Exhibit 4** is a true and correct copy of my e-mail to Daniel Lawton, and the attached draft motion to dismiss with prejudice, and draft proposed order, which were transmitted on May 29, 2008.

7. On May 30, 2008, counsel for all parties had a hearing/teleconference with Judge Brooks. During this teleconference, I informed the Judge Brooks that AntiCancer had agreed to dismiss with prejudice, and that CRI had sent AntiCancer a draft joint motion, of which CRI was awaiting AntiCancer's approval.
8. Later that day, May 30, 2008, I called and informed Judge Sammartino's chambers that a motion for summary judgment of non-infringement of the ‘523 and ‘968 patents-in-suit would not be filed, as the parties had agreed to a joint motion to dismiss with prejudice, a draft of which was awaiting AntiCancer’s approval.
9. CRI followed up with AntiCancer, repeatedly asking for approval of the draft joint motion to dismiss with prejudice. Submitted herewith are **Exhibit 5**, a chain of e-mails (including e-mails describing the telephone calls with Judge Brooks, ¶7 above, and Judge Sammartino’s chambers, ¶8 above) after the initial May 29, 2008 e-mail (**Ex. 4**); and **Exhibit 6**, a chain of e-mails, also starting from the initial May 29th e-mail, ending with a June 4, 2008 e-mail from Daniel Lawton, setting a teleconference for 4:30 PM/EST on June 4, 2008.
10. At the June 4, 2008 teleconference between the parties, AntiCancer informed CRI that AntiCancer would not agree to dismissal with prejudice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed in New York, New York, on this day of June 9, 2008:

By: /s Teodor J. Holmberg
Teodor J. Holmberg

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was this date served upon all counsel of record by electronic transmission through the Case Management/Electronic Case Filing (CM/ECF) system of the U.S. District Court for the Southern District of California, and that all parties in this case are represented by counsel who are CM/ECF participants.

Dated: June 9, 2008 By: /s Teodor J. Holmberg

Teodor J. Holmberg
Attorney for Defendant
CAMBRIDGE RESEARCH & INSTRUMENTATION, INC.
e-mail: tidge@cplplaw.com