J. CHRISTOPHER JACZKO (149317)
ALLISON H. GODDARD (211098)
**JACZKO GODDARD LLP**
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 404-9205
Facsimile: (858) 225-3500

MARTIN B. PAVANE (admitted *pro hac vice*)
TEODOR J. HOLMBERG (admitted *pro hac vice*)
**COHEN PONTANI LIEBERMAN & PAVANE LLP**
551 Fifth Avenue
New York, NY 10176
Telephone: (212) 687-2770
Facsimile: (212) 972-5487
E-mail: mpavane@cplplaw.com
E-Mail: tidge@cplplaw.com

Attorneys for Defendant and Counterclaimant
CAMBRIDGE RESEARCH & INSTRUMENTATION, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTICANCER, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>CAMBRIDGE RESEARCH & INSTRUMENTATION, INC., a Delaware Corporation; MERCK & CO., INC., a New Jersey Corporation; NOVARTIS INSTITUTES FOR BIOMEDICAL RESEARCH, INC., a Delaware Corporation; and DOES 17-50,<br><br>Defendants. | **Case No. 07-CV-00097-JLS-RBB**<br><br>**DECLARATION OF TEODOR J. HOLMBERG IN SUPPORT OF CRI'S MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY REGARDING INFRINGEMENT AND QUASHING IMPROPER DISCOVERY** |
| CAMBRIDGE RESEARCH & INSTRUMENTATION, INC.,<br><br>Counterclaimant<br><br>v.<br><br>ANTICANCER, INC.,<br><br>Counterdefendant | Hearing Date: July 21, 2008<br>Time: 10:00 AM<br>Courtroom: B (1st Floor)<br>Judge: Hon. Ruben B. Brooks |

I, Teodor J. Holmberg, declare as follows:

1. I make the following declaration based on my personal knowledge and of my own free will. I am over 21 years of age. I am an attorney at Cohen Pontani Lieberman & Pavane LLP, and am admitted to practice in Massachusetts and New York. I represent defendant and counterclaimant Cambridge Research & Instrumentation, Inc. ("CRI"), and have been admitted *pro hac vice*, for this action before this Court. *See*, *e.g.*, Order [D.E. 17].
2. Submitted herewith as **Exhibit 1** is a true and correct copy of plaintiff AntiCancer, Inc.'s ("AntiCancer") "FIRST NOTICE OF DEPOSITION OF DEFENDANT CAMBRIDGE RESEARCH & INSTRUMENTATION, INC. PURSUANT TO FED.R.CIV.P. 30(b)(6) AND REQUEST FOR DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS PURSUANT TO FED.R.CIV.P. 30(b)(5)" (hereinafter, "AntiCancer's 30(b)(6) Notice") served by AntiCancer on CRI on April 9, 2008.
3. Submitted herewith as **Exhibit 2** are true and correct copies of my April 25, 2008 letter to counsel for AntiCancer, my May 7, 2008 e-mail to counsel for AntiCancer, and my May 12, 2008 e-mail to counsel for AntiCancer, all of which concerned AntiCancer's 30(b)(6) Notice.
4. Submitted herewith as **Exhibit 3** is a true and correct copy of CRI's "OBJECTIONS AND RESPONSES TO PLAINTIFF ANTICANCER, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS" (hereinafter, "CRI's Writ. Objs.") served by CRI on AntiCancer on May 19, 2008 in response to the document requests accompanying AntiCancer's 30(b)(6) Notice.
5. Submitted herewith as **Exhibit 4** are true and correct copies of my May 19, 2008 e-mail to counsel for AntiCancer, to which was attached CRI's Writ. Objs., and an e-mail chain comprising the e-mails sent between me and Dan Lawton on May 19 and 20, 2008, starting from the latest (on the first page) to the earliest (on the last page).
6. Submitted herewith as **Exhibit 5** is a true and correct copy of my June 5, 2008 e-mail to counsel for AntiCancer, concerning the discovery teleconference earlier that day.
7. Submitted herewith as **Exhibit 6** is a true and correct copy of an e-mail chain comprising, starting from the latest (on the first page) to the earliest (on the last page), my June 11, 2008 e-

mail to counsel for AntiCancer, following up on the remaining discovery issues (to which was attached earlier drafts of Tables 1 and 2, placed at the end of Exhibit 8); my June 10, 2008 e-mail to counsel for AntiCancer, following up on the remaining discovery issues; and my June 6, 2008 e-mail to counsel for AntiCancer, concerning the discovery teleconference earlier that day.

8. At the June 5, 2008 discovery teleconference between me and Dan Lawton, counsel for AntiCancer, we agreed to replace AntiCancer's document request 1 accompanying AntiCancer's 30(b)(6) Notice ("ALL DOCUMENTS concerning MAESTRO") with "drawings sufficient to show the operation of the MAESTRO" and "at least one copy of each brochure of the MAESTRO", subject to all of the objections and conditions made for the other requests in CRI's Writ. Objs., **Ex. 3**.

9. At the June 5, 2008 discovery teleconference between me and Dan Lawton, counsel for AntiCancer, we agreed to replace the preface "ALL DOCUMENTS concerning … " to AntiCancer's document request 5/3 accompanying AntiCancer's 30(b)(6) Notice with the preface "materials sufficient to show … ", subject to all of the objections and conditions made for the other requests in CRI's Writ. Objs., **Ex. 3**. (*e.g.*, "to the extent any such materials exists, and are reasonably accessible" and "[t]o the extent any such materials do not exist, CRI expects CRI's designated 30(b)(6) witness will be able to provide information …").

10. Submitted herewith as **Exhibit 7** is a true and correct copy of AntiCancer's "FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS" (hereinafter, "AntiCancer's 1st Set Reqs./Prod.") served by AntiCancer on CRI on May 20, 2008.

11. Submitted herewith as **Exhibit 8** is a true and correct copy of counsel for AntiCancer's June 11, 2008 e-mail to me.

12. Submitted herewith as **Exhibit 9** is a true and correct copy of plaintiff AntiCancer, Inc.'s ("AntiCancer") "Disclosure of Asserted Claims and Preliminary Infringement Contentions" (hereinafter, "PICs"), required pursuant to PatLR 3.1(a)-(c); and CMC Order [D.E. 49], ¶¶2(a)-(c), and served by AntiCancer on CRI on October 17, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed in New York, New York, on this day of June 16, 2008:

By: /s Teodor J. Holmberg
Teodor J. Holmberg

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was this date served upon all counsel of record by electronic transmission through the Case Management/Electronic Case Filing (CM/ECF) system of the U.S. District Court for the Southern District of California, and that all parties in this case are represented by counsel who are CM/ECF participants.

Dated: June 16, 2008 By: /s Teodor J. Holmberg

Teodor J. Holmberg
Attorney for Defendant
CAMBRIDGE RESEARCH & INSTRUMENTATION, INC.
e-mail: tidge@cplplaw.com