# EXHIBIT D

PATENT
Docket No. 312762002700

---

**CERTIFICATE OF MAILING BY "FIRST CLASS MAIL"**

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Mail Stop AF, Commissioner for Patents, P. O. Box 1450, Alexandria, VA 22313, on May 15, 2003.

Jami M. Procopio
Tami M. Procopio

---

OK to enter
CR
7/9/03

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

#16/B
Luta
6/3/03

| | |
|---|---|
| In the application of: | Examiner: Celine X. Qian, Ph.D. |
| Meng YANG and Eugene BARANOV | Group Art Unit: 1636 |
| Serial No.: 09/812,710 | **EXPEDITED PROCEDURE -- EXAMINING GROUP 1636** |
| Filing Date: 19 March 2001 | |
| For: WHOLE-BODY OPTICAL IMAGING OF GENE EXPRESSION AND USES THEREOF | |

**RECEIVED**
MAY 2 2 2003
TECH CENTER 1600/2900

**AMENDMENT UNDER 37 C.F.R. § 1.116**

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

This is in response to a final Office action herein mailed 18 December 2002, time for response to which was set to expire 18 March 2003. A petition for an extension of time of two (2) months until 18 May 2003 is attached hereto, along with the required fee.

Applicants greatly appreciate the thoughtfulness and consideration extended their undersigned representative in an interview concerning this case on 28 April 2003. Examiners Qian and Falk were most helpful. It is appreciated that modification of the claims as proposed below is believed dispositive of the rejection over the art. The additional data

sd-127177

## REMARKS

The claims have been amended in part for clarity. While "a cell" was previously referred to, it is believed understood that administering would not be of a single isolated cell, but rather of a multiplicity of cells. For example, delivering cells to an animal via a surgical procedure would clearly involve more than a single cell. It has never been the intent of applicants to claim an invention wherein only a single cell was administered, and the amendment to claims 1, 6 and 7 merely clarify this.

Claim 1 has also been amended to clarify that the fluorophore is as defined in the specification on page 9, lines 12-16. This definition of fluorophore has been imported *in haec verba* into the claims. The scope of the claims has not been changed by this amendment since fluorophore had already been specifically defined in the specification at the location noted. Therefore, no new issues are raised with respect to these amendments. Entry of these clarifying amendments is therefore respectfully requested.

An additional amendment, also really a clarifying one, was discussed at the interview and it is believed this amendment clearly distinguishes the art cited under 35 U.S.C. § 102(a) - a paper by Yang, *et al*. This clarifying amendment makes clear that the promoter included in the expression system is that associated with a gene that is endogenous to the animal rather than an artificially employed promoter such as a viral promoter. This clarification required additional claim rewording as what was really intended as the object of study is the ability of a promoter, which is associated with an endogenous gene, to promote the expression of the nucleotide sequence normally associated with it, using a fluorophore protein as a surrogate. The changes to the preamble and to paragraph (b) are simply to conform the claim to its restriction to the use of a promoter of an endogenous gene.