# EXHIBIT F



Howrey LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
www.howrey.com

James C. Pistorino
Partner
T 650.798.3580
F 650.798.3600
PistorinoJ@howrey.com

August 28, 2007

FILE: 11932.0066.000000

<u>VIA E-MAIL & U.S. MAIL</u>
dlawton@lawtonlaw.com

Daniel A. Lawton, Esq.
LAWTON LAW FIRM
550 West C Street, Suite 1400
San Diego, CA 92101

Re:   *AntiCancer, Inc. v. Cambridge Research & Instrumentation, Inc., et al.*
      U.S.D.C. S.D. Cal. Case No. 3:07-CV-00097-B-RBB

Dear Mr. Lawton:

I am writing to respectfully request that AntiCancer dismiss its Complaint against Merck in the above-referenced matter as the Complaint does not comply with the standard set forth in *Bell Atlantic* and there do not appear to be any facts supporting the Complaint in any event.

The Second Amended Complaint filed by AntiCancer does not allege enough facts so as to demonstrate a plausible entitlement to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

On August 13, 2007, Judge Brewster dismissed AntiCancer's Fourth Amended Complaint in the *AntiCancer v. Xenogen* case for failure to comply with the *Bell Atlantic* standard. (*See* Order dated August 13, 2007 (Dkt. # 227), *AntiCancer Inc. v. Xenogen Corp.*, Civil No. 05-CV-0448-B-AJB.) Judge Brewster held that AntiCancer's bare allegation of direct and indirect infringement failed to demonstrate a plausible entitlement to relief and dismissed AntiCancer's Fourth Amended Complaint. (*See id.* at 6-7.)

The allegations of the Second Amended Complaint in this case are less substantial than those in the *Xenogen* case. The Second Amended Complaint fails to allege enough facts so as to demonstrate a plausible entitlement to relief and, as in the *Xenogen* case, amount to little more than a bare allegation of infringement. With respect to Merck, the Complaint merely alleges:

> 16.   Plaintiff is informed and believes that CRI is actively inducing and/or contributing to infringement of the '523 Patent by others, including without limitation Merck, Novartis, and others.

Daniel A. Lawton, Esq.
August 28, 2007
Page 2

> 25.  Plaintiff is informed and believes that CRI is actively inducing and/or contributing to infringement of the '038 Patent by others, including without limitation Merck, Novartis, and others.
>
> 34.  Plaintiff is informed and believes that CRI is actively inducing and/or contributing to infringement of the '968 Patent by others, including without limitation Merck, Novartis, and others.
>
> 43.  Plaintiff is informed and believes that CRI is actively inducing and/or contributing to infringement of the '384 Patent by others, including without limitation Merck, Novartis, and others.
>
> 52.  Plaintiff is informed and believes that CRI is actively inducing and/or contributing to infringement of the '159 Patent by others, including without limitation Merck, Novartis, and others.

No facts are set forth in the Complaint about actual direct infringement by Merck to demonstrate a plausible entitlement to relief.

During the Rule 26(f) discovery planning conference, I repeatedly asked you what facts, if any, led AntiCancer to believe that Merck infringed any claim of the asserted patents. You refused to provide that information.

As I also informed you, at this time, it does not appear that there is any information to suggest that Merck has ever undertaken any activity which could reasonably be accused of infringement. During prosecution of the patents-in-suit, AntiCancer repeatedly argued and represented to the Patent and Trademark Office that luciferase was irrelevant to the alleged inventions. As I informed you, my information is that the Maestro machine at Merck was only installed in February of this year and has been used exclusively for work related to luciferase. Merck's work with luciferase is clearly beyond the scope of the claims.

In light of the above, Merck wonders how, and whether, AntiCancer construed and compared each element of at least one claim of each asserted patent to activity allegedly undertaken by Merck as it was required to do before filing the Complaint. *See Judin v. U.S.*, 110 F.3d 780, (Fed. Cir. 1997).

Please let me know by Friday, August 31, whether AntiCancer will dismiss its Complaint against Merck or amend the Complaint to allege facts that comply with the *Bell Atlantic* standard.

**HOWREY** LLP

Daniel A. Lawton, Esq.
August 28, 2007
Page 3

Please do not hesitate to me at (650) 798-3580 if you wish to discuss this matter further.

Sincerely,

*[signature]*

James C. Pistorino

JCP:lmh

DM_US:20653759_1