# EXHIBIT G



Howrey LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
www.howrey.com

**James C. Pistorino**
Partner
T 650.798.3580
F 650.798.3600
PistorinoJ@howrey.com

October 29, 2007

FILE: 11932.0066.000000

<u>VIA E-MAIL & U.S. MAIL</u>
**dlawton@lawtonlaw.com**

Daniel A. Lawton, Esq.
LAWTON LAW FIRM
550 West C Street, Suite 1400
San Diego, CA  92101

Re:     *AntiCancer, Inc. v. Cambridge Research & Instrumentation, Inc., et al.*
        U.S.D.C. S.D. Cal. Case No. 3:07-CV-00097-JLS-RBB

Dear Mr. Lawton:

I am writing in regard to AntiCancer's Preliminary Infringement Contentions.  As you know, the Court's October 3, 2007 Order ("Order") required AntiCancer to serve its contentions no later than October 15, 2007.  Anticancer did not serve contentions on that date.  Instead, on October 17, AntiCancer sent by regular mail contentions that plainly failed to comply with the Court's Order.

Just some of the failures to comply include:

**(1)     Failure to provide the information required by ¶ 2(c) of the Order:**

Rather than identifying where each element of each asserted claim is found in the Accused Instrumentality of any of the defendants, AntiCancer almost exclusively cites its own publications.  Simply as an example, Claim 1 of the '159 patent requires, *inter alia*, "cells containing a nucleic acid encoding a flourophore operatively linked to the promoter of [an] endogenous gene."  AntiCancer's contentions fail to identify such cells, the flourophore, the promoter, the endogenous gene, or any activity by any of the defendants that corresponds to this or any other claim element.

In addition, the Order required AntiCancer to serve separate charts for each defendant and AntiCancer did not do that.  Indeed, Merck is not mentioned at all and no activity, etc. by Merck is identified in the charts.  Pursuant to ¶ 11 of the Order, AntiCancer's Preliminary Contentions are its Final Contentions and Merck will be treating them as such.

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON  LOS ANGELES
MUNICH  NEW YORK  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

**HOWREY** LLP

Daniel A. Lawton, Esq.
October 29, 2007
Page 2

### (2)    Failure to provide the information required by ¶ 2(e) of the Order:

Pursuant to the Order, AntiCancer was required to provide alleged priority dates on a claim-by-claim basis for each asserted claim.  No such identification was provided for the '384 or '038 patents.  Accordingly, for the asserted claims of the '384 and '038 patents, Merck will treat the priority date as the filing date of the applications that resulted in the '384 and '038 patents (January 7, 1999 and May 29, 2001, respectively).

### (3)    Failure to provide the information required by ¶ 2(f) of the Order:

Pursuant to the Order, for each asserted claim, AntiCancer was required to identify each apparatus, product, device, process, method, act, or other instrumentality that practices the asserted claim.  No such identification was made.  Instead, AntiCancer vaguely asserted that unidentified activity by AntiCancer "practices at least one or more elements of claims" of the asserted patents.  No identification of the activity itself, the elements allegedly practiced, or the corresponding claims is provided.  Accordingly, Merck will resist any effort by AntiCancer to claim that it practices the asserted claims.

### (4)    Failure to provide the documents required by ¶¶ 3(a), (b), and (c ) of the Order:

Pursuant to ¶ 3(a) of the Order, AntiCancer was required to provide copies of all documents relevant to disclosure, sale, etc. of the alleged inventions prior to the date of the application for the patents-in-suit.  The respective dates are as follows:

| | |
|---|---|
| '523 patent: | April 28, 1997 |
| '968 patent: | April 28, 1998 |
| '384 patent: | January 1, 1999 |
| '038 patent: | May 29, 2001 |
| '159 patent: | March 19, 2001 |

In addition, ¶ 3(b) of the Order required AntiCancer to provide copies of all documents regarding alleged conception, reduction to practice, design, and development prior to the application filing date of the patents-in-suit or the date of asserted priority.  Paragraph 3(c) required AntiCancer to provide copies of the file histories.

No documents have been produced by AntiCancer to date.  In the cover letter attached to the Contentions, Anticancer asserted that it was not complying with the Court's Order regarding

**HOWREY** LLP

Daniel A. Lawton, Esq.
October 29, 2007
Page 3


production (including the presumably publicly available file histories) until all the parties had signed a Protective Order.

There is simply no basis for AntiCancer's refusal to comply with the Court's Order. To the extent that AntiCancer has confidentiality concerns until a tailored Protective Order is in place, those are addressed by P.L.R. 2.2 which provides for confidential designations (including "outside counsel eyes only") until a tailored Protective Order is in place. Further, the delay in getting a tailored Protective Order in place is of AntiCancer's own making. I understand that a draft Protective Order was forwarded by Novartis' counsel on October 5, 2007. As no response from AntiCancer was received, a reminder was sent on October 15, 2007, and it is my understanding that there has been no further communication from AntiCancer.

AntiCancer's failure to comply with the Court's Order regarding document production is prejudicing the defendants' ability to prepare their Invalidity Contentions. In particular, without the documents required by ¶¶ 3(a) and (b), the defendants cannot know what is and is not prior art, identify statutory bars, etc. Please produce the documents required by the Court's Order without further delay. In the event that the documents are not received by Wednesday, October 31, 2007, please let me know what time you are available for a meet and confer on that date.

Finally, attached please find a FED. R. CIV. P. 30(b)(6) deposition notice for AntiCancer. I have provided a proposed date in the notice. I would like to conduct the deposition in the next few weeks, so if the proposed date is unacceptable, please offer an alternative in that time frame.

Sincerely,

James C. Pistorino

JCP:lmh
Encl.

cc:     (w/ encl, via e-mail)
        Martin B. Pavane, Esq.
        Karen S. Crawford, Esq.