# EXHIBIT P

```
 1              THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF CALIFORNIA
 2

 3            HONORABLE JANIS L. SAMMARTINO
          UNITED STATES DISTRICT JUDGE PRESIDING
 4     ----------------------------------------------------

 5
       ANTICANCER, INC., A CALIFORNIA  )
 6     CORPORATION,                    )
                                       )
 7                   PLAINTIFF,        )
                                       )
 8     VS.                             )  NO. 07-CR-0097-JLS
                                       )
 9     CAMBRIDGE RESEARCH &            )
       INSTRUMENTATION, INC.; MERCK &  )
10     CO., INC.; NOVARTIS INSTITUTES  )
       FOR BIOMEDICAL RESEARCH, INC.,  )
11                                     )
                     DEFENDANTS.       )
12
       ----------------------------------------------------
13

14                      MOTION HEARING

15     ----------------------------------------------------

16

17
                REPORTER'S TRANSCRIPT OF PROCEEDINGS
18                       MAY 8, 2008
                      SAN DIEGO, CALIFORNIA
19

20

21

22              GAYLE WAKEFIELD, RPR, CRR
                  OFFICIAL COURT REPORTER
23                UNITED STATES COURTHOUSE
               940 FRONT STREET, ROOM 3142
24           SAN DIEGO, CALIFORNIA  92101-8900
                    PH:  619-239-0652
25                 GAYLE5@SBCGLOBAL.NET
```

1

```
 1          MR. HANKINS:  I APPRECIATE IT.
 2          THE COURT:  -- AT THAT POINT.  OF COURSE.
 3          MR. HANKINS:  THANK YOU.
 4          MR. LAWTON:  SINCE THE TENTATIVE IS AGAINST ME --
 5          THE COURT:  YOU GET THE LAST WORD, MR. LAWTON.
 6          MR. LAWTON:  I SO APPRECIATE THAT.
 7          THE COURT:  YOU'RE QUITE WELCOME.
 8          MR. LAWTON:  THANK YOU, VERY MUCH.
 9          ONCE AGAIN, IN ORDER, MR. PISTORINO REMINDS US OF THE
10   CELOTEX CASE, AND I THINK WE'RE ALL AWARE OF WHAT THAT CASE IS,
11   BUT THERE'S ANOTHER CASE THAT'S PERTINENT IN THIS CONTEXT AS
12   WELL AND IT'S A CASE DECIDED BY THIS COURT, THE TYPERIGHT CASE,
13   INVOLVING A SIMILAR MOTION, A MOTION FOR SUMMARY JUDGMENT OF
14   NON-INFRINGEMENT.  IN THAT CASE, THE COURT WAS CAREFUL TO SAY,
15   IN JUDGE GONZALEZ' DECISION, "SUMMARY JUDGMENT OF
16   NON-INFRINGEMENT IS APPROPRIATE WHERE A PLAINTIFF FAILS TO
17   OFFER EVIDENCE CREATING A GENUINE ISSUE OF TRIABLE FACT -- OF
18   MATERIAL FACT," PARDON ME.
19          WE HAVE OFFERED A LOT OF EVIDENCE, AND IT'S EVIDENCE
20   THAT THEY DON'T WANT TO, AGAIN, ADDRESS.  I HEARD IT ADDRESSED
21   A LITTLE BIT IN SOME OF THE COMMENTS.  I'LL GET TO THAT
22   QUICKLY.
23          MR. PISTORINO IS CORRECT WHEN HE SAYS THERE WAS ANOTHER
24   CASE THAT WAS PENDING IN WHICH MS. DEFEO-JONES AND DR. BEDNAR
25   WERE DEPOSED; HOWEVER, MERCK WAS NOT A PARTY TO THAT CASE, AND
```

```
 1    AT THAT TIME THERE WERE NO DISPUTES EXTANT BETWEEN MERCK AND
 2    ANTICANCER.  THERE WAS A STATE COURT CASE.  MERCK RECEIVED A
 3    THIRD-PARTY SUBPOENA -- OR THESE TWO WITNESSES, RATHER,
 4    RECEIVED THIRD-PARTY SUBPOENAS, AND THE FOCUS OF THOSE
 5    DEPOSITIONS WAS NOT ON MERCK AND WHAT IT WAS NECESSARILY DOING
 6    TO INFRINGE BUT IT WAS WHETHER MERCK WAS USING AN ACCUSED
 7    DEVICE IN ANOTHER CASE THAT'S MANUFACTURED BY ANOTHER PARTY
 8    WITH WHOM WE SETTLED, WITH THE HELP OF JUDGE BATTAGLIA, A
 9    COUPLE OF YEARS AGO, THE IVIS MACHINE MANUFACTURED BY XENOGEN.
10    THIS IS A DIFFERENT SITUATION.  SO MR. PISTORINO'S CORRECT,
11    THOSE WITNESSES WERE DEPOSED.  THEY CERTAINLY WEREN'T DEPOSED
12    IN THIS CASE, AND MERCK HAS RESISTED THEIR BEING DEPOSED IN
13    THIS CASE.
14            THEY LIKE TO FOCUS ON THE WORD "IMPLICATES."  THEY SAY
15    IT'S NOT ENOUGH FOR ANTICANCER TO SAY CERTAIN METHODS IMPLICATE
16    OUR PATENTS.  I DON'T THINK IT'S FAIR TO SUGGEST TO THE COURT
17    THAT ALL WE'VE DONE IS TO SAY THEIR ACTIVITIES IMPLICATE OUR
18    PATENTS.
19            THE HOFFMAN DECLARATION, WHICH IS BEFORE THE COURT, AND
20    DR. HOFFMAN'S CREDENTIALS ACCOMPANY HIS DECLARATION ON HIS
21    CV -- I MEAN, HE REALLY IS AN EXPERT IN THIS FIELD -- PROVE
22    INFRINGEMENT.  NO ONE KNOWS THOSE PATENT CLAIMS BETTER THAN HE
23    DOES.  SO TO FOCUS ON THE WORD "IMPLICATES" WE THINK IS UNFAIR.
24            MS. CRAWFORD SAYS, "WE'VE GOT THE LAW OF THE CASE.
25    WE'VE GOT RULINGS THAT ARE LAW OF THE CASE."  I SAW THAT TERM
```

1   IN HER PAPERS.  I HEARD THE TERM IN COURTROOM 6 THIS AFTERNOON,
2   AND WE DON'T HAVE LAW OF THE CASE.  THAT IS NOT A LEGALLY
3   CORRECT THING TO SAY ABOUT THE JANUARY 31 RULING OF JUDGE
4   BROOKS OR THE APRIL 14 RULING OF YOUR HONOR.
5           LAW OF THE CASE IS A DECISION OF AN APPELLATE TRIBUNAL
6   THAT IS BINDING ON FURTHER PROCEEDINGS IN THE TRIAL COURT OR IN
7   A LATER SECOND APPEAL, AND WE DON'T HAVE ANY LAW OF THE CASE IN
8   THIS CASE.  IF MS. CRAWFORD WAS CORRECT, THEN WE WOULDN'T HAVE
9   ALL THIS LAW SAYING THE COURT HAS INHERENT POWER TO MODIFY OR
10  REVERSE INTERLOCUTORY RULINGS AT ANY TIME PRIOR TO FINAL
11  JUDGMENT, SO WE DO NOT HAVE LAW OF THE CASE IN THIS CASE.
12          SMOKE AND MIRRORS, WE'RE TOLD IT'S ALL SMOKE AND
13  MIRRORS, THE KRUCKER DISPOSITION NEEDS TO BE READ CLOSELY
14  BECAUSE IT ADMITS, CANDIDLY, THAT THEY USED THE MAESTRO MACHINE
15  TO DO GFP-BASED IMAGING OF TUMOR CELLS IN LABORATORY ANIMALS.
16  THAT IS SOMETHING THAT THEY COULD NOT BE DOING WITHOUT
17  INFRINGING OUR PATENTS, AND THE HOFFMAN DECLARATION SAYS THAT.
18  AND INDEPENDENT OF WHO GENE LIAU WORKED FOR OR WHO HE TOLD DR.
19  HOFFMAN HE WORKED FOR, AND WHO DR. SUN WORKED FOR OR WHO HE
20  TOLD DR. HOFFMAN HE WORKED FOR, WE ALL KNOW, INDISPUTABLY, WHO
21  DR. KRUCKER WORKED FOR AND WORKS FOR, AND THAT'S NIBRI.
22          MR. HANKINS TALKS ABOUT SUPPOSED DEFICIENCIES IN THE
23  CLAIMS.  THERE'S NO CASE THAT SAYS THAT INADEQUATE CONTENTIONS
24  OR CONTENTIONS THAT DON'T OFFER ENOUGH DETAIL SUFFICE TO
25  JUSTIFY SUMMARY JUDGMENT.  THERE IS NO SUCH CASE.  THEY SAY,