# EXHIBIT Q

```
 1                 UNITED STATES DISTRICT COURT
 2                SOUTHERN DISTRICT OF CALIFORNIA
 3
 4  ANTICANCER, INC.,              )  Case No. 07CV0097-JLS
                                   )
 5              Plaintiff,         )  San Diego, California
                                   )
 6  vs.                            )  Monday,
                                   )  January 14, 2008
 7  CAMBRIDGE RESEARCH &           )  10:00 a.m.
    INSTRUMENTATION, INC., et al.,)
 8                                 )
                Defendants.        )
 9  _____)

10
                    TRANSCRIPT OF PROCEEDINGS
11           BEFORE THE HONORABLE RUBEN B. BROOKS
                UNITED STATES MAGISTRATE JUDGE
12
    APPEARANCES:
13
    For the Plaintiff:         DANIEL A. LAWTON, ESQ.
14                             MATT VALENTI, ESQ.
                               550 West C Street, Suite 1400
15                             San Diego, California 92101
                               (619) 595-1775
16
    For Defendant Cambridge:   TEODOR J. HOLMBERG, ESQ.
17                             ALLISON H. GODDARD, ESQ.
                               Jaczko Goddard, LLP
18                             4401 Eastgate Mall
                               San Diego, California 92121
19                             (858) 550-6150

20  For Defendant Nibray:      KAREN SHICHMAN CRAWFORD, ESQ.
                               Duane Morris, LLP
21                             101 West Broadway, Suite 900
                               San Diego, California 92101
22                             (619) 744-2200

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

*Echo Reporting, Inc.*

9

conversations with Plaintiff's counsel, that is, prior to November 6th.

Turning to the Defendant Nibray, this Defendant did not file its answer to the complaint until November 14 of 2007 because it was litigating jurisdiction up until that time. The Plaintiff provided Nibray with the proposed amended infringement contentions on November 20, less than one week after this Defendant answered the complaint. Given the fact that Nibray was never served with the initial contentions, the short period within which it was a party to this lawsuit before the proposed contentions were served, prejudice to this Defendant is minimal.

Turning to the third Defendant, Cambridge, Cambridge does not argue that it will be prejudiced by the proposed filing. Indeed, the proposed amended contention as to Cambridge appears to be a modest amendment that does not significantly change the theory of infringement as to that Defendant.

The Defendant Nibray also argues that Doctor Lao's deposition transcript could not be used by the Plaintiff in alleging acts of infringement. It argues that the deposition transcript is part of a state action and was subject to a stipulated protective order limiting use of the transcript to that litigation. Nevertheless, the information submitted by the Plaintiff convinces this Court

10

that a protective order was never entered into in the state court action, and it does not appear that this Defendant and the Plaintiff are parties to such an order. As a result, there is nothing that would preclude the Plaintiff from using deposition testimony of Dr. Lao.

The last argument the Court will consider is the argument raised by Cambridge that the parties have not adequately met and conferred. After reviewing the declaration submitted by the parties, the Court finds the meet and confer efforts by Plaintiff and Defendants to be sufficient to satisfy the local rules.

As a result, the Court finds that the Plaintiff has not shown good cause for permitting it amend the infringement contentions. It is not established why the infringement contentions could not have been properly stated on October 17th when they were initially filed, and the Court finds that no Defendant would be prejudiced if the amendment were permitted. But, the absence of good cause precludes granting the Plaintiff's motion.

Those are my tentative thoughts. If counsel would like to address them, you may.

MR. LAWTON: There is no case that rejects proposed amendment of infringement contentions at a stage so early as this case is, vis-a-vis, the claim construction hearing. This would be the first case decided of which I