# EXHIBIT R

1          UNITED STATES DISTRICT COURT

2         SOUTHERN DISTRICT OF CALIFORNIA

3

4  ANTICANCER, INC.,              )   Case No. 07CV0097-JLS(RBB)
                                  )
5          Plaintiff,             )   San Diego, California
                                  )
6      vs.                        )
                                  )   Thursday,
7                                 )   January 31, 2008
   CAMBRIDGE RESEARCH &           )
8  INSTRUMENTATION, INC., et al.,)
                                  )
9          Defendants.            )
                                  )
10 ─────────────────────────────

11            TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE RUBEN B. BROOKS
12          UNITED STATES MAGISTRATE JUDGE

13 APPEARANCES:

14 For the Plaintiff:        DANIEL LAWTON, ESQ.
                             Lawton Law Firm
15                           555 West C Street, Suite 1400
                             San Diego, California 92101
16                           (619) 595-1775

17
   For Defendant Cambridge:  ALLISON GODDARD, ESQ.
18                           TEODOR J. HOLMBERG, ESQ.
                             Jaczko & Goddard, LLP
19                           4401 Eastgate Mall
                             San Diego, California 92121
20                           (858) 550-6150

21
   For Defendant Novartis    JOHN COOLEY, ESQ.
22   Institutes:             Duane Morris, LLP
                             101 West Broadway, Suite 900
23                           San Diego, California 92101
                             (619) 744-2200

24
   Proceedings recorded by electronic sound recording;
25 transcript produced by transcription service.

*Echo Reporting, Inc.*

17

1  motion.  Softvault could have asserted the earlier priority

2  date at the outset of this suit, but did not, either by

3  choice or through a lack of diligence, allowing Softvault to

4  assert an earlier priority date at this time with prejudice

5  to Microsoft by forcing Microsoft to incur additional

6  expense in reassessing its invalidity analyses based on an

7  earlier priority date.  Microsoft would also likely lose the

8  ability to use references that are prior art under the

9  currently asserted priority date.

10        The final factor, the availability of continuance

11 to avoid any prejudice, weighs against granting the motion.

12 Granting a continuance would allow Microsoft time to

13 reassess its invalidity contentions.  However, a continuance

14 would not cure prejudice to Microsoft arising from a narrow

15 body of prior art.  Softvault had access to the earlier

16 application before filing suit and has not shown good cause

17 to alter the asserted patent's priority date.

18        According to Novartis Institutes, changing the

19 priority dates would prejudice all the Defendants forcing

20 them to occur additional expense in reassessing their

21 validity analyses based on earlier priority dates, and the

22 Defendants would lose the ability to use references that are

23 prior art under the May 29, 2001 and January 7, 1999

24 priority dates.

25        While I'm on the subject of Novartis Institutes, I

18

1 feel the need to discuss one additional point.  The scope of

2 this continued hearing is narrow.  Nevertheless, Novartis

3 again asserts that the protective order in effect and what

4 it refers to as Anticancer One prohibits the use of

5 Dr. Leau's deposition testimony here.  At the last hearing,

6 the Court was not convinced that this was the case.  I did

7 not ask for supplemental briefing on this point.

8          In spite of the additional argument that Novartis

9 raises, the Court remains unconvinced.  Finally, it does not

10 matter.  Even if the prior protective order should preclude

11 Anticancer from making reference to Dr. Leau's testimony

12 here, Novartis's remedy is to bring the claim violation of

13 the protective order to the attention of the state court

14 judge presiding over Anticancer One, or who presided over

15 Anticancer One.

16          Returning to a discussion of prejudice, Defendant

17 Cambridge does not strenuously argue that it will be

18 prejudiced.  It has, however, joined in Merck's argument.

19 Nevertheless, the Court concludes that any prejudice these

20 three Defendants would suffer from the filing of amended

21 infringement contentions is modest and curable.  The time

22 and expense incurred by the Defendants in relying on later

23 priority dates can be cured by shifting expenses they

24 incurred to the Plaintiff.  The passage of time can be cured

25 by allowing the Defendants an opportunity to file amended