# EXHIBIT T

# LAWTON LAW FIRM

EMERALD PLAZA
400 WEST BROADWAY
SUITE 1800
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 595-1771
TELEFACSIMILE (619) 595-1520
www.lawtonlaw.com

**DAN LAWTON**
DIRECT DIAL (619) 595-1406
INTERNET E-MAIL
dlawton@lawtonlaw.com

**JOSEPH C. KRACHT**
DIRECT DIAL (619) 595-1818
DIRECT FAX (619) 595-9744
INTERNET E-MAIL
jkracht@lawtonlaw.com

**MATT VALENTI**
DIRECT DIAL (619) 595-1775
DIRECT FAX (619) 595-7964
INTERNET E-MAIL
mvalenti@lawtonlaw.com

**LISA MARIE LAWTON**
DIRECT DIAL (619) 595-1403
DIRECT FAX (619) 595-7964
INTERNET E-MAIL
lisa@lawtonlaw.com

October 23, 2008

## VIA FACSIMILE ONLY

James C. Pistorino. Esq.
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303

> Re:   ***AntiCancer, Inc. v. Cambridge Research & Instrumentation, Inc.***
>         U.S.D.C. (Southern District) Case No. 3:07-CV-00097-JLS-RBB

James:

We have spent some time reviewing your section 285 motion, whereby your client seeks (at last count) some $825,000.00 in attorneys' fees against AntiCancer, Inc.

The critical threshold issue on this motion is whether Merck is the prevailing party. About this, your brief says: "Clearly, Merck was the prevailing party." In support of this conclusion, your brief cites no case but instead the Moore's treatise for the rule that "a defendant is the prevailing party if the plaintiff obtains no relief whatsoever from the litigation."

What your brief omits is the very next sentence in the Moore's treatise: "If the case is litigated to **judgment on the merits in favor of the defendant**, the defendant is the prevailing party."

There is not now (nor will there be) any judgment on the merits in favor of Merck in this case. This is so based on the Court's own order granting summary judgment, wherein the Court explicitly said it has not "analyze[d] the evidence that AntiCancer submitted an opposition to [the summary judgment] motion."

The 14 day time limit for attorneys' fees motions applicable to section 285 motions runs from entry of judgment. There has been no entry of judgment. If Rule 54

LAWTON LAW FIRM

James C. Pistorino, Esq.
October 23, 2008
Page 2

allows the early filing of a section 285 motion (i.e., before entry of judgment), then
Merck, by its conduct, has admitted that there is not a judgment. Case law and the other
authority cited in your motion, however, require entry of a judgment.

     Whatever thoughts you have concerning this matter would be appreciated.

     In the meantime, however, and based on our analysis to date, it appears that your
section 285 motion is lacking in merit.

     In the end, should it be determined that your section 285 motion is (as we suspect)
frivolous at the threshold, it appears there is strong basis for supposing it has been
presented for the improper purposes of harassment and needless increase in the cost of
litigation within the meaning of Rule 11. If those things are true, then we will analyze the
remedies that are available to our client arising from your signature on the section 285
motion, including without limitation a motion for sanctions against you personally and the
Howrey firm under Rule 11.

     Thank you for your kind attention to this matter.

     Yours very truly,

     Dan Lawton

DL:ek

cc:    Dr. Robert M. Hoffman, Ph.D. (via facsimile)
       Matt Valenti, Esq.