# EXHIBIT U



Howrey LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
www.howrey.com

James C. Pistorino
Partner
T 650.798.3580
F 650.798.3600
PistorinoJ@howrey.com

November 2, 2008

FILE: 11932.0066.000000

**VIA E-MAIL**
dlawton@lawtonlaw.com

Dan Lawton, Esq.
LAWTON LAW FIRM
550 West C Street, Suite 1400
San Diego, CA 92101

Re:   *AntiCancer, Inc. v. Cambridge Research & Instrumentation, Inc., et al.*
U.S.D.C. S.D. Cal. Case No. 3:07-CV-00097-JAH-RBB

Dear Mr. Lawton:

I am writing in response to your two letters of October 23, 2008. In the first, you suggest that we meet to discuss the toxic relationship between counsel. In the second, sent three hours later, you refer to a "motion for sanctions against [me] personally and the Howrey firm under Rule 11" based on AntiCancer's view that, though the Court has already granted summary judgment of non-infringement, that does not represent a judgment on the merits, that Merck is not the "prevailing party", and that Merck's exceptional case motion is frivolous.

With respect to your second letter, respectfully, AntiCancer is not correct. The Court's grant of summary judgment is a decision on the merits and the Court found that there were none to AntiCancer's claims of infringement. The Court did not consider the "evidence" that AntiCancer sought to offer because it was inadmissible. In light of the lack of evidence, the Court found that there was no merit to AntiCancer's claims and issued its summary judgment decision. Indeed, speaking more generally, "prevailing party" status is not dependent on a decision on the merits. All that is necessary is that there is a material alteration of the legal relationship of the parties that is judicially sanctioned. *See Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Resources*, 532 U.S. 598, 604-06 (2001).

Likewise, AntiCancer's claim that Merck's exceptional case motion is premature and frivolous is also incorrect. Federal Rule of Civil Procedure 54(d)(2)(B)(i) sets a deadline of 14 days from the entry of judgment for filing an attorneys fees motion but does not preclude filing such a motion before entry of judgment. Indeed, the comments to the Rule specifically contemplate fee motions prior to the entry of judgment. *See* Advisory Committee Notes to 1993 Amendments ("The rule does not affect this practice, as it permits the court to require submissions of fee claims in advance of entry of judgment."). *See also* 10 Moore's Federal Practice § 54.151[1]; *Koch v. U.S. Dept. of Interior*, 47 F.3d 1015, 1021 (10th Cir. 1995) (holding that party can seek

AMSTERDAM   BRUSSELS   CHICAGO   EAST PALO ALTO   HOUSTON   IRVINE   LONDON   LOS ANGELES
MUNICH   NEW YORK   NORTHERN VIRGINIA   PARIS   SALT LAKE CITY   SAN FRANCISCO   TAIPEI   WASHINGTON, DC

DM_US:20441279_1

**HOWREY** LLP

Dan Lawton, Esq.
November 2, 2008
Page 2

fees before entry of final judgment). Moreover, if it thought necessary, the Court could elect to treat Merck's motion as an interim fee request and proceed accordingly. *See* 10 Moore's Federal Practice § 54.151[2][e].

Finally, of course, pending before the Court is Merck's unopposed motion to dismiss and sever wherein Merck has indicated that it will seek entry of judgment once its pending motions are decided. Thus, at worst, the Court could dismiss Merck's counterclaims, sever Merck from CRI, enter final judgment in favor of Merck, and decide the attorney's fees motions at the same time.

With the complete denial of all of AntiCancer's claims and the granting of at least some of Merck's claims, Merck has achieved "prevailing party" status and there is no sound reason to delay addressing the attorney's fees issue. Indeed, in light of the fact that Merck's FED.R.CIV.P. 11 motion addresses some of the same conduct, it would be more efficient for the Court to take up both motions at the same time as Merck has proposed. The alternative would be to have the court consider attorney's fees motions serially and that would be wasteful.

In light of the procedural posture of this case, Merck believes that its motion fully complies with all the applicable Rules. Accordingly, AntiCancer's threat of a motion for sanctions does not appear well founded.

With regard to your suggestion that we meet to discuss the toxic relationship between counsel, experience indicates that would not be productive. That view was confirmed when your letter suggesting such a meeting was followed within three hours by a letter threatening a motion for sanctions on grounds that do not appear to be meritorious.

Sincerely,

James C. Pistorino

JCP:lmh
Encl.

DM_US:20441279_1