

JACZKO GODDARD LLP
ATTORNEYS AT LAW



FILED
APR 6 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

4401 Eastgate Mall
San Diego, CA 92121
858.404.9205 phone
858.225.3500 fax

ALLISON H. GODDARD
858.404.9207 direct
agoddard@jaczkogoddard.com

April 6, 2010

VIA ELECTRONIC MAIL

The Honorable Ruben B. Brooks
United States District Court
for the Southern District of California
940 Front Street
San Diego, CA 92101
efile_brooks@casd.uscourts.gov

Re:   *Anticancer, Inc. v. Cambridge Research & Instrumentation*
      07cv0097 JLS (RBB)

Your Honor:

We are counsel for defendant and counterclaimant Cambridge Research & Instrumentation, Inc. ("CRI"). We write to advise the Court of certain discovery disputes between the parties pursuant to the Court's Order dated April 1, 2010.

CRI respectfully requests that this Court issue an Order:

1. Directing plaintiff AntiCancer, Inc. ("AntiCancer") to make inventor Takashi Chishima available for two days of deposition when he is the United States in May 2010;

2. Directing AntiCancer to supplement its responses to CRI's Interrogatory Nos. 8-10; and

3. Directing AntiCancer to remove the "Attorneys-Eyes' Only" confidentiality restriction from the deposition transcript of inventor Meng Yang.

### Chishima Deposition

Dr. Takashi Chishima is a named inventor of two of the patents-in-suit. Dr. Chishima has signed an agreement with AntiCancer that obligates him to "sign all papers and documents, take all lawful oaths, *and do all other acts necessary or required* to be done for the procurement, maintenance, *enforcement and defense of*" these patents.

The Honorable Ruben B. Brooks
April 6, 2010
Page Two

After the February 22, 2010 discovery teleconference with the Court, the parties agreed that AntiCancer would produce Dr. Chishima for a deposition in San Diego, and CRI would pay for Dr. Chishima's airfare and lodging. Dr. Chishima will require a Japanese interpreter at the deposition. AntiCancer has unequivocally stated that Dr. Chishima's "final (and firm)" travel itinerary must have him depart Japan on May 4 and return to Japan on May 9. (See attached email from AntiCancer's in-house counsel.)

The dispute between the parties is whether AntiCancer will make Dr. Chishima available for two days of deposition while he is in the United States, considering he requires an interpreter at the deposition. CRI has requested that AntiCancer make Dr. Chishima available for deposition on May 6 and 8 (the deposition of AntiCancer's CEO, Dr. Robert Hoffman, is scheduled for May 7). There is no dispute that Dr. Chishima is available to be in San Diego both days.

This Court has authority to modify the time limits of a deposition pursuant to Fed. R. Civ. P. 30(d)(1), which states that "[t]he Court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent." Because Dr. Chishima will require a Japanese interpreter for the deposition, it is almost certain that the deposition will require two days. Using an interpreter slows down the question and answer process significantly, and CRI does not believe it will have a fair opportunity to complete its questioning in one day. As an inventor of two of the patents-in-suit, Dr. Chishima's testimony is critical. Moreover, given that he is a resident of Japan, this trip (which is being funded by CRI) is CRI's only opportunity to obtain a meaningful deposition of Dr. Chishima.

AntiCancer contends that Dr. Chishima cannot begin his deposition on May 6 because it will not allow him adequate time to recover from traveling from Japan two days earlier on May 4. CRI does not believe this objection has any merit, particularly since AntiCancer previously approved a different itinerary that would have Dr. Chishima arrive on May 6 for a May 8 deposition.[1] Moreover, if AntiCancer's concern is recovery time, CRI is willing to depose Dr. Hoffman on May 6, then begin Dr. Chishima's deposition on May 7, which will allow an additional day of recovery time.

For these reasons, CRI asks that the Court order that AntiCancer make Dr. Chishima available for two days of deposition between May 4 and 9, 2010.

---

[1] After CRI had booked a plane ticket for this previous itinerary with travel dates from May 6-10, which AntiCancer approved, AntiCancer changed the "final (and firm)" dates for Dr. Chishima's travel to May 4 through 9. CRI remains willing to depose Dr. Chishima on May 8 and 9, if Dr. Chishima is available to stay in the United States until May 10.

## AntiCancer's Responses to Interrogatory Nos. 8-10

CRI's Interrogatory Nos. 8-10 seek information from AntiCancer regarding 1) the level of ordinary skill in the art; and 2) the dates that AntiCancer first performed the methods described in Claim 1 of the '159 patent. CRI requests that the Court compel AntiCancer to supplement its responses to these interrogatories because they do not comply with the minimum obligations of Fed. R. Civ. P. 33.

Rule 33(b)(3) requires a party to "fully" respond to each interrogatory. If a party opts to respond to an interrogatory by referring to business records, the party must "[specify] the records that must be reviewed, ***in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could.***" Fed. R. Civ. P. 33(d)(1) (emphasis added).

Interrogatory Nos. 8 and 9 asked AntiCancer to (a) state the level of ordinary skill in the art pertinent to the '384, '038, and /159 patents-in-suit; and (b) identify all facts, circumstances, witness testimony, documents, ESI, and tangible things supporting the level of ordinary skill in the art for these patents.

AntiCancer's response to the first part of these interrogatories is simply that the level of ordinary skill in the art pertinent to these patents is "High (Ph.D. level)." AntiCancer refuses to state any particular field of expertise for the Ph.D. level of skill, or whether/what experience beyond a Ph.D. might be required. These are AntiCancer's patents, describing inventions allegedly conceived by AntiCancer's employees. AntiCancer should be compelled to provide a full identification of the relevant level of skill in the art for its own alleged inventions.

AntiCancer's responses to the second part of these interrogatories merely point to general bodies of documents and information: deposition transcripts of the inventors and patent prosecution counsel; the prosecution histories of the patents; multiple documents produced at or in advance of various depositions; "published articles cited in the patents-in-suit"; and "AntiCancer's previously-served responses to CRI's prior interrogatories, as well as documents appended thereto." These general references to several hundreds of pages of documents do not satisfy AntiCancer's obligations under Rule 33.

Interrogatory No. 10 asked AntiCancer to state the date that AntiCancer first performed the method claimed in Claim 1 of the '159 patent, and describe all documents, ESI, and tangible things describing the first time AntiCancer performed that method.

The Honorable Ruben B. Brooks
April 6, 2010
Page Four

Again, AntiCancer failed to comply with Rule 33(d)'s requirement to provide a specific description of documents in response to this Interrogatory. Instead, AntiCancer's response only identified a vague assortment of documents: "Images from Dr. Baranov's files." AntiCancer recently produced hundreds of images from Dr. Baranov's files, however. In a meet and confer session, AntiCancer's counsel stated that the responsive images were specific images produced at Dr. Baranov's deposition. At a minimum, CRI is entitled to a supplemental response to this Interrogatory identifying those specific images so that there is no confusion in the record as to the relevant images.

### Attorneys-Eyes Only Designation of Entire Transcript of Meng Yang Deposition

Dr. Meng Yang is an inventor of one of the patents-in-suit and an employee of AntiCancer's wholly-owned subsidiary, AntiCancer Beijing. CRI took Dr. Yang's deposition on March 6, 2010. At the deposition, AntiCancer designated the entire transcript from Dr. Yang's deposition as "Attorneys-Eyes Only." Under the Stipulated Protective Order entered in this action [Doc. # 93-2], a party can designate "extremely sensitive" information as "Attorneys-Eyes Only." [*Id.* ¶ 2.] The designating party must justify the designation in any dispute. [*Id.* ¶ 3.]

AntiCancer initially designated the deposition transcripts of other inventors, Dr. Yuying Tan and Dr. Eugene Baranov, as "Attorneys-Eyes Only," then modified these designations after meeting and conferring. Much of the Yang deposition transcript covers the same subject matter, however, as the Tan and Baranov deposition transcripts. Despite this, AntiCancer refuses to explain what parts of Dr. Yang's transcript contain extremely sensitive information that would justify this designation.

An "Attorneys-Eyes Only" designation severely restricts the ability of CRI's counsel to discuss critical information with CRI's executives. AntiCancer has provided no justification for why Dr. Tang's transcript should be so restrictively designated. CRI respectfully requests that the Court order that the "Attorneys-Eyes Only" designation on Dr. Yang's deposition transcript be removed.

Sincerely,

JACZKO GODDARD LLP

Allison H. Goddard

cc:   Counsel for AntiCancer, Inc.

**Allison Goddard**

| | |
|---|---|
| From: | Matt Valenti [mattvalenti@anticancer.com] |
| Sent: | Friday, March 26, 2010 1:30 PM |
| To: | Allison Goddard |
| Cc: | all@anticancer.com |
| Subject: | Chishima itinerary |

Hi Ali,

I left a voicemail for you this morning but thought I'd email to make sure you got the message. Here is the final (and firm) itinerary for Dr. Chishima:

May 4 - leave Japan

May 9 – leave San Diego

Those are the only dates he is available and they cannot be changed. Please confirm that you will make sure his flight arrangements are in accord with those dates, and please forward me the travel details once they've been finalized.

Thanks,

Matt

**Matt Valenti**

Vice President and General Counsel

AntiCancer, Inc.

7917 Ostrow Street

San Diego, CA 92111

Office: 858-654-2555

Mobile: 619-540-2189